**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| -v- | ) ) | Related to Case No. 08 C 2178 |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, | ) ) ) ) ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Hamilton Sundstrand Corporation ("Hamilton Sundstrand") pursuant to 28 U.S.C. §§1369 and 1441(e)(1) hereby removes the state court action entitled *Sumiati, et al. v. Hamilton Sundstrand Corporation*, No. 04-L-13895, and all actions consolidated thereunder (Nos. 04 L 2545, 05 L 121, 05 L 2003, 05 L 3774, 05 L 6485, 05 L 9373, 07 L 806, and 07 L 6556) filed in the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois.

**I.    Introduction.**

The removed state court consolidated actions all arise out of a plane crash involving Garuda Indonesia Flight GA-152 near Medan, Indonesia on September 26, 1997. (See plaintiffs' complaints and amended complaints attached hereto as Exhibit A).[1]  While on final approach to the Medan airport, the plane in which plaintiffs' decedents were passengers descended below its

---

[1] Hamilton Sundstrand has attached all of the complaints, amended complaints, summons and orders (see orders attached hereto as Exhibit B) from all actions consolidated into the Cook County Action. 28 U.S.C. §§1447(b) gives this Court discretion to require Hamilton Sundstrand Corporation or the clerk of the Circuit Court of Cook County to file with the Clerk of this Court "copies of all records and proceedings in such State court." If the Court desires copies of any additional filings from the Cook County Action, defendant will provide same immediately.

assigned altitude. The aircraft clipped a tree resulting in damage to the plane, loss of control and a crash which resulted in the death of the 222 passengers and 12 crew members on board.

There are numerous actions arising from this incident, all of which name Hamilton Sundstrand Corporation (or variants of that name) as the sole defendant, currently pending in the Circuit Court of Cook County which have all been consolidated under *Sumiati*, 04 L 13895. The consolidated cases currently pending are: *Sumiati*, 04 L 13895, *Mursal*, 05 L 121, *Jufri*, 05 L 2003, *Mustika*, 05 L 3774, *Astrina*, 05 L 6485, *Sisiliana*, 05 L 9373, *Relawanto*, 07 L 806, *Slater*, 04 L 2545, and *Siregar*, 07 L 6356 (collectively "the Cook County Action").[2]

On April 16, 2008, the Wisner Law Firm, which represents 63 of the plaintiffs-special administrators in the Cook County Action, filed a complaint on behalf of 55 of those same plaintiffs in the United States District Court for the Northern District of Illinois, in *Mustika v. Honeywell, International*, No. 08 C 2178 ("the Federal Action"). (See the Federal Action complaint, attached hereto as Exhibit C.) The complaint in the Federal Action is premised in substantial part on Honeywell's role as a successor to Hamilton Sundstrand. The complaint alleges the sale of Hamilton Sundstrand's Sundstrand Data Control division to Allied Signal Co., now known as Honeywell. (Exhibit C, ¶8). The complaint further alleges that subsequent to the sale, Honeywell "assumed responsibility for providing customer service and advice concerning products sold by Sundstrand Data Control" (Exhibit C, ¶10), including ground proximity warning systems of the type allegedly installed on the Garuda Airlines Flight 152 aircraft at the time of the accident.

---

[2] *Butar v. Hamilton Sundstrand*, 2008 L 1847, had been consolidated with the above cases prior to plaintiffs' voluntary dismissal of the same.

The action against Honeywell arises from the same incident as the actions pending in Cook County. Further, the action against Honeywell involves allegations of a defective Ground Proximity Warning Computer ("GPWC"), regarding the same allegations that these same 55 plaintiffs have made against Hamilton Sundstrand in the Cook County Action. Removal of the state court actions is the only way to have these multi-party, multi-forum cases heard in a single forum, and avoid inconsistent results, needless additional expense for all parties, and judicial diseconomy.

## II.   Grounds For Removal.

Title 28 U.S.C. §1369 provides that federal district courts have original jurisdiction of any civil action involving "minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location . . . ." 28 U.S.C. §1369(a)(1). "Minimal diversity" is satisfied where "any party is a citizen of a state and any adverse party is . . . a citizen or subject of a foreign state . . . ." 28 U.S.C. §1369(c)(1). Title 28 U.S.C. §1441 allows for removal of actions that could have been brought in federal court in the first place under §1369.

### A.   The Cook County Action Could Have Been Brought In This Court Under 28 U.S.C. § 1369.

The facts of the Cook County Action satisfy all the jurisdictional requirements of §1369. The subject incident resulted in the death of 222 individuals, almost three times the 75 person minimum. The vast majority of the plaintiffs are citizens and residents of Indonesia. A few plaintiffs are citizens and residents of Singapore and Australia. Upon information and belief, no plaintiff is a citizen of Illinois or the United States. The Cook County Action has been brought

against Hamilton Sundstrand, a Connecticut corporation. Thus, all of the requirements of §1369 have been met.

**B.      28 U.S.C. § 1441 Establishes The Right For Hamilton Sundstrand To Remove This Matter To The United States District Court.**

This case clearly falls within §1369 and §1441(e)(1), providing for removal of actions that could have been brought pursuant to §1369. In light of the Federal Action complaint (Exhibit C) filed by the attorney for numerous plaintiffs alleging substantially the same cause of action against Honeywell as those same plaintiffs have alleged against Hamilton Sundstrand in the Cook County Action, removal is appropriate. Removal of the Cook County Action is the only way to continue to have these multi-party, multi-forum cases heard in a single forum, and avoid inconsistent results, needless additional expense for all parties, and judicial diseconomy. Further, the plaintiffs in the Federal Action are also parties in the removed action who have elected not to sue in any of their own country's courts, but rather are choosing multiple state and federal forums in the United States.

The multi-party, multi-forum removal statute was designed to prevent burdening litigants and the courts. The common facts and legal issues in the Federal Court Action and the Cook County Action are readily apparent on the face of the complaints in these proceedings. As all of these state and federal actions arise out of the same airplane crash, involve the majority of the same plaintiffs, and involve common questions of fact and law, the removed Cook County Action should be consolidated with the Federal Court Action. As soon as this action is assigned a case number, defendant will file a motion for consolidation and reassignment to Judge Guzman, the presiding judge over related Case No. 08 L 2178.

WHEREFORE, defendant Hamilton Sundstrand Corporation respectfully removes the state court action entitled *Sumiati, et al. v. Hamilton Sundstrand Corporation*, No. 04-L-13895, and all actions consolidated thereunder (Nos. 04 L 2545, 05 L 121, 05 L 2003, 05 L 3774, 05 L 6485, 05 L 9373, 07 L 806, and 07 L 6556) filed in the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois

                                                _____/s/ William F. DeYoung_____
                                                Attorney for Defendant
                                                HAMILTON SUNDSTRAND CORPORATION

WILLIAM F. DEYOUNG
LORETTO M. KENNEDY
MARK A. STANG
KENDALL E. WOODS
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, 26th Floor
Chicago, IL 60606
312/444-9300

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MRS. SUMIATI, Special Administrator of<br>the Estate of MR. SURIPNO, deceased, et al. | )<br>)<br>) | |
|              Plaintiffs, | )<br>) | Case No. _____ |
|   -v- | )<br>)<br>) | |
| HAMILTON SUNDSTRAND CORPORATION,<br>a corporation, formerly known as<br>SUNDSTRAND CORPORATION, | )<br>)<br>)<br>) | |
|            Defendant. | )<br>) | |

**LOCAL RULE 3.2 DISCLOSURE STATEMENT**
**OF DEFENDANT HAMILTON SUNDSTRAND CORPORATION**

HAMILTON SUNDSTRAND CORPORATION is owned by United Technologies Corporation, which is a publicly traded company.

 

_____/s/ William F. DeYoung_____
One of the Attorneys for Defendant,
HAMILTON SUNDSTRAND
CORPORATION

William F. DeYoung
Loretto M. Kennedy
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 444-9300

771830.1.14158.26934

STATE OF ILLINOIS      )
                       ) ss:
COUNTY OF COOK         )

## AFFIDAVIT OF SERVICE

I, Jama Kay Emerson, a non-attorney, state that I caused a true and correct copy of **Notice of Removal**, a copy of said document having been simultaneously served upon the parties, to be served via U.S. mail by depositing same, postage prepaid, in the U.S. mail located at 30 South Wacker Drive, Chicago, Illinois 60606, at or before 5:00 p.m. on the 6th day of June, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

Donald Nolan, Esq.
Paul R. Borth, Esq.
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 630-4000
Facsimile: (312) 630-4011

David J. Gubbins
221 N. LaSalle
Suite 2100
Chicago, IL 60601
Telephone: (773) 742-2236
Facsimile: (312) 236-3613

SUBSCRIBED and SWORN to before me this 6th day of June, 2008.

NOTARY PUBLIC

"OFFICIAL SEAL"
Diana M. Boyer
Notary Public, State of Illinois
My Commission Exp. 11/09/2008

771767.1.14158.26934                    6

08CV3289
JUDGE ZIEBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT A

## (part 1 of 4 parts)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CLAIRE A. SLATER, Special )
Administrator of the Estate )
of CLIVE SLATER, deceased, )
                   )
         Plaintiff, )
                   )
     -vs- )       Case No.
                   )
SUNDSTRAND CORPORATION, a )
corporation, now known as )
HAMILTON SUNDSTRAND CORPORATION, )
                   )
         Defendant. )

04L 002545
CALENDAR E
PRODUCT LIABILITY

## COMPLAINT AT LAW

Now comes the plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, by and through her attorneys, NOLAN LAW GROUP, and complaining against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER. This action is brought for the benefit of Claire A. Slater and Allana Slater, minor daughter of decedent, CLIVE SLATER.

3.  On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.  At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

a)  Said GPWS was designed, manufactured, assembled, sold and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

b)  Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

c)  Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component part;

d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

6.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

7.  At the time of the death of plaintiff's decedent, he left surviving his daughters, CLAIRE A. SLATER, who will be 20 years of age on March 5, 2004, and ALLANA SLATER, a minor, for whose benefit this action is brought.

8.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support resulting from the death of plaintiffs' decedent, CLIVE SLATER.

9.  Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

10.  This action is being brought pursuant to 740 ILCS 180/0.01, et seq., commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of

the Circuit Court of Cook County, Illinois, together with cost
this action.

<div align="center">COUNT II</div>

<div align="center">SURVIVAL ACTION - STRICT LIABILITY</div>

1.-5.    Plaintiff hereby adopts and realleges paragraphs 1
through 5, inclusive, of Count I as and for paragraphs 1 through 5,
inclusive, as Count II of this Complaint at Law as though fully set
forth herein.

6.    As a direct and proximate result of one or more of the
foregoing conditions, said aircraft was caused to and did violently
crash into the ground in the Republic of Indonesia, and that as a
consequence thereof, plaintiff's decedent, CLIVE SLATER, was caused
to suffer multiple and diverse injuries of both a personal and
pecuniary nature, inclusive of conscious pain and suffering and
severe terror prior to impact and prior to his death.

7.    Had plaintiff's decedent survived, he would have been
entitled to bring an action for damages, and such action has
survived him.

8.    Plaintiff, CLAIRE A. SLATER, is the duly appointed special
administrator of the estate of CLIVE SLATER, deceased, by order of
this Court.

9.    This action is being brought pursuant to 755 ILCS 5/27-6,
commonly known as the *Illinois Survival Act*.

<div align="center">4</div>

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT III

### WRONGFUL DEATH - NEGLIGENCE

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER. This action is brought for the benefit of Claire A. Slater and Allana Slater, minor daughter of decedent, CLIVE SLATER.

3. On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit

5

Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.   It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, CLIVE SLATER.

6.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

a)   Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

b)   Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

c)   Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

d)   Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without first properly or adequately inspecting and testing the same.

7.   As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and

that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

8.  At the time of the death of plaintiff's decedent, he left surviving his daughters, CLAIRE A. SLATER, who will be 20 years of age on March 5, 2004, and ALLANA SLATER, a minor, for whose benefit this action is brought.

9.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support from the death of plaintiff's decedent, CLIVE SLATER.

10.  Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

11.  This action is being brought pursuant to 740 ILCS 180/0.01, et. seq., commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT IV

### SURVIVAL ACTION - NEGLIGENCE

1.6.    Plaintiff hereby adopts and realleges paragraphs 1 through 6, inclusive, of Count III as and for paragraphs 1 through 6, inclusive, as Count IV of this Complaint at Law as though fully set forth herein.

7.    As direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

8.    Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

9.    Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

10.    This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation,

now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in
excess of the minimal jurisdictional limits of the Law Division of
the Circuit Court of Cook County, Illinois, together with costs of
this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CLAIRE A. SLATER and ALLANA           )
SLATER, Special Co-Administrators     )
of the Estate of CLIVE SLATER,        )
deceased,                             )
                                      )
          Plaintiffs,                 )
                                      )
     -vs-                             )     Case No. 04 L 002545
                                      )
SUNDSTRAND CORPORATION, a             )
corporation, now known as             )
HAMILTON SUNDSTRAND CORPORATION,      )
                                      )
          Defendant.                  )

FIRST AMENDED
COMPLAINT AT LAW

Now come plaintiffs, CLAIRE A. SLATER and ALLANA SLATER,
Special Co-Administrators of the Estate of CLIVE SLATER, deceased,
by and through their attorneys, NOLAN LAW GROUP, and complaining
against defendant, SUNDSTRAND CORPORATION, a corporation, now known
as HAMILTON SUNDSTRAND CORPORATION ("Sundstrand"), state as
follows:

COUNT I

WRONGFUL DEATH - STRICT LIABILITY

1.   On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2.   Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984,
and is the daughter of decedent, CLIVE SLATER.  Plaintiff, ALLAN

SLATER, was born on April 5, 1984, and is the daughter of decedent, CLIVE SLATER. This action is brought for the benefit of Clair A. Slater and Allana Slater, the surviving daughters of decedent, CLIVE SLATER.

3. On September 26, 1997, plaintiffs' decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

a) Said GPWS was designed, manufactured, assembled, sold and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

b) Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

c) Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate warnings of the unsafe and

2

dangerous conditions then and there existing on or about said GPWS and its component part;

d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

6.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was injured and caused to expire.

7.  At the time of the death of plaintiffs decedent, he left surviving his daughters, CLAIRE A. SLATER, who reached her majority on March 5, 2004, and ALLANA SLATER, who reached her majority on April 5, 2004, and for whose benefit this action is brought.

8.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support resulting from the death of plaintiffs' decedent, CLIVE SLATER.

9.  Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

10.  This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

3

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrator of the Estate of CLIVE SLATER, deceased, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### SURVIVAL ACTION - STRICT LIABILITY

1.-5.   Plaintiffs hereby adopt and reallege paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

7.   Had plaintiffs' decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

4

8. Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

9. This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrator of the Estate of CLIVE SLATER, deceased, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT III

## WRONGFUL DEATH - NEGLIGENCE

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER. Plaintiff, ALLANA SLATER, was born on April 5, 1984, and is the daughter of decedent, CLIVE SLATER. This action is brought for the benefit of Claire A. Slater and Allana Slater, the surviving daughters of the decedent, CLIVE SLATER.

5

3.  On September 26, 1997, plaintiffs' decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.  It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedent, CLIVE SLATER.

6.  Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

   a)  Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

   b)  Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

   c)  Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

6

d)  Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without first properly or adequately inspecting and testing the same.

7.  As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was injured and caused to expire.

8.  At the time of the death of plaintiff's decedent, he left surviving his daughters, CLAIRE A. SLATER, who reached her majority on March 5, 2004, and ALLANA SLATER, who reached her majority on April 5, 1984, and for whose benefit this action is brought.

9.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support from the death of plaintiffs' decedent, CLIVE SLATER.

10.  Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

11.  This action is being brought pursuant to 740 ILCS 180/0.01, et. seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrators of the Estate of CLIVE SLATER, deceased, pray for the entry of a judgment against defendant, SUNDSTRAND

7

ORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT IV

### SURVIVAL ACTION - NEGLIGENCE

1.6.    Plaintiffs hereby adopt and reallege paragraphs 1 through 6, inclusive, of Count III as and for paragraphs 1 through 6, inclusive, as Count IV of this Complaint at Law as though fully set forth herein.

7.    As direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

8.    Had plaintiffs' decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

9.    Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

10.  This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrators of the Estate of CLIVE SLATER, deceased, pray for entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

BARBARA SLATER, Administrator of   )
the Estate of CLIVE SLATER,        )
deceased,                          )
                                   )
                Plaintiff,         )
                                   )
            -vs-                   )    Case No. 04 L 2545
                                   )
SUNDSTRAND CORPORATION, a          )
corporation, now known as          )
HAMILTON SUNDSTRAND CORPORATION,   )
                                   )
                Defendant.         )

FILED-18
05 DEC -1 PM 3 43
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION
DOROTHY BROWN
CLERK

## SECOND AMENDED COMPLAINT AT LAW

Now comes plaintiff, BARBARA SLATER, Administrator of the
Estate of CLIVE SLATER, deceased, by and through her attorneys,
NOLAN LAW GROUP, and complaining against defendant, SUNDSTRAND
CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND
CORPORATION ("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2.  Claire A. Slater was born on March 5, 1984, and is the
daughter of plaintiff's decedent, CLIVE SLATER.  Allana Slater was
born on April 5, 1984, and is the daughter of plaintiff's decedent,
CLIVE SLATER.  Plaintiff, BARBARA SLATER, is the wife of decedent,

CLIVE SLATER.   This action is brought for the sole benefit of Claire A. Slater and Allana Slater, the surviving daughters of plaintiff's decedent, CLIVE SLATER.

3.  On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.  At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a)  Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Said  GPWS  was  designed,  manufactured, assembled,  sold,  and  distributed  without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts;

(d)   Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

6.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

7.   At the time of the death of plaintiff's decedent, he left surviving his daughters, Claire A. Slater and Allana Slater, for whose sole benefit this action is brought.

8.   By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, CLIVE SLATER.

9.   Plaintiff, BARBARA SLATER, is the administrator of the estate of CLIVE SLATER, deceased, by order of a court in Australia. Plaintiff, BARBARA SLATER, brings this action as administrator of the estate of CLIVE SLATER, deceased, for the sole benefit of Claire A. Slater and Allana Slater.

10.    This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, BARBARA SLATER, Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

<div align="center">

COUNT II

**WRONGFUL DEATH - NEGLIGENCE**

</div>

1.    On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.    Claire A. Slater was born on March 5, 1984, and is the daughter of plaintiff's decedent, CLIVE SLATER.  Allana Slater was born on April 5, 1984, and is the daughter of plaintiff's decedent, CLIVE SLATER.  Plaintiff, BARBARA SLATER, is the wife of decedent, CLIVE SLATER.   This action is brought for the sole benefit of Claire A. Slater and Allana Slater, the surviving daughters of plaintiff's decedent, CLIVE SLATER.

3.  On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as

P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.    Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.    It then and there became and was the duly of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, CLIVE SLATER.

6.    Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

5

(d) Negligently   and   carelessly   designed,
    manufactured, assembled, sold, and distributed
    said GPWS without first properly or adequately
    inspecting and testing the same.

7.   As a direct and proximate result of one or more of the
foregoing acts or omissions, said aircraft was caused to and did
violently crash into the ground in the Republic of Indonesia, and
that as a consequence thereof, plaintiff's decedent, CLIVE SLATER,
was injured and caused to expire.

8.   At the time of the death of plaintiff's decedent, CLIVE
SLATER, he left surviving his daughters, Claire A. Slater and
Allana Slater, for whose sole benefit this action is brought.

9.   By reason of the premises, said next of kin, and each of
them, have sustained substantial pecuniary loss, inclusive of loss
of society, loss of services, and loss of support from the death of
plaintiff's decedent, CLIVE SLATER.

10.   Plaintiff, BARBARA SLATER, is the administrator of the
estate of CLIVE SLATER, deceased, by order of a court in Australia.
Plaintiff, BARBARA SLATER, brings this action as administrator of
the estate of CLIVE SLATER, deceased, for the sole benefit of
Claire A. Slater and Allana Slater.

11.   This action is being brought pursuant to 740 ILCS
180/0.01, et seq., commonly known as the *Illinois Wrongful Death
Act*.

6

WHEREFORE, plaintiff, BARBARA SLATER, Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MRS. SUMIATI, Special Administrator of )
the Estate of MR. SURIPNO, deceased, )
et al., )
    )
            Plaintiffs, )
    )
        -vs- )    Case No. 04 L 13895
    )
SUNDSTRAND CORPORATION, a corporation, )
now known as HAMILTON SUNDSTRAND )
CORPORATION, )
    )
            Defendant. )

**NOTICE OF FILING**

TO:  Mr. William F. DeYoung, Esq.
     *CHUHAK & TECSON, P.C.*
     30 South Wacker Drive - Suite 2600
     Chicago, IL   60606

    **PLEASE TAKE NOTICE** that on the 7th day of January, 2005, there
was filed with the Clerk of the Circuit Court of Cook County,
County Department, Law Division, *Proof of Service from the State
Marshall of Windsor Locks, Connecticut upon Defendant*, a copy of
which is attached hereto and served upon you.

                    By:   Floyd A. Wisner
                          One of the Attorneys for Plaintiffs

(# 36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street - 30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

**CERTIFICATE OF SERVICE**

    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the
undersigned certifies that copies of this notice with attachment were mailed to
the attorney whose name appears above at his address by placing them in an
envelope duly addressed, with postage fully prepaid, and by depositing the same
in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or
before the hour of 5:00 PM on this 7th day of January, 2005.

                                    Paula L. Jett

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (Rev.12/3/01) CCG 0001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

MRS. SUMIATI, Special Administrator of the Estate of
MR. SURIPNO, deceased, et al.,

Plaintiffs,

v.

SUNDSTRAND CORPORATION, a corporation,
now known as HAMILTON SUNDSTRAND
CORPORATION,

Defendant.

No.  04L 013895
~~CALENDAR E~~
PRODUCT LIABILITY

FILED-1

2005 JAN -7 PM 3:57

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

- ☒ Richard J. Daley Center, 50 W. Washington, Room _____801_____ , Chicago, Illinois 60602

- ☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ☐ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ☐ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ☐ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 36211_____

Name: NOLAN LAW GROUP_____

Atty. for: Plaintiffs_____

Address: 20 North Clark Street - 30th Floor_____

City/State/Zip: Chicago, IL  60602_____

Telephone: 312.630.4000 - Facsimile:  312.630.4011_____

WITNESS, _____ DEC 1 1 2004 _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**STATE OF CONNECTICUT** )
                                )ss: WINDSOR LOCKS          JANUARY 3, 2004
**COUNTY OF HARTFORD**   )


        Then  and  by  virtue  thereof  and  by  the  direction  of  the
Plaintiff's Attorney, I left a verified true and attested copy of
the  original  summons  and  complaint  with  and  in  the  hands  Jeffrey
Chanin  Associate  General  Counsel  who  is  duly  authorized  to  accept
service  for  Sundstrand  Corporation  a  Corporation  now  known  as
Hamilton  Sundstrand  Corporation  at  One  Hamilton  Road  in  Windsor
Locks, CT.


        The  within  is  the  original  summons  and  complaint  with  my
doings hereon endorsed.


                                ATTEST:

                                GRANT S. CARRAGHER
                                CT/STATE/MARSHAL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI, Special Administrator, )
of the Estate of MR. SURIPNO, deceased; )
DESI PRIHARTINI, individually, and )
successor in interest and heir of )
MR. SURIPNO, deceased; RIKI GUSTIAWAN, )
a minor, and successor in interest and )
heir of MR. SURIPNO, deceased, by his )
mother, MRS. SUMIATI, as guardian and )
next friend of RIKI GUSTIAWAN, a minor; )
TRI SUSILAWATI, a minor, and successor )
in interest and heir of MR. SURIPNO, )
deceased, by her mother, MRS. SUMIATI, )
as guardian and next friend of TRI )
SUSILAWATI, a minor; DIANA POHAN NJO, )
Special Administrator of the Estate of )
ANDY RUDYANTO, deceased; SHELLY )
RUDYANTO, individually, and successor )
in interest and heir of ANDY RUDYANTO, )
deceased; and EVANS GEK, a minor, and )
successor in interest and heir of ANDY )
RUDYANTO, deceased, by her mother, )
DIANA POHAN NJO, as guardian and next )
friend of EVANS GEK, a minor, )
                                       )
                     Plaintiffs,       )
                                       )
          -vs-                         )
                                       )
SUNDSTRAND CORPORATION, a corporation, )
now known as HAMILTON SUNDSTRAND )
CORPORATION, )
                                       )
                     Defendants.       )

Case No. 04L 013895
CALENDAR E
PRODUCT LIABILITY

## COMPLAINT AT LAW

Now come plaintiffs, MRS. SUMIATI, Special Administrator of

the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually,

and successor in interest and heir of MR. SURIPNO, deceased, RIKI

GUSTIAWAN, a minor, and successor in interest and heir of MR.

SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and

next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor,

and successor in interest and heir of MR. SURIPNO, deceased, by her
mother, MRS. SUMIATI, as guardian and next friend of TRI
SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the
Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually,
and successor in interest and heir of ANDY RUDYANTO, deceased, and
EVANS GEK, a minor, and successor in interest and heir of ANDY
RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and
next friend of EVANS GEK, a minor, and each of them, by and through
their attorneys, NOLAN LAW GROUP, and complaining against
defendant, SUNDSTRAND CORPORATION, a corporation, now known as
HAMILTON SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

## COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2. Plaintiff, DESI PRIHARTINI, was born on December 14, 1984,
and is the daughter of decedent, MR. SURIPNO. Plaintiff, RIKI
GUSTIAWAN, was born on July 16, 1987, and is the minor son of
decedent, MR. SURIPNO. Plaintiff, TRI SUSILAWATI, was born on
September 25, 1993, and is the minor daughter of decedent, MR.
SURIPNO. Plaintiff, MRS. SUMIATI is the wife of decedent, MR.
SURIPNO, and is the mother of plaintiff, DESI PRIHARTINI, and is

2

the mother and natural guardian of plaintiffs, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor.

3.   This cause of action is brought by all plaintiffs for the sole benefit of these surviving children of MR. SURIPNO, deceased, plaintiffs, DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, and TRI SUSILAWATI, a minor, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor.

4.   Plaintiff, SHELLY RUDYANTO, was born on December 14, 1984, and is the daughter of decedent, ANDY RUDYANTO.   Plaintiff, EVANS GEK, was born on August 29, 1988, and is the minor daughter of decedent, ANDY RUDYANTO.   Plaintiff, DIANA POHAN NJO is the wife of decedent, ANDY RUDYANTO, and is the mother of plaintiff, SHELLY RUDYANTO, and is the mother and natural guardian of plaintiff, EVANS GEK, a minor.

5.   This cause of action is brought by all plaintiffs for the sole benefit of these surviving children of ANDY RUDYANTO, deceased, plaintiffs, SHELLY RUDYANTO and EVANS GEK, a minor, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor.

6.   On September 26, 1997, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

3

7.   Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

8.   At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a)   Said GPWS was designed, manufactured, assembled, sold and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

9.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently

4

crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were injured and caused to expire.

10.  At the time of the death of plaintiffs' decedent, MR. SURIPNO, he left surviving DESI PRIHARTINI, his daughter, RIKI GUSTIAWAN, his minor son, and TRI SUSILAWATI, his minor daughter, for whose sole benefit this action is brought.

11.  At the time of the death of plaintiffs' decedent, ANDY RUDYANTO, he left surviving SHELLY RUDYANTO, his daughter, and EVANS GEK, his minor daughter, for whose sole benefit this action is brought.

12.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them.

13.  Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RICKY GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

14.  Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of

this Court.   These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

15.    This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiffs, MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased, RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law

Division of the Circuit Court of Cook County, Illinois, together
with costs of this action.

## COUNT II

### SURVIVAL ACTION - STRICT LIABILITY

1.-8.  Plaintiffs, and each of them, hereby adopt and reallege
paragraphs 1 through 8, inclusive, of Count I as and for paragraphs
1 through 8, inclusive, as Count II of this Complaint at Law as
though fully set forth herein.

9.  As a direct and proximate result of one or more of the
foregoing conditions, said aircraft was caused to and did violently
crash into the ground in the Republic of Indonesia, and that as a
consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY
RUDYANTO, and each of them, were caused to suffer multiple and
diverse injuries of both a personal and pecuniary nature, inclusive
of conscious pain and suffering and severe terror prior to impact
and prior to his death, and property damage.

10.  Had plaintiffs' decedents survived, they each would have
been entitled to bring an action for damages, and such actions have
survived them.

11.  Plaintiff, MRS. SUMIATI, is the duly appointed special
administrator of the estate of MR. SURIPNO, deceased, by order of
this Court.  These plaintiffs bring this action for the sole
benefit of DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, and TRI

SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

12.  Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

13.  This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiffs, MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased, RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a

corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT III

### WRONGFUL DEATH - NEGLIGENCE

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, DESI PRIHARTINI, was born on December 14, 1984, and is the daughter of decedent, MR. SURIPNO.  Plaintiff, RIKI GUSTIAWAN, was born on July 16, 1987, and is the minor son of decedent, MR. SURIPNO.  Plaintiff, TRI SUSILAWATI, was born on September 25, 1993, and is the minor daughter of decedent, MR. SURIPNO.  Plaintiff, MRS. SUMIATI is the wife of decedent, MR. SURIPNO, and is the mother of plaintiff, DESI PRIHARTINI, and is the mother and natural guardian of plaintiffs, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor.

3.  This cause of action is brought for the sole benefit of these surviving children of MR. SURIPNO, deceased, plaintiffs, DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, and TRI SUSILAWATI,

a minor, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor.

4. Plaintiff, SHELLY RUDYANTO, was born on December 14, 1984, and is the daughter of decedent, ANDY RUDYANTO. Plaintiff, EVANS GEK, was born on August 29, 1988, and is the minor daughter of decedent, ANDY RUDYANTO. Plaintiff, DIANA POHAN NJO is the wife of decedent, ANDY RUDYANTO, and is the mother of plaintiff, SHELLY RUDYANTO, and is the mother and natural guardian of plaintiff, EVANS GEK, a minor.

5. This cause of action is brought for the sole benefit of these surviving children of ANDY RUDYANTO, deceased, plaintiffs, SHELLY RUDYANTO and EVANS GEK, a minor, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor.

6. On September 26, 1997, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

7. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit: Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

8. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture,

10

assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them.

9.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)   Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said   GPWS   without   proper   and   adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

10.   As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were injured and caused to expire.

11

11.   At the time of the death of plaintiffs' decedent, MR. SURIPNO, he left surviving DESI PRIHARTINI, his daughter, RIKI GUSTIAWAN, his minor son, and TRI SUSILAWATI, his minor daughter, for whose sole benefit this action is brought.

12.   At the time of the death of plaintiffs' decedent, ANDY RUDYANTO, he left surviving SHELLY RUDYANTO, his daughter, and EVANS GEK, his minor daughter, for whose sole benefit this action is brought.

13.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them.

14.   Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

15.  Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

WHEREFORE, plaintiffs, MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased, RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook county, Illinois, together with costs of this action.

## COUNT IV

### SURVIVAL ACTION - NEGLIGENCE

1.-9.   Plaintiffs hereby adopt and reallege paragraphs 1 through 9, inclusive, of Count III as and for paragraphs 1 through

9, inclusive, as Count IV of this Complaint at Law as though fully set forth herein.

10.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their death, and property damage.

11.   Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

12.   Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

13.   Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MRS. SUMIATI and DIANA POHAN NJO, ) | |
| Plaintiffs, ) | |
| ) | Case No.  04L 013895 |
| -vs- ) | CALENDAR E |
| ) | PRODUCT LIABILITY |
| SUNDSTRAND CORPORATION, a ) | |
| corporation, now known as HAMILTON ) | |
| SUNDSTRAND CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**THIS MATTER** coming on to be heard on plaintiffs' Petition for Appointment of Special Administrator, the Court being fully advised in the premises, and having jurisdiction of the parties and subject matter hereof;

**IT IS HEREBY ORDERED** that plaintiff, MRS. SUMIATI, be and is hereby appointed special administrator of the estate of MR. SURIPNO, deceased, and plaintiff, DIANA POHAN NJO, be and is hereby appointed special administrator of the estate of ANDY RUDYANTO, deceased, pursuant to 740 ILCS 180/2.1.

JUDGE WILLIAM MADDUX

DEC 1 4 2004

CIRCUIT COURT - 1559 2004

NOLAN LAW GROUP
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

ENTER:

_____    _____
Judge                      Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MR. MURSAL, Special Administrator of the Estate of ANSIAH ANSARI, deceased, et al., | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| -vs- | ) ) Case No.  05 L 000121 |
| | ) |
| SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, | ) ) ) |
| | ) |
| Defendant. | ) |

### NOTICE OF FILING

TO:  William F. DeYoung, Esq.        TO:  Loretto M. Kennedy, Esq.
     *CHUHAK & TECSON, P.C.*              *CHUHAK & TECSON, P.C.*
     30 South Wacker Drive               30 South Wacker Drive
     Suite 2600                          Suite 2600
     Chicago, IL   60606                 Chicago, IL   60606

**PLEASE TAKE NOTICE** that on the 19th day of January, 2005, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, *Proof Of Service Upon Defendant, Sundstrand Corporation, n/k/a Hamilton Sundstrand Corporation, By The State Marshall Of Windsor Locks, Connecticut*, copies of which are attached hereto and served upon you.

BY: _____
        Floyd A. Wisner

(# 36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street - 30th Floor
Chicago, IL   60602
Tel: 312.630.4000/Fax: 312.630.4011

### CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that copies of this notice with attachment were mailed to the attorneys whose names appear above at their address by placing them in an envelope duly addressed, with postage fully prepaid, and by depositing the same in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or before the hour of 5:00 PM on the 19th day of January, 2005.

_____
        Paula L. Jett

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (Rev.12/3/01) CCG 0001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___LAW___ DIVISION

(Name all parties)

MR. MURSAL, Special Administrator of the Estate of
ANSIAH ANSARI, deceased, and of the Estate of
T. MAHMUDDIN ANSARI, deceased, et al.,

v.

SUNDSTRAND CORPORATION, a corporation,
now known as HAMILTON SUNDSTRAND
CORPORATION,

No. _____
05L 000121
CALENDAR E
PRODUCT LIABILITY

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at
the following location:

☐  Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | |
|---|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | |
| Bridgeview, IL 60455 | Markham, IL 60426 | |

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall
be returned so endorsed. This summons may not be served later than 30 days after its date.

JAN 0 5 2005

Atty. No.: _36211_                             WITNESS, _____

Name: _NOLAN LAW GROUP_

Atty. for: _Plaintiff_                                         _____
                                                              Clerk of Court
Address: _20 North Clark Street - 30th Floor_

City/State/Zip: _Chicago, IL  60602_          Date of service: _____, _____

Telephone: _312.630.4000 - Facsimile:  31.630.4011_     (To be inserted by officer on copy left with defendant
                                                        or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                        (Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**STATE OF CONNECTICUT** )
　　　　　　　　　　　　　　　 )ss: WINDSOR LOCKS　　　　　 JANUARY 11, 2005
**COUNTY OF HARTFORD** 　 )

Then and by virtue thereof and by the direction of the Plaintiff's
Attorney, I left a verified true and attested copy of the original
summons and complaint with in the hands of Attorney Jeff Chanin
Associate General Counsel for Hamilton Sundstrand Corporation who
is duly authorized to accept service at One Hamilton Road in
Windsor Locks, Ct.

The within is the original Summons and Complaint with my doings
hereon endorsed.

ATTEST:

**GRANT S. CARRAGHER**

**CONN/STATE/MARSHAL**

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT A

(part 2 of 4 parts)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MR. MURSAL, Special Administrator )
of the Estate of ANSIAH ANSARI, )
deceased, and of the Estate of )
T. MAHMUDDIN ANSARI, deceased, )
and as Guardian and Next Friend )
of MS. NURLAILY, a minor, )
)
               Plaintiff, )
)
        -vs- )    Case No.
)
SUNDSTRAND CORPORATION, a )     05L 000121
corporation, now known as )     CALENDAR E
HAMILTON SUNDSTRAND CORPORATION, )     PRODUCT LIABILITY
)
            Defendant. )

### COMPLAINT AT LAW

Now comes the plaintiff, MR. MURSAL, Special Administrator of
the Estate of ANSIAH ANSARI, deceased, and of the Estate of T.
MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS.
NURLAILY, a minor, by and through his attorneys, NOLAN LAW GROUP,
and complaining against defendant, SUNDSTRAND CORPORATION, a
corporation, now known as HAMILTON SUNDSTRAND CORPORATION
("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2.  Plaintiff, MS. NURLAILY, was born on January 6, 1985, and is the minor daughter of the decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI.

3.  This cause of action is brought by plaintiff, MR. MURSAL, as Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, the surviving minor child of decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, for the sole benefit of this surviving minor child of decedents.

4.  On September 26, 1997, plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6.  At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

2

(a)  Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedents, ANSIAH ANSARI, deceased, and T. MAHMUDDIN ANSARI, deceased, and each of them, were injured and caused to expire.

8.  At the time of the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, they left surviving MS. NURLAILY, their minor daughter, for whose sole benefit this action is brought.

9.  By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them.

10.  Plaintiff, MR. MURSAL, is the duly appointed special administrator of the estate of ANSIAH ANSARI, deceased, and of the estate of T. MAHMUDDIN ANSARI, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of MS. NURLAILY, a minor, as the surviving child of the decedents.

11.  This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, MR. MURSAL, Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, a minor, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.    Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.    It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them.

7.    Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

5

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, were injured and caused to expire.

9. At the time of the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, they left surviving MS. NURLAILY, their minor daughter, for whose sole benefit this action is brought.

10. By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them.

11. Plaintiff, MR. MURSAL, is the duly appointed special administrator of the estate of ANSIAH ANSARI, deceased, and of the estate of T. MAHMUDDIN ANSARI, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of MS. NURLAILY, a minor, as the surviving child of ANSIAH ANSARI, deceased, and T. MAHMUDDIN ANSARI, deceased.

6

WHEREFORE, the plaintiff, MR. MURSAL, Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, a minor, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

Respectfully submitted,

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

ANDRI JUFRI, Special Administrator )
of the Estate of MR. JUFRI ABU )
BAKAR, deceased, )
                Plaintiff, )
)
)    Case No.  05 L 2003
       -vs- )
)
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, f/k/a SUNDSTRAND )
CORPORATION, )
)
            Defendant. )

## NOTICE OF FILING

TO:  William F. DeYoung, Esq.    TO:  Loretto M. Kennedy, Esq.
     *CHUHAK & TECSON, P.C.*        *CHUHAK & TECSON, P.C.*
     30 South Wacker Drive         30 South Wacker Drive
     Suite 2600              Suite 2600
     Chicago, IL   60606        Chicago, IL   60606

    **PLEASE TAKE NOTICE** that on the 9th day of March, 2005, there
was filed with the Clerk of the Circuit Court of Cook County,
County Department, Law Division, *Proof Of Service Upon Defendant,*
*Hamilton Sundstrand Corporation, f/k/a Sundstrand Corporation, By*
*The State Marshall Of Windsor Locks, Connecticut*, copies of which
are attached hereto and served upon you.

                   BY: _____
                         Floyd A. Wisner

(# 36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street - 30th Floor
Chicago, IL   60602
Tel: 312.630.4000/Fax: 312.630.4011

## CERTIFICATE OF SERVICE

    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the
undersigned certifies that copies of this notice with attachment were mailed to
the attorneys whose names appear above at their address by placing them in
envelopes duly addressed, with postage fully prepaid, and by depositing the same
in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or
before the hour of 5:00 PM on the 9th day of March, 2005.

                         _____
                         Paula L. Jett

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev.12/3/01)  CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

ANDRI JUFRI, Special Administrator of the Estate of MR.
JUFRI ABU BAKAR, deceased, et al.,

          Plaintiff,

v.

HAMILTON SUNDSTRAND CORPORATION, a
corporation, f/k/a SUNDSTRAND CORPORATION,

          Defendant.

No. _____

2005L002005
LAW CALENDAR ROOM V
TIME 09:00
Product Liability

SERVE DEFENDANT:

HAMILTON SUNDSTRAND CORPORATION
One Hamilton Road
Windsor Locks, CT   06096

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB 18 2005

Atty. No.: 36211

Name: NOLAN LAW GROUP

Atty. for: Plaintiff

Address: 20 North Clark Street - 30th Floor

City/State/Zip: Chicago, IL  60602

Telephone: 312.630.4000 - Facsimile: 312.630.4011

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____
          (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**STATE OF CONNECTICUT**)
)ss: WINDSOR LOCKS     FEBRUARY 28, 2005
**COUNTY OF HARTFORD** )

Then and by virtue thereof and by the direction of the Plaintiff's Attorney, I left a verified true and attested copy of original summons and complaint at law with and in the hands of Antonio B. Braz Associate General Counsel-Litigation who is authorized to accept service for **Hamilton Sundstrand Corporation, a Corporation, f/k/a Sundstrand Corporation** in Windsor Locks, CT.

The within is the original Summons and complaint at law with my doings hereon endorsed.

**FEE:**     $60.00

**ATTEST:**

GRANT S. CARRAGHER,
CONNECTICUT STATE
MARSHALL

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

ANDRI JUFRI, Special Administrator )
of the Estate of MR. JUFRI ABU )
BAKAR, deceased, )
                      Plaintiff, )
 )
 )
        -vs- )    Case No.
 )
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, f/k/a SUNDSTRAND )
CORPORATION, )
 )
               Defendant. )

2005L002003
CALENDAR/ROOM X
TIME 00:00
Product Liability

## COMPLAINT AT LAW

Now comes the plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, by and through his attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

## COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, ANDRI JUFRI, born on February 18, 1985, plaintiff, ANDHIKA JUFRI, born on March 20, 1990, and plaintiff, ANZIA JUFRI, born on November 30, 1992, are the surviving sons of plaintiff's decedent, MR. JUFRI ABU BAKAR.

This cause of action is brought by plaintiff, ANDRI JUFRI, special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, for the sole benefit of these surviving sons of decedent.

4. On September 26, 1997, plaintiff's decedent, MR. JUFRI ABU BAKAR, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a)   Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c)   Said GPWS was designed, manufactured, assembled, sold, and distributed without

2

proper and adequate warnings of the unsafe and
dangerous conditions then and there existing
on or about said GPWS and its component parts;
and

(d)   Said GPWS and its component parts were sold
and distributed without having first been
properly and/or adequately inspected and
tested.

7.   As a direct and proximate result of one or more of the
foregoing conditions, said aircraft was caused to and did violently
crash into the ground in the Republic of Indonesia and that as a
consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was
injured and caused to expire.

8.   At the time of the death of plaintiff's decedent, MR.
JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA
JUFRI and ANZIA JUFRI, for whose sole benefit this action is
brought.

9.   By reason of the premises, said next of kin have sustained
substantial pecuniary loss, inclusive of loss of society, loss of
services, and loss of support resulting from the death of
plaintiff's decedent, MR. JUFRI ABU BAKAR.

10.   Plaintiff, ANDRI JUFRI, is the duly appointed special
administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by
order of this Court.   This plaintiff brings this cause of action
for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and
ANZIA JUFRI, as the surviving sons of decedent.

3

11. This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5. Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

7. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide

4

and visual warnings i areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c)    Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8.    As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

9.    At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

10.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society,

5

services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

11.    Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court.  This plaintiff brings this action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of MR. JUFRI ABU BAKAR, deceased.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| ANDRI JUFRI, Special Administrator | ) | |
| of the Estate of MR. JUFRI ABU | ) | |
| BAKAR, deceased, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. |
| | ) | |
| HAMILTON SUNDSTRAND CORPORATION, | ) | |
| a corporation, f/k/a SUNDSTRAND | ) | |
| CORPORATION, | ) | |
| | ) | 2005L002003 |
| Defendant. | ) | CALENDAR/ROOM X |
| | ) | TIME 00:00 |
| | | Product Liability |

## SUPREME COURT RULE 222 AFFIDAVIT

Now comes the plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, by and through his attorneys, NOLAN LAW GROUP, and pursuant to Supreme Court Rule 222, states and attests, under oath, that the amount of damages sought in the above captioned matter exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000).

NOLAN LAW GROUP

_____
Floyd A. Wisner

(# 36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

ANDRI JUFRI, Special Administrator )
of the Estate of MR. JUFRI ABU )
BAKAR, deceased, )
                Plaintiff, )
                 )
      -vs- )     Case No.  05 L 2003
                 )
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, f/k/a SUNDSTRAND )
CORPORATION, )
                 )
            Defendant. )

## FIRST AMENDED COMPLAINT AT LAW

Now comes the plaintiff, ANDRI JUFRI, Special Administrator of
the Estate of MR. JUFRI ABU BAKAR, deceased, by and through his
attorneys, NOLAN LAW GROUP, and complaining against defendant,
HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as
SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

## COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2. Plaintiff, ANDRI JUFRI, born on February 18, 1985,
plaintiff, ANDHIKA JUFRI, born on March 20, 1990, and plaintiff,
ANZIA JUFRI, born on November 30, 1992, are the surviving sons of
plaintiff's decedent, MR. JUFRI ABU BAKAR.

3. This cause of action is brought by plaintiff, ANDRI JUFRI, as Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, for the sole benefit of these surviving sons of decedent.

4. On September 26, 1997, plaintiff's decedent, MR. JUFRI ABU BAKAR, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

2

(c) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

8. At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

9. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

10. Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court. This plaintiff brings this cause of action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of decedent.

3

11.   This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.   Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

7.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

    (a)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of

4

precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)    Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8.    As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

9.    At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

10.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

5

11. Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of MR. JUFRI ABU BAKAR, deceased.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL 60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

|  |  |  |
|---|---|---|
| MS. ELLA MADENELA DWI MUSTIKA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. 05 L 3774 |
| | ) | |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, f/k/a SUNDSTRAND CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

TO:  William F. DeYoung, Esq.        TO:  Loretto M. Kennedy, Esq.
     *CHUHAK & TECSON, P.C.*              *CHUHAK & TECSON, P.C.*
     30 South Wacker Drive               30 South Wacker Drive
     Suite 2600                          Suite 2600
     Chicago, IL   60606                 Chicago, IL   60606

**PLEASE TAKE NOTICE** that on the 20th day of April, 2005, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, *Proof Of Service Upon Defendant, Hamilton Sundstrand Corporation, f/k/a Sundstrand Corporation, By The State Marshall Of Windsor Locks, Connecticut,* copies of which are attached hereto and served upon you.

                                        By:  *Floyd A. Wisner*
                                             Floyd A. Wisner

(#36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street - 30th Floor
Chicago, IL   60602
Tel: 312/630.4000/Fax: 312.630.4011

**CERTIFICATE OF SERVICE**

     Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that copies of this notice with attachment were mailed to the attorneys whose names appear above at their address by placing them in envelopes duly addressed, with postage fully prepaid, and by depositing the same in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or before the hour of 5:00 PM on this 20th day of April, 2005.

                                             *Paula L. Jett*
                                             Paula L. Jett

| | |
|---|---|
| 2120 - Served | 212 Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
MS. ELLA MADENELA DWI MUSTIKA, et al.,

v.                                                    No. _____

HAMILTON SUNDSTRAND CORPORATION

SERVE DEFENDANT:

HAMILTON SUNDSTRAND CORPORATION
One Hamilton Road
Windsor Locks, CT    06096

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 36211

Name: NOLAN LAW GROUP

Atty. for: Plaintiffs

Address: 20 North Clark Street - 30th Floor

City/State/Zip: Chicago, IL  60602

Telephone: 312.630.4000 - Facsimile: 312.630.4011

Service by Facsimile Transmission will be accepted at: _____

WITNESS, ___APR 05 2005___

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

STATE OF CONNECTICUT)
     )ss: **WINDSOR LOCKS**    APRIL 12, 2005
COUNTY OF HARTFORD )


 Then and by virtue thereof and by the direction of the Plaintiff's Attorney, I made due and legal service upon the within named defendant **Hamilton Sundstrand Corporation** by leaving a true and attested copy of the within original summons, complaint at Law with and in the hands of **Jeffrey T. Chanin Associate General Counsel** of Hamilton Sundstrand Corporation who is duly authorized to accept service for the within named defendant in the State of Connecticut.


  The within is the original summons, complaint at Law with my doings hereon endorsed.

**FEES:**

PAGES- 67.00
SERVICE- 30.00
END-  1.20
MILES-  3.00
   -----------
TOTAL $ 101.20


        ATTEST:


        **GRANT S. CARRAGHER**
        **CT/STATE/MARSHAL**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MS. ELLA MADANELA DWI MUSTIKA, Special )
Administrator of the Estate of MR. )
ACHMAD CHOTIB SYAMSUR, deceased; )
)
MRS. EFNI SYAHRIL, Special )
Administrator of the Estate of )
MR. AMIRRUDDIN, deceased; )
)                Case No.
MR. ADI DHARMAWAN ARDJASOEBRATA, )
Special Administrator of the Estate of )
MR. APON RENDI ARDJASOEBRATA, deceased, )
and of the Estate of MRS. ELLY YULIANI, )
deceased; )
)
MRS. BELINDA ADELIN, Special )
Administrator of the Estate of )
MR. AGUSTONO DJUNAIDI, deceased; )
)
MR. BUDI ASHSIDDIQ MANGGALA, Special )
Administrator of the Estate of MR. )
ALDYS ASBIRAN, deceased; )
)
MRS. ZAHARA AINI BINTI ALI HAMZAH, )
Special Administrator of the Estate )
of MR. AMINUDDIN MUHAMMAD, deceased; )
)
MR. GUNAWAN PRIBADI, Special )
Administrator of the Estate of )
MR. BURHANUDDIN, deceased; )
)
MRS. YENTI, Special Administrator of )
the Estate of MR. BAMBANG SISTIYANTO, )
YSM., deceased; )
)
MS. ADE RINANDA LUBIS, Special )
Administrator of the Estate of )
MR. BACHRI SYAHNAN LUBIS, deceased; )
)
MR. IRVAN, Special Administrator of )
the Estate of MRS. JULLY CHANDRA, )
deceased; )
)
MR. RAJA HERU PERMADI, Special )
Administrator of the Estate of )
MR. RAJA DJUMHANA JOHAN, deceased; )
)

MRS. NORIATA BORU LUMBAN TERUAN,    )
Special Administrator of the Estate of    )
MR. DONALD MANAMPIN HUTASOIT, deceased;    )
    )
MRS. NURLAELASARI, Special    )
Administrator of the Estate of    )
MR. DIDI ZAKARIA, deceased;    )
    )
MRS. MARIANA PANGGABEAN, Special    )
Administrator of the Estate of MR.    )
FIRDAUS PANJAITAN, deceased;    )
    )
MRS. NENI DWI ASTUTI HUTAGALUNG,    )
Special Administrator of the Estate    )
of MR. MANALUP PARDAMEAN HUTAGALUNG,    )
deceased;    )
    )
MRS. TRIANA SARI, Special Administrator    )
of the Estate of MR. R. HEDDY    )
HADIWINATA, deceased;    )
    )
MRS. HOLIDAH WATI LUBIS, Special    )
Administrator of the Estate of    )
MR. ISMED NASUTION, deceased;    )
    )
MRS. SALMAH AISYAH, Special    )
Administrator of the Estate of    )
MR. ILHAMSYAH OWIE, deceased;    )
    )
MR. NURVINA ARFA, Special Administrator    )
of the Estate of MR. KHALIFUL JOHAR,    )
deceased;    )
    )
MRS. UTRI RAHAYU TEJANINGSIH    )
LIKHOMSATUN, Special Administrator    )
of the Estate of MR. MUSLICH, deceased;    )
    )
MR. RICARDO SIMAMORA, Special    )
Administrator of the Estate of    )
MRS. MARTHA MANIK SH., deceased;    )
    )
MR. PAINGOT MARPAUNG, Special    )
Administrator of the Estate of    )
MRS. MARTHA LUCYA, deceased;    )
    )
MRS. SUARMI, Special Administrator of    )
the Estate of MR. NOKARTO, deceased;    )
    )

MRS. SALIAH, Special Administrator of )
the Estate of MR. NIMROT HAPOSAN )
PANJAITAN, deceased; )
)
MR. ARJUNA ROUSDHIE, Special )
Administrator of the Estate of MRS. )
NURLINA SARI NASUTION, deceased; )
)
MRS. YANTI FARIDAH NASUTION, Special )
Administrator of the Estate of MR. )
CHAIDIR NASUTION, deceased; )
)
MRS. SRI ROHANI, Special Administrator )
of the Estate of MR. PURWOKO BIN )
SUWARNO, deceased; )
)
MS. MARISSA SYLVIA REGINA, Special )
Administrator of the Estate of MR. )
RISMAN ANWAR, deceased; )
)
MR. AMANSYAH SITEPU, Special )
Administrator of the Estate of )
MR. RASNASSAIBU SITEPU, deceased; )
)
MRS. KHAIRANI, Special Administrator )
of the Estate of MR. SUTRISNO, )
deceased; )
)
MRS. SRI ELVI HERIYATI, Special )
Administrator of the Estate of )
MR. SUBAKTI, deceased; )
)
MS. RORO PUTRI LYSTIA, Special )
Administrator of the Estate of MRS. )
RORO SUBANDRIANA, deceased; )
)
YULIE AYU UTARI, Special Administrator )
of the Estate of MR. SUTARA, deceased; )
)
MRS. SYARIFAH LUBIS, Special )
Administrator of the Estate of MR. )
PARULIAN SIMANJUNTAK, deceased; )
)
MS. EKA YUNITA, Special Administrator )
of the Estate of MR. M. SALIM, deceased;)
)

HJ. SITI JULIANA DALIMUNTHE, Special )
Administrator of the Estate of MR. IR. )
ARMEN SYAHPUTRA, deceased; )
)
MRS. SUYANTI, Special Administrator of )
the Estate of MR. SOPIANTO, deceased; )
)
CRISTINE CORY ISABELA S., Special )
Administrator of the Estate of MR. )
IR. RADJIN JOP SIBERO, deceased; )
)
MRS. ROSMIATI, Special Administrator of )
the Estate of MR. SABARUDDIN, deceased; )
)
MRS. ERIKA SITANGGANG, Special )
Administrator of the Estate of MR. )
BONAHARA LUMBAN TOBING, deceased; )
)
MR. HANAFI S. GUCIANO, Special )
Administrator of the Estate of MRS. )
TITIN AYUASIH SUWANDI, deceased; )
)
MRS. JULIANA KURNIAWAN, Special )
Administrator of the Estate of )
MR. TOSIMIN, deceased; )
)
MRS. INDRAWATI, Special Administrator )
of the Estate of MR. WARIDI, deceased; )
)
MRS. ELIZA MAMINTA WIJAYA, Special )
Administrator of the Estate of MR. )
JULIAN MURA WIJAYA, deceased; )
)
MR. IQBAL, Special Administrator of )
the Estate of MR. IR. MUHAMMAD YAMIN, )
deceased; )
)
MRS. TUTIK HERYANTINAH, Special )
Administrator of the Estate of MR. )
YANCE ISKANDAR, deceased; )
)
MRS. NURFACHIYAH NINGSIH, Special )
Administrator of the Estate of MR. )
TAHTA YUWALDI, deceased; )
)
MS. PANGESTY ANGGRAENY, Special )
Administrator of the Estate of )
MR. SUTOMO, deceased; )

4

MR. ARJUNAIDI MARBUN, Special )
Administrator of the Estate of )
MR. MARADEN MARBUN, deceased; )
                                            )
MRS. NGTAMI, Special Administrator )
of the Estate of MR. SYAHRIAL POHAN, )
deceased; )
                                            )
                            Plaintiffs, )
                                            )
                -vs- )
                                            )
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, formerly known as )
SUNDSTRAND CORPORATION, )
                                            )
                            Defendants. )

## COMPLAINT AT LAW

Now come plaintiffs, MS. ELLA MADANELA DWI MUSTIKA, et al., by and through their attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

## COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, Ms. Ella Madanela Dwi Mustika, was born on December 23, 1986, and is the daughter of decedent, Mr. Achmad Chotib Syamsur. Ms. Ditta Mandella Dwi R. was born on April 17,

1990, and is the minor daughter of decedent, Mr. Achmad Chotib Syamsur.

3.   This cause of action is brought by plaintiff, Ms. Ella Madanela Dwi Mustika, Special Administrator of the Estate of Mr. Achmad Chotib Syamsur, deceased, for the sole benefit of these surviving children of decedent.

4.   Plaintiff, Mrs. Efni Syahril, is the spouse of decedent, Mr. Amirruddin.  Ms. Latifa Ashila Ardani was born on May 10, 1997, and is the minor daughter of decedent, Mr. Amirruddin.

5.   This cause of action is brought by plaintiff, Mrs. Efni Syahril, Special Administrator of the Estate of Mr. Amirruddin, deceased, for the sole benefit of this surviving minor child of decedent.

6.   Plaintiff, Mr. Adi Dharmawan Ardjasoebrata, is the son of decedents, Mr. Apon Rendi Ardjasoebrata and Mrs. Elly Yuliani. Ardi Riawan Ardjasoebrata was born on August 18, 1986, and is the daughter of decedents, Mr. Apon Rendi Ardjasoebrata and Mrs. Elly Yuliani.

7.   This cause of action is brought by plaintiff, Mr. Adi Dharmawan Ardjasoebrata, Special Administrator of the Estate of Mr. Apon Rendi Ardjasoebrata, deceased, and of the Estate of Mrs. Elly Yuliani, deceased, for the sole benefit of this surviving child of decedents.

6

8. Plaintiff, Mrs. Belinda Adelin, is the spouse of decedent, Mr. Agustono Djunaidi. Ms. Mabela Nobel was born on May 11, 1996, and Ms. Marcella Nobel was born on May 20, 1998, and they are the minor daughters of decedent, Mr. Agustono Djunaidi.

9. This cause of action is brought by plaintiff, Mrs. Belinda Adelin, Special Administrator of the Estate of Mr. Agustono Djunaidi, deceased, for the sole benefit of these surviving minor children of decedents.

10. Plaintiff, Mr. Budi Ashsiddiq Manggala, was born on November 26, 1985, and is the son of decedent, Mr. Aldys Asbiran. Ms. Wulandari Rizky Thawafany was born on December 4, 1992, and Ms. Andhiny Umra Verona was born on January 20, 1995, and they are the minor daughters of decedent, Mr. Aldys Asbiran.

11. This cause of action is brought by plaintiff, Mr. Budi Ashsiddiq Manggala, Special Administrator of the Estate of Mr. Aldys Asbiran, deceased, for the sole benefit of these surviving children of decedent.

12. Plaintiff, Mrs. Zahara Aini binti Ali Hamzah, is the spouse of decedent, Mr. Amminuddin Muhammad. Ms. Lydia Ananda was born on August 11, 1991, and Ms. Yunisa Permata Hatimi was born on June 25, 1997, and they are the minor daughters of decedent, Mr. Aminuddin Muhammad.

13. This cause of action is brought by plaintiff, Mrs. Zahara Aini binti Ali Hamzah, Special Administrator of the Estate of Mr.

Aminuddin Muhammad, deceased, for the sole benefit of these surviving minor children of decedent.

14. Plaintiff, Mr. Gunawan Pribadi, was born on May 30, 1985, and is the son of decedent, Mr. Burhanuddin. Budi Guanda was born on March 31, 1990, and Tiara Purnama Sari was born on May 15, 1997, and they are the minor children of decedent, Mr. Burhanuddin.

15. This cause of action is brought by plaintiff, Mr. Gunawan Pribadi, Special Administrator of the Estate of Mr. Burhanuddin, deceased, for the sole benefit of these surviving children of decedent.

16. Plaintiff, Mrs. Yenti, is the spouse of decedent, Mr. Bambang Sistiyanto, YSM. Ms. Sesa Nova Puja Kesuma was born on November 15, 1994, and is the minor daughter of decedent, Mr. Bambang Sistiyanto, YSM.

17. This cause of action is brought by plaintiff, Mrs. Yenti, Special Administrator of the Estate of Mr. Bambang Sistiyanto, YSM., deceased, for the sole benefit of this surviving minor child of decedent.

18. Plaintiff, Ms. Ade Rinanda Lubis, is the daughter of decedent, Mr. Bachri Syahnan Lubis. Ms. Febrinafarisyah Lubis was born on February 20, 1988, and Ms. Vika Dayani Lubis was born on January 9, 1993, and they are the minor daughters of decedent, Mr. Bachri Syahnan Lubis.

8

19.   This cause of action is brought by plaintiff, Ms. Ade Rinanda Lubis, Special Administrator of the Estate of Mr. Bachri Syahnan Lubis, deceased, for the sole benefit of these surviving minor children of decedent.

20.   Plaintiff, Mr. Irvan, is the spouse of decedent, Mrs. Jully Chandra.   Mr. Steven Tanoto was born on September 11, 1989, and Ms. Stephanie Tanoto was born on December 31, 1993, and are the minor children of decedent, Mrs. Jully Chandra.

21.   This cause of action is brought by plaintiff, Mr. Irvan, Special Administrator of the Estate of Mrs. Jully Chandra, deceased, for the sole benefit of these surviving minor children of decedent.

22.   Plaintiff, Mr. Raja Heru Permadi, was born on April 6, 1985, and is the son of decedent, Mr. Raja Djumhana Johan.  Ms. Raja Sabrina Adiati was born on April 27, 1991, and is the minor daughter of decedent, Mr. Raja Djumhana Johan.

23.   This cause of action is brought by plaintiff, Mr. Raja Heru Permadi, Special Administrator of the Estate of Mr. Raja Djumhana Johan, deceased, for the sole benefit of these surviving children of decedent.

24.   Plaintiff, Mrs. Noriata Boru Lumban Teruan, is the spouse of decedent, Mr. Donald Manampin Hutasoit.   Mr. Leoner Fredy Hutasoit was born on October 24, 1986, and Mr. Luhut Hutasoit was

born on April 7, 1993, and are the minor sons of decedent, Mr. Donald Manampin Hutasoit.

25.    This cause of action is brought by plaintiff, Mrs. Noriata Boru Lumban Teruan, Special Administrator of the Estate of Mr. Donald Manampin Hutasoit, deceased, for the sole benefit of these surviving minor children of decedent.

26.    Plaintiff, Mrs. Nurlaelasari, is the spouse of decedent, Mr. Didi Zakaria.  Mr. Lazuardy Ramadhan Zakaria was born on April 1, 1990, and Mr. Giovanni Anggrada Zakaria was born on May 17, 1994, and are the minor sons of decedent, Mr. Didi Zakaria.

27.    This cause of action is brought by plaintiff, Mrs. Nurlaelasari, Special Administrator of the Estate of Mr. Didi Zakaria, deceased, for the sole benefit of these surviving minor children of decedent.

28.    Plaintiff, Mrs. Mariana Panggabean, is the spouse of decedent, Mr. Firdaus Panjaitan.  Mr. Dawnson Marius Panjaitan was born on March 22, 1995, and Mr. Danny Darius Panjaitan was born on March 14, 1996, and are the minor sons of decedent, Mr. Firdaus Panjaitan.

29.    This cause of action is brought by plaintiff, Mrs. Mariana Panggabean, Special Administrator of the Estate of Mr. Firdaus Panjaitan, deceased, for the sole benefit of these surviving minor children of decedent.

10

30.  Plaintiff, Mrs. Neni Dwi Astuti Hutagalung, is the spouse of decedent, Mr. Manalup Pardamean Hutagalung. Mr. Bonggal Jordan Hutagalung was born on July 28, 1988, Mr. Girgir Samuel Hutagalung was born on May 21, 1992, and Ms. Ruth Hutagalung was born on January 28, 1997, and are the minor children of decedent, Mr. Manalup Pardamean Hutagalung.

31.  This cause of action is brought by plaintiff, Mrs. Neni Dwi Astuti Hutagalung, Special Administrator of the Estate of Mr. Manalup Pardamean Hutagalung, deceased, for the sole benefit of these surviving minor children of decedent.

32.  Plaintiff, Mrs. Triana Sari, is the spouse of decedent, Mr. R. Heddy Hadiwinata.  Ms. Anisah Nurditasar was born on November 21, 1990, and Mr. Mohammad Arditya Hadiwinata was born on November 22, 1994, and are the minor children of decedent, Mr. R. Heddy Hadiwinata.

33.  This cause of action is brought by plaintiff, Mrs. Triana Sari, Special Administrator of the Estate of Mr. R. Heddy Hadiwinata, deceased, for the sole benefit of these surviving minor children of decedent.

34.  Plaintiff, Mrs. Holidah Wati Lubis, is the spouse of decedent, Mr. Ismed Nasution.  Ms. Karina Amelia Nasution was born on April 20, 1996, and is the minor daughter of decedent, Mr. Ismed Nasution.

35.   This cause of action is brought by plaintiff, Mrs. Holidah Wati Lubis, Special Administrator of the Estate of Mr. Ismed Nasution, deceased, for the sole benefit of this surviving minor child of decedent.

36.   Mrs. Salmah Aisyah, is the spouse of decedent, Mr. Ilhamsyah Owie.  Ms. Ledy Sofia Leoni was born on August 20, 1987, Mr. Al Kautsar Prawira Sailanov was born on November 19, 1988, and Ms. Putri Raudhatul Astari was born on December 24, 1993, and are the minor children of decedent, Mr. Ilhamsyah Owie.

37. This cause of action is brought by plaintiff, Mrs. Salmah Aisyah, Special Administrator of the Estate of Mr. Ilhamsyah Owie, deceased, for the sole benefit of these surviving minor children of decedent.

38.   Plaintiff, Mr. Nurvina Arfa, was born on May 25, 1985, and is the son of decedent, Mr. Khaliful Johar.   Mr. Mohammad Raziev Taneka was born on August 20, 1989, and Mr. Mohammad Qadri Al Kharana was born on December 21, 1991, and are the minor sons of decedent, Mr. Khaliful Johar.

39. This cause of action is brought by plaintiff, Mr. Nurvina Arfa, Special Administrator of the Estate of Mr. Khaliful Johar, deceased, for the sole benefit of these surviving children of decedent.

40.   Plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, is the spouse of decedent, Mr. Muslich.  Mr. Adin Wahyu Pratama was

12

born on August 25, 1994, and Ms. Armi Winda Pratiwi was born on November 13, 1997, and are the minor children of decedent, Mr. Muslich.

41. This cause of action is brought by plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, Special Administrator of the Estate of Mr. Muslich, deceased, for the sole benefit of these surviving minor children of decedent.

42. Plaintiff, Mr. Ricardo Simamora, is the spouse of decedent, Mrs. Martha Manik SH. Ms. Sovia Febrina Tamaulina Simamora was born on February 10, 1989, Ms. Grace Notarica Simamora was born on February 27, 1992, and Ms. Vanie Dathani Simamora was born on November 15, 1994, and are the minor daughters of decedent, Mrs. Martha Manik SH.

43. This cause of action is brought by plaintiff, Mr. Ricardo Simamora, Special Administrator of the Estate of Mrs. Martha Manik SH., deceased, for the sole benefit of these surviving minor children of decedent.

44. Plaintiff, Mr. Paingot Marpaung, is the spouse of decedent, Mrs. Martha Lucya. Mr. Christian Paulus was born on November 27, 1988, Ms. Revina Ester Triani Marpaung was born on November 3, 1992, and Ms. Puspita Witria Merikristina was born on December 28, 1996, and are the minor children of decedent, Mrs. Martha Lucya.

45. This cause of action is brought by plaintiff, Mr. Paingot Marpaung, Special Administrator of the Estate of Mrs. Martha Lucya, deceased, for the sole benefit of these surviving minor children of decedent.

46. Plaintiff, Mrs. Suarmi, is the spouse of decedent, Mr. Nokarto. Mr. Muhammad Ichsan was born on January 7, 1989, and is the minor son of decedent, Mr. Nokarto.

47. This cause of action is brought by plaintiff, Mrs. Suarmi, Special Administrator of the Estate of Mr. Nokarto, deceased, for the sole benefit of this surviving minor child of decedent.

48. Plaintiff, Mrs. Saliah, is the spouse of decedent, Mr. Nimrot Haposan Panjaitan. Ms. Vera Sari Panjaitan was born on July 14, 1991, and Mr. Dedi Arisandi Panjaitan was born on July 24, 1996, and are the minor children of decedent, Mr. Nimrot Haposan Panjaitan.

49. This cause of action is brought by plaintiff, Mrs. Saliah, Special Administrator of the Estate of Mr. Nimrot Haposan Panjaitan, deceased, for the sole benefit of these surviving minor children of decedent.

50. Plaintiff, Mr. Arjuna Rousdhie, is the spouse of decedent, Mrs. Nurlina Sari Nasution. Faridah Amalia Mandaga was born on November 14, 1987, and is the minor daughter of decedent, Mrs. Nurlina Sari Nasution.

14

51.  This cause of action is brought by plaintiff, Mr. Arjuna Rousdhie, Special Administrator of the Estate of Mrs. Nurlina Sari Nasution, for the sole benefit of this surviving minor child of decedent.

52.  Plaintiff, Mrs. Yanti Faridah Nasution, is the spouse of decedent, Mr. Chaidir Nasution.  Ms. Ridha Pradha Nasution was born on July 7, 1989, and is the minor daughter of decedent, Mr. Chaidir Nasution.

53.  This cause of action is brought by plaintiff, Mrs. Yanti Faridah Nasution, Special Administrator of the Estate of Mr. Chaidir Nasution, deceased, for the sole benefit of this surviving minor child of decedent.

54.  Plaintiff, Mrs. Sri Rohani, is the spouse of decedent, Mr. Purwoko bin Suwarno.  Ms. Ryska Purnamasari was born on October 7, 1991, and Ms. Safira Aprianti Balqis was born on April 9, 1997, and are the minor daughters of decedent, Mr. Purwoko bin Suwarno.

55.  This cause of action is brought by plaintiff, Mrs. Sri Rohani, Special Administrator of the Estate of Mr. Purwoko bin Suwarno, deceased, for the sole benefit of these surviving minor children of decedent.

56.  Plaintiff, Ms. Marissa Sylvia Regina, was born on March 12, 1986, and is the daughter of decedent, Mr. Risman Anwar.  Ms. Vicky Yulvian Rinaldi was born on July 4, 1987, and is the minor daughter of decedent, Mr. Risman Anwar.

15

57. This cause of action is brought by plaintiff, Ms. Marissa Sylvia Regina, Special Administrator of the Estate of Mr. Risman Anwar, deceased, for the sole benefit of these surviving children of decedent.

58. Plaintiff, Mr. Amansyah Sitepu, was born on August 5, 1986, and is the son of decedent, Mr. Rasnassaibu Sitepu.

59. This cause of action is brought by plaintiff, Mr. Amansyah Sitepu, Special Administrator of the Estate of Mr. Rasnassaibu Sitepu, deceased, for the sole benefit of this surviving child of decedent.

60. Plaintiff, Mrs. Khairani, is the spouse of decedent, Mr. Sutrisno. Ms. Dona Rischa Pratiwi was born on March 14, 1988, Reidha Ade Juliana was born on July 10, 1989, and Tribowo Setiawan was born on November 3, 1994, and are the minor children of decedent, Mr. Sutrisno.

61. This cause of action is brought by plaintiff, Mrs. Khairani, Special Administrator of the Estate of Mr. Sutrisno, deceased, for the sole benefit of these surviving minor children of decedent.

62. Plaintiff, Mrs. Sri Elvi Heriyati, is the spouse of decedent, Mr. Subakti. Tiara Lukita Dewi was born on August 30, 1988, and Thomi Falahan was born on December 29, 1992, and are the minor children of decedent, Mr. Subakti.

16

63. This cause of action is brought by plaintiff, Mrs. Sri Elvi Heriyati, Special Administrator of the Estate of Mr. Subakti, deceased, for the sole benefit of these surviving minor children of decedent.

64. Plaintiff, Ms. Roro Putri Lystia, was born on September 1, 1986, and is the daughter of decedent, Mrs. Roro Subandriana. Ms. Roro Dinda Listya was born on May 22, 1989, and Ms. Roro Dhaniar Entys Ayuningtias was born on September 26, 1991, and are the minor daughters of decedent, Mrs. Roro Subandriana.

65. This cause of action is brought by plaintiff, Ms. Roro Putri Lystia, Special Administrator of the Estate of Mrs. Roro Subandriana, deceased, for the sole benefit of these surviving children of decedent.

66. Plaintiff, Yulie Ayu Utari, was born on September 8, 1985, and is the son of decedent, Mr. Sutara. Astrid Siska Pratiwi was born on September 4, 1992, and is the minor daughter of decedent, Mr. Sutara.

67. This cause of action is brought by plaintiff, Yulie Ayu Utari, Special Administrator of the Estate of Mr. Sutara, deceased, for the sole benefit of these surviving children of decedent.

68. Plaintiff, Mrs. Syarifah Lubis, is the spouse of decedent, Mr. Parulian Simanjuntak. Ms. Khosalia Devi Simanjuntak was born on September 2, 1989, and is the minor daughter of decedent, Mr. Parulian Simanjuntak.

17

69.   This cause of action is brought by plaintiff, Mrs. Syarifah Lubis, Special Administrator of the Estate of Mr. Parulian Simanjuntak, deceased, for the sole benefit of this surviving minor child of decedent.

70.   Plaintiff, Ms. Eka Unita, is the daughter of decedent, Mr. M. Salim.   Ade Syavera Citra Qoriah was born on August 19, 1992, and is the minor daughter of decedent, Mr. M. Salim.

71.   This cause of action is brought by plaintiff, Ms. Eka Unita, Special Administrator of the Estate of Mr. M. Salim, for the sole benefit of this surviving minor child of decedent.

72.   Plaintiff, HJ. Siti Juliana Dalimunthe, is the spouse of decedent, Mr. IR. Armen Syahputra.   Ms. Fithia Kharmima Putri was born on May 27, 1992, and Ms. Sarah Chairunnisa Arsy was born on July 30, 1994, and are the minor daughters of decedent, Mr. IR. Armen Syahputra.

73.   This cause of action is brought by plaintiff, HJ. Siti Juliana Dalimunthe, Special Administrator of the Estate of Mr. IR. Armen Syahputra, deceased, for the sole benefit of these surviving minor children of decedent.

74.   Plaintiff, Mrs. Suyanti, is the spouse of decedent, Mr. Sopianto.   Mr. Septian Nugraha was born on September 9, 1996, and is the minor son of decedent, Mr. Sopianto.

75.   This cause of action is brought by plaintiff, Mrs. Suyanti, Special Administrator of the Estate of Mr. Sopianto,

18

deceased, for the sole benefit of this surviving minor child of decedent.

76.  Plaintiff, Cristine Cory Isabela S., was born on December 13, 1985, and is the daughter of decedent, Mr. IR. Radjin Jop Sibero.

77.  This cause of action is brought by plaintiff, Cristine Cory Isabela S., Special Administrator of the Estate of Mr. IR. Radjin Jop Sibero, deceased, for the sole benefit of this surviving child of decedent.

78.  Plaintiff, Mrs. Rosmiati, is the spouse of decedent, Mr. Sabaruddin.  Ms. Sari Ekawati was born on April 28, 1987, Ms. Sari Dwiyanti was born on April 28, 1987, and Ms. Tri Ayu Puspita Sari was born on January 24, 1993, and are the minor daughters of decedent, Mr. Sabaruddin.

79.  This cause of action is brought by plaintiff, Mrs. Rosmiati, Special Administrator of the Estate of Mr. Sabaruddin, deceased, for the sole benefit of these surviving minor children of decedent.

80.  Plaintiff, Mrs. Erika Sitanggang, is the spouse of decedent, Mr. Bonahara Lumban Tobing.  Ms. Rini Agnes Mutiara Lumban Tobing was born on August 6, 1986, Ms. Kristin Lumban Tobing was born on October 17, 1987, Mr. Berry SML Tobing was born on

19

March 15, 1990, and Ms. Chintya Luman Tobing was born on August 7, 1993, and are the children of decedent, Mr. Bonahara Lumban Tobing.

81.  This cause of action is brought by plaintiff, Mrs. Erika Sitanggang, Special Administrator of the Estate of Mr. Bonahara Lumban Tobing, deceased, for the sole benefit of these surviving children of decedent.

82.  Plaintiff, Mr. Hanafi S. Guciano, is the spouse of decedent, Mrs. Titin Ayuasih Suwandi.  Mr. Palemo Mahesa Guciano was born on June 11, 1994, and is the minor son of decedent, Mrs. Titin Ayuasih Suwandi.

83.  This cause of action is brought by plaintiff, Mr. Hanafi S. Guciano, Special Administrator of the Estate of Mrs. Titin Ayuasih Suwandi, deceased, for the sole benefit of this surviving minor child of decedent.

84.  Plaintiff, Mrs. Juliana Kurniawan, is the spouse of decedent, Mr. Tosimin.  Mr. Tenshiro was born on September 14, 1993, and Mr. Sachiko Inaba was born on August 11, 1996, and are the minor sons of decedent, Mr. Tosimin.

85.  This cause of action is brought by plaintiff, Mrs. Juliana Kurniawan, Special Administrator of the Estate of Mr. Tosimin, deceased, for the sole benefit of these surviving minor children of decedent.

86.   Plaintiff, Mrs. Indrawati, is the spouse of decedent, Mr. Waridi.   Nia Permatasari was born on November 5, 1995, and is the minor daughter of decedent, Mr. Waridi.

87.   This cause of action is brought by plaintiff, Mrs. Indrawati, Special Administrator of the Estate of Mr. Waridi, deceased, for the sole benefit of this surviving minor child of decedent.

88.   Plaintiff, Mrs. Eliza Maminta Wijaya, is the spouse of decedent, Mr. Julian Mura Wijaya.   Ms. Kullian Maminta Wijaya was born on July 12, 1991, and Mr. Russel Maminta Wijaya was born on June 11, 1993, and are the minor children of decedent, Mr. Julian Mura Wijaya.

89.   This cause of action is brought by plaintiff, Mrs. Eliza Maminta Wijaya, Special Administrator of the Estate of Mr. Julian Mura Wijaya, deceased, for the sole benefit of these surviving minor children of decedent.

90.   Plaintiff, Mr. Iqbal, was born on March 7, 1986, and is the son of decedent, Mr. IR. Muhammad Yamin.   Mirza Mustaqim was born on August 14, 1990, and Maudi Mauliza was born on November 15, 1995, and are the minor children of decedent, Mr. IR. Muhammad Yamin.

91.   This cause of action is brought by plaintiff, Mr. Iqbal, Special Administrator of the Estate of Mr. IR. Muhammad Yamin,

21

deceased, for the sole benefit of these surviving children of decedent.

92. Plaintiff, Mrs. Tutik Heryantinah, is the spouse of decedent, Mr. Yance Iskandar. Ms. Claresta Febristi was born on February 18, 1997, and is the minor daughter of decedent, Mr. Yance Iskandar.

93. This cause of action is brought by plaintiff, Mrs. Tutik Heryantinah, Special Administrator of the Estate of Mr. Yance Iskandar, deceased, for the sole benefit of this surviving minor child of decedent.

94. Plaintiff, Mrs. Nurfachiyah Ningsih, is the spouse of decedent, Mr. Tahta Yuwaldi. Alief Nochtavio was born on July 22, 1990, and Achmed Apprinikov was born on April 21, 1992, and are the minor sons of decedent, Mr. Tahta Yuwaldi.

95. This cause of action is brought by plaintiff, Mrs. Nurfachiyah Ningsih, Special Administrator of the Estate of Mr. Tahta Yuwaldi, deceased, for the sole benefit of these surviving minor children of decedent.

96. Plaintiff, Ms. Pangesty Anggraeny, was born on August 20,1985, and is the daughter of decedent, Mr. Sutomo.

97. This cause of action is brought by plaintiff, Ms. Pangesty Anggraeny, Special Administrator of the Estate of Mr. Sutomo, deceased, for the sole benefit of this surviving child of decedent.

22

98.   Plaintiff, Mr. Arjunaidi Marbun, was born on October 5, 1986, and is the son of decedent, Mr. Maraden Marbun.  Mr. Ahmad Fernando Marbun was born on May 11, 1988, and Mr. Karya Sipandi Marbun was born on July 6, 1990, and are the minor sons of decedent, Mr. Maraden Marbun.

99.   This cause of action is brought by plaintiff, Mr. Arjunaidi Marbun, Special Administrator of the Estate of Mr. Maraden Marbun, deceased, for the sole benefit of these surviving children of decedent.

100.   Plaintiff, Mrs. Ngtami, is the spouse of decedent, Mr. Syahrial Pohan.  Mr. Ria Jelita Pohan was born on July 12, 1988, and is the minor son of decedent, Mr. Syahrial Pohan.

101.   This cause of action is brought by plaintiff, Mrs. Ngtami, Special Administrator of the Estate of Mr. Syahrial Pohan, deceased, for the sole benefit of this surviving minor child of decedent.

102.  On September 26, 1997, plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL

JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

103. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

104. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

    (a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and,

specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

105.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents:   MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR

NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, were injured and caused to expire.

106. At the time of the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH

SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, they each left surviving children, as set forth in paragraphs 2 through 101, above, for whose sole benefit this action is brought.

107.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support, resulting from the deaths of plaintiffs' decedents:  MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

27

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them.

108.  Plaintiff, Ms. Ella Madanela Dwi Mustika, is the duly appointed special administrator of the estate of Mr. Achmad Chotib Syamsur, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Ditta Mandella Dwi R., a minor, as the surviving children of this decedent.

109.  Plaintiff, Mrs. Efni Syahril, is the duly appointed special administrator of the estate of Mr. Amirruddin, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Latifa Ashila Ardani, a minor, as the surviving child of this decedent.

110.  Plaintiff, Mr. Adi Dharmawan Ardjasoebrata, is the duly appointed special administrator of the estate of Mr. Apon Rendi Ardjasoebrata, deceased, and of the Estate of Mrs. Elly Yuliani, deceased, by order of this Court.  This action is brought for the sole benefit of Ardi Riawan Ardjasoebrata, as the surviving child of this decedent.

111.  Plaintiff, Mrs. Belinda Adelin, is the duly appointed special administrator of the estate of Mr. Agustono Djunaidi, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Mabela Nobel, a minor, and Ms. Marcella Nobel, a minor, as the surviving children of this decedent.

112.    Plaintiff, Mr. Budi Ashsiddiq Manggala, is the duly appointed special administrator of the estate of Mr. Aldys Asbiran, deceased, by order of this Court.   This action is brought for the sole benefit of plaintiff and Ms. Wulandari Rizky Thawafany, a minor, and Ms. Andhiny Umra Verona, a minor, as the surviving children of this decedent.

113.    Plaintiff, Mrs. Zahara Aini binti Ali Hamzah, is the duly appointed special administrator of the estate of Mr. Aminuddin Muhammad, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Lydia Ananda, a minor, and Ms. Yunisa Permata Hatimi, a minor, as the surviving children of this decedent.

114.    Plaintiff, Mr. Gunawan Pribadi, is the duly appointed special administrator of the estate of Mr. Burhanuddin, deceased, by order of this Court.   This action is brought for the sole benefit of plaintiff and Budi Guanda, a minor, and Tiara Purnama Sari, a minor, as the surviving children of this decedent.

115.    Plaintiff, Mrs. Yenti, is the duly appointed special administrator of the estate of Mr. Bambang Sistiyanto, YSM., deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Sesa Nova Puja Kesuma, a minor, as the surviving child of this decedent.

116.    Plaintiff, Ms. Ade Rinanda Lubis, is the duly appointed special administrator of the estate of Mr. Bachri Syahnan Lubis,

29

deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Febrinafarisyah Lubis, a minor, and Ms. Vika Dayani Lubis, a minor, as the surviving children of this decedent.

117.  Plaintiff, Mr. Irvan, is the duly appointed special administrator of the estate of Mrs. Jully Chandra, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Steven Tanoto, a minor, and Ms. Stephanie Tanoto, a minor, as the surviving children of this decedent.

118.  Plaintiff, Mr. Raja Heru Permadi, is the duly appointed special administrator of the estate of Mr. Raja Djumhana Johan, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Raja Sabrina Adiati, a minor, as the surviving children of this decedent.

119.  Plaintiff, Mrs. Noriata Boru Lumban Teruan, is the duly appointed special administrator of the estate of Mr. Donald Manampin Hutasoit, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Leoner Fredy Hutasoit, a minor, and Mr. Luhut Hutasoit, a minor, as the surviving children of this decedent.

120.  Plaintiff, Mrs. Nurlaelasari, is the duly appointed special administrator of the estate of Mr. Didi Zakaria, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Lazuardy Ramadhan Zakaria, a minor, and Mr. Giovanni

30

Anggrada Zakaria, a minor, as the surviving children of this decedent.

121.    Plaintiff, Mrs. Mariana Panggabean, is the duly appointed special administrator of the estate of Mr. Firdaus Panjaitan, deceased, by order of this Court.    This action is brought for the sole benefit of Mr. Dawnson Marius Panjaitan, a minor, and Mr. Danny Darius Panjaitan, a minor, as the surviving children of this decedent.

122.    Mrs. Neni Dwi Astuti Hutagalung, is the duly appointed special administrator of the estate of Mr. Manalup Pardamean Hutagalung, deceased, by order of this Court.    This action is brought for the sole benefit of Mr. Bonggal Jordan Hutagalung, a minor, Mr. Girgir Samuel Hutagalung, a minor, and Ms. Ruth Hutagalung, a minor, as the surviving children of this decedent.

123.    Mrs. Triana Sari, is the duly appointed special administrator of the estate of Mr. R. Heddy Hadiwinata, deceased, by order of this Court.    This action is brought for the sole benefit of Ms. Anisah Nurditasar, a minor, and Mr. Mohammad Arditya Hadiwinata, a minor, as the surviving children of this decedent.

124.    Mrs. Holidah Wati Lubis, is the duly appointed special administrator of the estate of Mr. Ismed Nasution, deceased, by order of this Court.    This action is brought for the sole benefit of Ms. Karina Amelia Nasution, a minor, as the surviving child of this decedent.

31

125.   Mrs. Salmah Aisyah, is the duly appointed special administrator of the estate of Mr. Ilhamsyah Owie, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ledy Sofia Leoni, a minor, Mr. Al Kautsar Prawira Sailanov, a minor, and Ms. Putri Raudhatul Astari, a minor, as the surviving children of this decedent.

126.   Plaintiff, Mr. Nurvina Arfa, is the duly appointed special administrator of the estate of Mr. Khaliful Johar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Mr. Mohammad Raziev Taneka, a minor, and Mr. Mohannad Qadri Al Kharana, a minor, as the surviving children of this decedent.

127.   Plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, is the duly appointed special administrator of the estate of Mr. Muslich, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Adin Wahyu Pratama, a minor, and Ms. Armi Winda Pratiwi, a minor, as the surviving children of this decedent.

128.   Plaintiff, Mr. Ricardo Simamora, is the duly appointed special administrator of the estate of Mrs. Martha Manik SH., deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Sovia Febrina Tamaulina Simamora, a minor, Ms. Grace Notarica Simamora, a minor, and Ms. Vanie Dathani Simamora, a minor, as the surviving children of this decedent.

129. Plaintiff, Mr. Paingot Marpaung, is the duly appointed special administrator of the estate of Mrs. Martha Lucya, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Christian Paulus, a minor, Ms. Revina Ester Triani Marpaung, a minor, and Ms. Puspita Witria Merikristina, a minor, as the surviving children of this decedent.

130. Plaintiff, Mrs. Suarmi, is the duly appointed special administrator of the estate of Mr. Nokarto, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Muhammad Ichsan, a minor, as the surviving child of this decedent.

131. Plaintiff, Mrs. Saliah, is the duly appointed special administrator of the estate of Mr. Nimrot Haposan Panjaitan, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Vera Sari Panjaitan, a minor, and Mr. Dedi Arisandi Panjaitan, a minor, as the surviving children of this decedent.

132. Plaintiff, Mr. Arjuna Rousdhie, is the duly appointed special administrator of the estate of Mrs. Nurlina Sari Nasution, deceased, by order of this Court. This action is brought for the sole benefit of Faridah Amalia Mandaga, a minor, as the surviving child of this decedent.

133. Plaintiff, Mrs. Yanti Faridah Nasution, is the duly appointed special administrator of the estate of Mr. Chaidir Nasution, deceased, by order of this Court. This action is brought

33

for the sole benefit of Ms. Ridha Pradha Nasution, a minor, as the surviving child of this decedent.

134.    Plaintiff, Mrs. Sri Rohani, is the duly appointed special administrator of the estate of Mr. Purwoko bin Suwarno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ryska Purnamasari, a minor, and Ms. Safira Aprianti Balqis, a minor, as the surviving children of this decedent.

135.    Plaintiff, Ms. Marissa Sylvia Regina, is the duly appointed special administrator of the estate of Mr. Risman Anwar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Vicky Yulvian Rinaldi, a minor, as the surviving child of this decedent.

136.    Plaintiff, Mr. Amansyah Sitepu, is the duly appointed special administrator of the estate of Mr. Rasnassaibu Sitepu, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

137.  Plaintiff, Mrs. Khairani, is the duly appointed special administrator of the estate of Mr. Sutrisno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Dona Rischa Pratiwi, a minor, Reidha Ade Juliana, a minor, and Tribowo Setiawan, a minor, as the surviving children of this decedent.

138.  Plaintiff, Mrs. Sri Elvi Heriyati, is the duly appointed special administrator of the estate of Mr. Subakti, deceased, by order of this Court.  This action is brought for the sole benefit of Tiara Lukita Dewi, a minor, and Thomi Falahan, a minor, as the surviving children of this decedent.

139.  Plaintiff, Ms. Roro Putri Lystia, is the duly appointed special administrator of the estate of Mrs. Roro Subandriana, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Roro Dinda Listya, a minor, and Ms. Roro Dhaniar Entys Ayuningtias, a minor, as the surviving children of this decedent.

140.  Plaintiff, Yulie Ayu Utari, is the duly appointed special administrator of the estate of Mr. Sutara, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Astrid Siska Pratiwi, a minor, as the surviving children of this decedent.

141.  Plaintiff, Mrs. Syarifah Lubis, is the duly appointed special administrator of the estate of Mr. Parulian Simanjuntak, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Khosalia Devi Simanjuntak, a minor, as the surviving child of this decedent.

142.  Plaintiff, Ms. Eka Yunita, is the duly appointed special administrator of the estate of Mr. M. Salim, deceased, by order of this Court.  This action is brought for the sole benefit of Ade

35

Syavera Citra Qoriah, a minor, as the surviving child of this decedent.

143.   Plaintiff, HJ. Siti Juliana Dalimunthe, is the duly appointed special administrator of the estate of Mr. IR. Armen Syahputra, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Fithia Kharmima Putri, a minor, and Ms. Sarah Chairunnisa Arsy, a minor, as the surviving children of this decedent.

144.   Plaintiff, Mrs. Suyanti, is the duly appointed special administrator of the estate of Mr. Sopianto, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Septian Nugraha, a minor, as the surviving child of this decedent.

145.   Plaintiff, Cristine Cory Isabela S., is the duly appointed special administrator of the estate of Mr. IR. Radjin Jop Sibero, deceased.   This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

146.   Plaintiff, Mrs. Rosmiati, is the duly appointed special administrator of the estate of Mr. Sabaruddin, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Sari Ekawati, a minor, Ms. Sari Dwiyanti, a minor, and Ms. Tri Ayu Puspita Sari, a minor, as the surviving children of this decedent.

147.   Plaintiff, Mrs. Erika Sitanggang, is the duly appointed special administrator of the estate of Mr. Bonahara Lumban Tobing, deceased, by order of this Court.   This action is brought for the

36

sole benefit of Ms. Rini Agnes Mutiara Lumban Tobing, Ms. Kristin Lumban Tobing, a minor, Mr. Berry SML Tobing, a minor, and Ms. Chintya Luman Tobing, a minor, as the surviving children of this decedent.

148. Plaintiff, Mr. Hanafi S. Guciano, is the duly appointed special administrator of the estate of Mrs. Titin Ayuasih Suwandi, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Palemo Mahesa Guciano, a minor, as the surviving child of this decedent.

149. Plaintiff, Mrs. Juliana Kurniawan, is the duly appointed special administrator of the estate of Mr. Tosimin, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Tenshiro, a minor, and Mr. Sachiko Inaba, a minor, as the surviving children of this decedent.

150. Plaintiff, Mrs. Indrawati, is the duly appointed special administrator of the estate of Mr. Waridi, deceased, by order of this Court. This action is brought for the sole benefit of Nia Permatasari, a minor, as the surviving child of this decedent.

151. Plaintiff, Mrs. Eliza Maminta Wijaya, is the duly appointed special administrator of the estate of Mr. Julian Mura Wijaya, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Kullian Maminta Wijaya, a minor, and Mr. Russel Maminta Wijaya, a minor, as the surviving children of this decedent.

37

152. Plaintiff, Mr. Iqbal, is the duly appointed special administrator of the estate of Mr. IR. Muhammad Yamin, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Mirza Mustaqin, a minor, and Maudi Mauliza, a minor, as the surviving children of this decedent.

153. Plaintiff, Mrs. Tutik Heryantinah, is the duly appointed special administrator of the estate of Mr. Yance Iskandar, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Claresta Rebristi, a minor, as the surviving child of this decedent.

154. Plaintiff, Mrs. Nurfachiyah Ningsih, is the duly appointed special administrator of the estate of Mr. Tahta Yuwaldi, deceased, by order of this Court. This action is brought for the sole benefit of Alief Nochtavio, a minor, and Achmed Apprinikov, a minor, as the surviving children of this decedent.

155. Plaintiff, Mr. Pangesty Anggraeny, is the duly appointed special administrator of the estate of Mr. Sutomo, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

156. Plaintiff, Mr. Arjunaidi Marbun, is the duly appointed special administrator of the estate of Mr. Maraden Marbun, deceased, by order of th is Court. This action is brought for the sole benefit of plaintiff and Mr. Ahmad Fernando Marbun, a minor,

and Mr. Karya Sipandi Marbun, a minor, as the surviving children of this decedent.

157.  Plaintiff, Mrs. Ngtami, is the duly appointed special administrator of the estate of Mr. Syahrial Pohan, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Ria Jelita Pohan, a minor, as the surviving child of this decedent.

158.  This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiffs, MS. ELLA MADANELA DWI MUSTIKA, Special Administrator of the Estate of MR. ACHMAD CHOTIB SYAMSUR, deceased; MRS. EFNI SYAHRIL, Special Administrator of the Estate of MR. AMIRRUDDIN, deceased; MR. ADI DHARMAWAN ARDJASOEBRATA, Special Administrator of the Estate of MR. APON RENDI ARDJASOEBRATA, deceased, and of the Estate of MRS. ELLY YULIANI, deceased; MRS. BELINDA ADELIN, Special Administrator of the Estate of MR. AGUSTONO DJUNAIDI, deceased; MR. BUDI ASHSIDDIQ MANGGALA, Special Administrator of the Estate of MR. ALDYS ASBIRAN, deceased; MRS. ZAHARA AINI BINTI ALI HAMZAH, Special Administrator of the Estate of MR. AMINUDDIN MUHAMMAD, deceased; MR. GUNAWAN PRIBADI, Special Administrator of the Estate of MR. BURHANUDDIN, deceased; MRS. YENTI, Special Administrator of the Estate of MR. BAMBANG SISTIYANTO, YSM., deceased; MS. ADE RINANDA LUBIS, Special

39

Administrator of the Estate of MR. BACHRI SYAHNAN LUBIS, deceased;
MR. IRVAN, Special Administrator of the Estate of MRS. JULLY
CHANDRA, deceased; MR. RAJA HERU PERMADI, Special Administrator of
the Estate of MR. RAJA DJUMHANA JOHAN, deceased; MRS. NORIATA BORU
LUMBAN TERUAN, Special Administrator of the Estate of MR. DONALD
MANAMPIN HUTASOIT, deceased; MRS. NURLAELASARI, Special
Administrator of the Estate of MR. DIDI ZAKARIA, deceased; MRS.
MARIANA PANGGABEAN, Special Administrator of the Estate of MR.
FIRDAUS PANJAITAN, deceased; MRS. NENI DWI ASTUTI HUTAGALUNG,
Special Administrator of the Estate of MR. MANALUP PARDAMEAN
HUTAGALUNG, deceased; MRS. TRIANA SARI, Special Administrator of
the Estate of MR. R. HEDDY HADIWINATA, deceased; MRS. HOLIDAH WATI
LUBIS, Special Administrator of the Estate of MR. ISMED NASUTION,
deceased; MRS. SALMAH AISYAH, Special Administrator of the Estate
of MR. ILHAMSYAH OWIE, deceased; MR. NURVINA ARFA, Special
Administrator of the Estate of MR. KHALIFUL JOHAR, deceased; MRS.
UTRI RAHAYU TEJANINGSIH LIKHOMASATUN, Special Administrator of the
Estate of MR. MUSLICH, deceased; MR. RICARDO SIMAMORA, Special
Administrator of the Estate of MRS. MARTHA MANIK SH., deceased; MR.
PAINGOT MARPAUNG, Special Administrator of the Estate of MRS.
MARTHA LUCYA, deceased; MRS. SUARMI, Special Administrator of the
Estate of MR. NOKARTO, deceased; MRS. SALIAH, Special Administrator
of the Estate of MR. NIMROT HAPOSAN PANJAITAN, deceased; MR. ARJUNA
ROUSDHIE, Special Administrator of the Estate of MRS. NURLINA SARI

40

NASUTION, deceased; MRS. YANTI FARIDAH NASUTION, Special Administrator of the Estate of MR. CHAIDIR NASUTION, deceased; MRS. SRI ROHANI, Special Administrator of the Estate of MR. PURWOKO BIN SUWARNO, deceased; MS. MARISSA SYLVIA REGINA, Special Administrator of the Estate of MR. RISMAN ANWAR, deceased; MR. AMANSYAH SITEPU, Special Administrator of the Estate of MR. RASNASSAIBU SITEPU, deceased; MRS. KHAIRANI, Special Administrator of the Estate of MR. SUTRISNO, deceased; MRS. SRI ELVI HERIYATI, Special Administrator of the Estate of MR. SUBAKTI, deceased; MS. RORO PUTRI LYSTIA, Special Administrator of the Estate of MRS. RORO SUBANDRIANA, deceased; YULIE AYU UTARI, Special Administrator of the Estate of MR. SUTARA, deceased; MRS. SYARIFAH LUBIS, Special Administrator of the Estate of MR. PARULIAN SIMANJUNTAK, deceased; MS. EKA YUNITA, Special Administrator of the Estate of MR. M. SALIM, deceased; HJ. SITI JULIANA DALIMUNTHE, Special Administrator of the Estate of MR. IR. ARMEN SYAHPUTRA, deceased; MRS. SUYANTI, Special Administrator of the Estate of MR. SOPIANTO, deceased; CRISTINE CORY ISABELA S., Special Administrator of the Estate of MR. IR. RADJIN JOP SIBERO, deceased; MRS. ROSMIATI, Special Administrator of the Estate of MR. SABARUDDIN, deceased; MRS. ERIKA SITANGGANG, Special Administrator of the Estate of MR. BONHARA LUMBAN TOBING, deceased; MR. HANAFI S. GUCIANO, Special Administrator of the Estate of MRS. TITIN AYUASIH SUWANDI, deceased; MRS. JULIANA KURNIAWAN, Special Administrator of the Estate of MR. TOSIMIN, deceased; MRS. INDRAWATI, Special

41

Administrator of the Estate of MR. WARIDI, deceased; MRS. ELIZA MAMINTA WIJAYA, Special Administrator of the Estate of MR. JULIAN MURA WIJAYA, deceased; MR. IQBAL, Special Administrator of the Estate of MR. IR. MUHAMMAD YAMIN, deceased; MRS. TUTIK HERYANTINAH, Special Administrator of the Estate of MR. YANCE ISKANDAR, deceased; MRS. NURFACHIYAH NINGSIH, Special Administrator of the Estate of MR. TAHTA YUWALDI, deceased; MS. PANGESTY ANGGRAENY, Special Administrator of the Estate of MR. SUTOMO, deceased; MR. ARJUNAIDI MARBUN, Special Administrator of the Estate of MR. MARADEN MARBUN, deceased; MRS. NGTAMI, Special Administrator of the Estate of MR. SYAHRIAL POHAN, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of th is action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-103.   Plaintiffs hereby adopt and reallege paragraphs 1 through 103, inclusive, of Count I as and for paragraphs 1 through 103, inclusive, as Count II of ths Complaint at Law as though fully set forth herein.

104.   It then and there became and was the duly of defendant Sundstrand to exercise ordinary care in the design, manufacture,

assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedents:   MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO, MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them.

105. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not

43

provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

106. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents:  MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR;

44

MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, were injured and caused to expire.

107. At the time of the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, they each left surviving children, as set forth in Count I, paragraphs 2 through 101, above, for whose sole benefit this action is brought.

108. By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

46

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them.

109.   Plaintiff, Ms. Ella Madanela Dwi Mustika, is the duly appointed special administrator of the estate of Mr. Achmad Chotib Syamsur, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Ditta Mandella Dwi R., a minor, as the surviving children of this decedent.

110.   Plaintiff, Mrs. Efni Syahril, is the duly appointed special administrator of the estate of Mr. Amirruddin, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Latifa Ashila Ardani, a minor, as the surviving child of this decedent.

111.   Plaintiff, Mr. Adi Dharmawan Ardjasoebrata, is the duly appointed special administrator of the estate of Mr. Apon Rendi Ardjasoebrata, deceased, and of the Estate of Mrs. Elly Yuliani, deceased, by order of this Court.  This action is brought for the sole benefit of Ardi Riawan Ardjasoebrata, as the surviving child of this decedent.

112.   Plaintiff, Mrs. Belinda Adelin, is the duly appointed special administrator of the estate of Mr. Agustono Djunaidi, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Mabela Nobel, a minor, and Ms. Marcella Nobel, a minor, as the surviving children of this decedent.

47

113.   Plaintiff, Mr. Budi Ashsiddiq Manggala, is the duly appointed special administrator of the estate of Mr. Aldys Asbiran, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Wulandari Rizky Thawafany, a minor, and Ms. Andhiny Umra Verona, a minor, as the surviving children of this decedent.

114.   Plaintiff, Mrs. Zahara Aini binti Ali Hamzah, is the duly appointed special administrator of the estate of Mr. Aminuddin Muhammad, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Lydia Ananda, a minor, and Ms. Yunisa Permata Hatimi, a minor, as the surviving children of this decedent.

115.   Plaintiff, Mr. Gunawan Pribadi, is the duly appointed special administrator of the estate of Mr. Burhanuddin, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Budi Guanda, a minor, and Tiara Purnama Sari, a minor, as the surviving children of this decedent.

116.   Plaintiff, Mrs. Yenti, is the duly appointed special administrator of the estate of Mr. Bambang Sistiyanto, YSM., deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Sesa Nova Puja Kesuma, a minor, as the surviving child of this decedent.

117.   Plaintiff, Ms. Ade Rinanda Lubis, is the duly appointed special administrator of the estate of Mr. Bachri Syahnan Lubis,

48

deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Febrinafarisyah Lubis, a minor, and Ms. Vika Dayani Lubis, a minor, as the surviving children of this decedent.

118.    Plaintiff, Mr. Irvan, is the duly appointed special administrator of the estate of Mrs. Jully Chandra, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Steven Tanoto, a minor, and Ms. Stephanie Tanoto, a minor, as the surviving children of this decedent.

119.  Plaintiff, Mr. Raja Heru Permadi, is the duly appointed special administrator of the estate of Mr. Raja Djumhana Johan, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Raja Sabrina Adiati, a minor, as the surviving children of this decedent.

120.  Plaintiff, Mrs. Noriata Boru Lumban Teruan, is the duly appointed special administrator of the estate of Mr. Donald Manampin Hutasoit, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Leoner Fredy Hutasoit, a minor, and Mr. Luhut Hutasoit, a minor, as the surviving children of this decedent.

121.    Plaintiff, Mrs. Nurlaelasari, is the duly appointed special administrator of the estate of Mr. Didi Zakaria, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Lazuardy Ramadhan Zakaria, a minor, and Mr. Giovanni

Anggrada Zakaria, a minor, as the surviving children of this decedent.

122.    Plaintiff, Mrs. Mariana Panggabean, is the duly appointed special administrator of the estate of Mr. Firdaus Panjaitan, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Dawnson Marius Panjaitan, a minor, and Mr. Danny Darius Panjaitan, a minor, as the surviving children of this decedent.

123.   Mrs. Neni Dwi Astuti Hutagalung, is the duly appointed special administrator of the estate of Mr. Manalup Pardamean Hutagalung, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Bonggal Jordan Hutagalung, a minor, Mr. Girgir Samuel Hutagalung, a minor, and Ms. Ruth Hutagalung, a minor, as the surviving children of this decedent.

124.    Mrs. Triana Sari, is the duly appointed special administrator of the estate of Mr. R. Heddy Hadiwinata, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Anisah Nurditasar, a minor, and Mr. Mohammad Arditya Hadiwinata, a minor, as the surviving children of this decedent.

125.   Mrs. Holidah Wati Lubis, is the duly appointed special administrator of the estate of Mr. Ismed Nasution, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Karina Amelia Nasution, a minor, as the surviving child of this decedent.

50

126.    Mrs. Salmah Aisyah, is the duly appointed special administrator of the estate of Mr. Ilhamsyah Owie, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ledy Sofia Leoni, a minor, Mr. Al Kautsar Prawira Sailanov, a minor, and Ms. Putri Raudhatul Astari, a minor, as the surviving children of this decedent.

127.    Plaintiff, Mr. Nurvina Arfa, is the duly appointed special administrator of the estate of Mr. Khaliful Johar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Mr. Mohammad Raziev Taneka, a minor, and Mr. Mohannad Qadri Al Kharana, a minor, as the surviving children of this decedent.

128.    Plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, is the duly appointed special administrator of the estate of Mr. Muslich, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Adin Wahyu Pratama, a minor, and Ms. Armi Winda Pratiwi, a minor, as the surviving children of this decedent.

129.    Plaintiff, Mr. Ricardo Simamora, is the duly appointed special administrator of the estate of Mrs. Martha Manik SH., deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Sovia Febrina Tamaulina Simamora, a minor, Ms. Grace Notarica Simamora, a minor, and Ms. Vanie Dathani Simamora, a minor, as the surviving children of this decedent.

130. Plaintiff, Mr. Paingot Marpaung, is the duly appointed special administrator of the estate of Mrs. Martha Lucya, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Christian Paulus, a minor, Ms. Revina Ester Triani Marpaung, a minor, and Ms. Puspita Witria Merikristina, a minor, as the surviving children of this decedent.

131. Plaintiff, Mrs. Suarmi, is the duly appointed special administrator of the estate of Mr. Nokarto, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Muhammad Ichsan, a minor, as the surviving child of this decedent.

132. Plaintiff, Mrs. Saliah, is the duly appointed special administrator of the estate of Mr. Nimrot Haposan Panjaitan, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Vera Sari Panjaitan, a minor, and Mr. Dedi Arisandi Panjaitan, a minor, as the surviving children of this decedent.

133. Plaintiff, Mr. Arjuna Rousdhie, is the duly appointed special administrator of the estate of Mrs. Nurlina Sari Nasution, deceased, by order of this Court. This action is brought for the sole benefit of Faridah Amalia Mandaga, a minor, as the surviving child of this decedent.

134. Plaintiff, Mrs. Yanti Faridah Nasution, is the duly appointed special administrator of the estate of Mr. Chaidir Nasution, deceased, by order of this Court. This action is brought

52

for the sole benefit of Ms. Ridha Pradha Nasution, a minor, as the surviving child of this decedent.

135.   Plaintiff, Mrs. Sri Rohani, is the duly appointed special administrator of the estate of Mr. Purwoko bin Suwarno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ryska Purnamasari, a minor, and Ms. Safira Aprianti Balqis, a minor, as the surviving children of this decedent.

136.   Plaintiff, Ms. Marissa Sylvia Regina, is the duly appointed special administrator of the estate of Mr. Risman Anwar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Vicky Yulvian Rinaldi, a minor, as the surviving child of this decedent.

137.   Plaintiff, Mr. Amansyah Sitepu, is the duly appointed special administrator of the estate of Mr. Rasnassaibu Sitepu, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

138.   Plaintiff, Mrs. Khairani, is the duly appointed special administrator of the estate of Mr. Sutrisno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Dona Rischa Pratiwi, a minor, Reidha Ade Juliana, a minor, and Tribowo Setiawan, a minor, as the surviving children of this decedent.

139.  Plaintiff, Mrs. Sri Elvi Heriyati, is the duly appointed special administrator of the estate of Mr. Subakti, deceased, by order of this Court.  This action is brought for the sole benefit of Tiara Lukita Dewi, a minor, and Thomi Falahan, a minor, as the surviving children of this decedent.

140.  Plaintiff, Ms. Roro Putri Lystia, is the duly appointed special administrator of the estate of Mrs. Roro Subandriana, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Roro Dinda Listya, a minor, and Ms. Roro Dhaniar Entys Ayuningtias, a minor, as the surviving children of this decedent.

141.  Plaintiff, Yulie Ayu Utari, is the duly appointed special administrator of the estate of Mr. Sutara, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Astrid Siska Pratiwi, a minor, as the surviving children of this decedent.

142.  Plaintiff, Mrs. Syarifah Lubis, is the duly appointed special administrator of the estate of Mr. Parulian Simanjuntak, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Khosalia Devi Simanjuntak, a minor, as the surviving child of this decedent.

143.  Plaintiff, Ms. Eka Yunita, is the duly appointed special administrator of the estate of Mr. M. Salim, deceased, by order of this Court.  This action is brought for the sole benefit of Ade

54

Syavera Citra Qoriah, a minor, as the surviving child of this decedent.

144. Plaintiff, HJ. Siti Juliana Dalimunthe, is the duly appointed special administrator of the estate of Mr. IR. Armen Syahputra, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Fithia Kharmima Putri, a minor, and Ms. Sarah Chairunnisa Arsy, a minor, as the surviving children of this decedent.

145. Plaintiff, Mrs. Suyanti, is the duly appointed special administrator of the estate of Mr. Sopianto, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Septian Nugraha, a minor, as the surviving child of this decedent.

146. Plaintiff, Cristine Cory Isabela S., is the duly appointed special administrator of the estate of Mr. IR. Radjin Jop Sibero, deceased. This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

147. Plaintiff, Mrs. Rosmiati, is the duly appointed special administrator of the estate of Mr. Sabaruddin, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Sari Ekawati, a minor, Ms. Sari Dwiyanti, a minor, and Ms. Tri Ayu Puspita Sari, a minor, as the surviving children of this decedent.

148. Plaintiff, Mrs. Erika Sitanggang, is the duly appointed special administrator of the estate of Mr. Bonahara Lumban Tobing, deceased, by order of this Court. This action is brought for the

sole benefit of Ms. Rini Agnes Mutiara Lumban Tobing, Ms. Kristin Lumban Tobing, a minor, Mr. Berry SML Tobing, a minor, and Ms. Chintya Luman Tobing, a minor, as the surviving children of this decedent.

149.  Plaintiff, Mr. Hanafi S. Guciano, is the duly appointed special administrator of the estate of Mrs. Titin Ayuasih Suwandi, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Palemo Mahesa Guciano, a minor, as the surviving child of this decedent.

150.  Plaintiff, Mrs. Juliana Kurniawan, is the duly appointed special administrator of the estate of Mr. Tosimin, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Tenshiro, a minor, and Mr. Sachiko Inaba, a minor, as the surviving children of this decedent.

151.  Plaintiff, Mrs. Indrawati, is the duly appointed special administrator of the estate of Mr. Waridi, deceased, by order of this Court.  This action is brought for the sole benefit of Nia Permatasari, a minor, as the surviving child of this decedent.

152.  Plaintiff, Mrs. Eliza Maminta Wijaya, is the duly appointed special administrator of the estate of Mr. Julian Mura Wijaya, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Kullian Maminta Wijaya, a minor, and Mr. Russel Maminta Wijaya, a minor, as the surviving children of this decedent.

56

153. Plaintiff, Mr. Iqbal, is the duly appointed special administrator of the estate of Mr. IR. Muhammad Yamin, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Mirza Mustaqin, a minor, and Maudi Mauliza, a minor, as the surviving children of this decedent.

154. Plaintiff, Mrs. Tutik Heryantinah, is the duly appointed special administrator of the estate of Mr. Yance Iskandar, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Claresta Rebristi, a minor, as the surviving child of this decedent.

155. Plaintiff, Mrs. Nurfachiyah Ningsih, is the duly appointed special administrator of the estate of Mr. Tahta Yuwaldi, deceased, by order of this Court. This action is brought for the sole benefit of Alief Nochtavio, a minor, and Achmed Apprinikov, a minor, as the surviving children of this decedent.

156. Plaintiff, Mr. Pangesty Anggraeny, is the duly appointed special administrator of the estate of Mr. Sutomo, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

157. Plaintiff, Mr. Arjunaidi Marbun, is the duly appointed special administrator of the estate of Mr. Maraden Marbun, deceased, by order of th is Court. This action is brought for the sole benefit of plaintiff and Mr. Ahmad Fernando Marbun, a minor,

and Mr. Karya Sipandi Marbun, a minor, as the surviving children of this decedent.

158.    Plaintiff, Mrs. Ngtami, is the duly appointed special administrator of the estate of Mr. Syahrial Pohan, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Ria Jelita Pohan, a minor, as the surviving child of this decedent.

WHEREFORE, plaintiffs, MS. ELLA MADANELA DWI MUSTIKA, Special Administrator of the Estate of MR. ACHMAD CHOTIB SYAMSUR, deceased; MRS. EFNI SYAHRIL, Special Administrator of the Estate of MR. AMIRRUDDIN, deceased; MR. ADI DHARMAWAN ARDJASOEBRATA, Special Administrator of the Estate of MR. APON RENDI ARDJASOEBRATA, deceased, and of the Estate of MRS. ELLY YULIANI, deceased; MRS. BELINDA ADELIN, Special Administrator of the Estate of MR. AGUSTONO DJUNAIDI, deceased; MR. BUDI ASHSIDDIQ MANGGALA, Special Administrator of the Estate of MR. ALDYS ASBIRAN, deceased; MRS. ZAHARA AINI BINTI ALI HAMZAH, Special Administrator of the Estate of MR. AMINUDDIN MUHAMMAD, deceased; MR. GUNAWAN PRIBADI, Special Administrator of the Estate of MR. BURHANUDDIN, deceased; MRS. HENTI, Special Administrator of the Estate of MR. BAMBANG SISTIYANTO, YSM., deceased; MS. ADE RINANDA LUBIS, Special Administrator of the Estate of MR. BACHRI SYAHNAN LUBIS, deceased; MR. IRVAN, Special Administrator of the Estate of MRS. JULLY CHANDRA, deceased; MR. RAJA HERU PERMADI, Special Administrator of

58

the Estate of MR. RAJA DJUMHANA JOHAN, deceased; MRS. NORIATA BORU
LUMBAN TERUAN, Special Administrator of the Estate of MR. DONALD
MANAMPIN HUTASOIT, deceased; MRS. NURLAELASARI, Special
Administrator of the Estate of MR. DIDI ZAKARIA, deceased; MRS.
MARIANA PANGGABEAN, Special Administrator of the Estate of MR.
FIRDAUS PANJAITAN, deceased; MRS. NENI DWI ASTUTI HUTAGALUNG,
Special Administrator of the Estate of MR. MANALUP PARDAMEAN
HUTAGALUNG, deceased; MRS. TRIANA SARI, Special Administrator of
the Estate of MR. R. HEDDY HADIWINATA, deceased; MRS. HOLIDAH WATI
LUBIS, Special Administrator of the Estate of MR. ISMED NASUTION,
deceased; MRS. SALMAH AISYAH, Special Administrator of the Estate
of MR. ILHAMSYAH OWIE, deceased; MR. NURVINA ARFA, Special
Administrator of the Estate of MR. KHALIFUL JOHAR, deceased; MRS.
UTRI RAHAYU TEJANINGSIH LIKHOMSATUN, Special Administrator of the
Estate of MR. MUSLICH, deceased; MR. RICARDO SIMAMORA, Special
Administrator of the Estate of MRS. MARTHA MANIK SH., deceased; MR.
PAINGOT MARPAUNG, Special Administrator of the Estate of MRS.
MARTHA LUCYA, deceased; MRS. SUARMI, Special Administrator of the
Estate of MR. NOKARTO, deceased; MRS. SALIAH, Special Administrator
of the Estate of MR. NIMROT HAPOSAN PANJAITAN, deceased; MR. ARJUNA
ROUSDHIE, Special Administrator of the Estate of MRS. NURLINA SARI
NASUTION, deceased; MRS. YANTI FARIDAH NASUTION, Special
Administrator of the Estate of MR. CHAIDIR NASUTION, deceased; MRS.
SRI ROHANI, Special Administrator of the Estate of MR. PURWOKO BIN

59

SUWARNO, deceased; MS. MARISSA SYLVIA REGINA, Special Administrator of the Estate of MR. RISMAN ANWAR, deceased; MR. AMANSYAH SITEPU, Special Administrator of the Estate of MR. RASNASSAIBU SITEPU, deceased; MRS. KHAIRANI, Special Administrator of the Estate of MR. SUTRISNO, deceased; MRS. SRI ELVI HERIYATI, Special Administrator of the Estate of MR. SUBAKTI, deceased; MS. RORO PUTRI LYSTIA, Special Administrator of the Estate of MRS. RORO SUBANDRIANA, deceased; YULIE AYU UTARI, Special Administrator of the Estate of MR. SUTARA, deceased; MRS. SYARIFAH LUBIS, Special Administrator of the Estate of MR. PARULIAN SIMANJUNTAK, deceased; MS. EKA YUNITA, Special Administrator of the Estate of MR. M. SALIM, deceased; HJ. SITI JULIANA DALIMUNTHE, Special Administrator of the Estate of MR. IR. ARMEN SYAHPUTRA, deceased; MRS. SUYANTI, Special Administrator of the Estate of MR. SOPIANTO, deceased; CRISTINE CORY ISABELA S., Special Administrator of the Estate of MR. IR. RADJIN JOP SIBERO, deceased; MRS. ROSMIATI, Special Administrator of the Estate of MR. SABARUDDIN, deceased; MRS. ERIKA SITANGGANG, Special Administrator of the Estate of MR. BONAHARA LUMBAN TOBING, deceased; MR. HANAFI S. GUCIANO, Special Administrator of the Estate of MRS. TITIN AYUASIH SUWANDI, deceased; MRS. JULIANA KURNIAWAN, Special Administrator of the Estate of MR. TOSIMIN, deceased; MRS. INDRAWATI, Special Administrator of the Estate of MR. WARIDI, deceased; MRS. ELIZA MAMINTA WIJAYA, Special Administrator of the Estate of MR. JULIAN MURA WIJAYA, deceased; MR. IQBAL, Special

Administrator of the Estate of MR. IR. MUHAMMAD YAMIN, deceased;
MRS. TUTIK HERYANTINAH, Special Administrator of the Estate of MR.
YANCE ISKANDAR, deceased; MRS. NURFACHIYAH NINGSIH, Special
Administrator of the Estate of MR. TAHTA YUWALDI, deceased; MS.
PANGESTY ANGGRAENY, Special Administrator of the Estate of MR.
SUTOMO, deceased; MR. ARJUNAIDI MARBUN, Special Administrator of
the Estate of MR. MARADEN MARBUN, deceased; and MRS. NGTAMI,
Special Administrator of the Estate of MR. SYAHRIAL POHAN,
deceased, and each of them, pray for the entry of a judgment
against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation,
formerly known as SUNDSTRAND CORPORATION, in an amount in excess of
the minimal jurisdictional limits of the Law Division of the
Circuit Court of Cook County, Illinois, together with costs of this
action.

Respectfully submitted,

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT A

(part 3 of 4 parts)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - LAW DIVISION

MS. NIA ASTRINA, Special )
Administrator of the Estate )
of MR. AGUS SALIM, deceased, )
                             )
           Plaintiff, )
                             )
       -vs- )      Case No. 05 L 6485
                             )
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, formerly known as )
SUNDSTRAND CORPORATION, )
                             )
           Defendant. )

### NOTICE OF FILING

TO:   Mr. William F. DeYoung, Esq.
       *CHUHAK & TECSON, P.C.*
       30 South Wacker Drive - Suite 2600
       Chicago, IL    60606

      **PLEASE TAKE NOTICE** that on the 13th day of July, 2005, there was filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division, *Proof of Service Upon Defendant, Hamilton Sundstrand Corporation, by Grant Carragher, Connecticut State Marshal*, copies of which are attached hereto.

                                 Floyd A. Wisner
                                 *NOLAN LAW GROUP*
                                 Attorneys for Plaintiff
                                 20 North Clark Street - 30th Floor
                                 Chicago, IL    60602
                                 Telephone: 312.630.4000
                                 Facsimile: 312.630.4011

### CERTIFICATE OF SERVICE

      Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that copies of this Notice of Filing with attachments were served upon the above named attorney at his address by enclosing them in a duly addressed, postage prepaid envelope and depositing the same in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or before the hour of 5:00 PM on this 13th day of July, 2005.

                                 Paula L. Jett

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (              ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___LAW___ DIVISION

(Name all parties)

MS. NIA ASTRINA, Special Administrator of
the Estate of MR. AGUS SALIM, Deceased,

v.

HAMILTON SUNDSTRAND CORPORATION,

No. _____

Product Liability

Marshall of Windsor Locks, CT, Serve:

HAMILTON SUNDSTRAND CORPORATION
One Windsor Locks, Connecticut

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801_____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
|---|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _36211_____

Name: _NOLAN LAW GROUP_____

Atty. for: _Plaintiff_____

Address: _20 North Clark Street - 30th Floor_____

City/State/Zip: _Chicago, IL  60602_____

Telephone: _312.630.4000/Fax: 312.630.4011___

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____  JUN 13 2008

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**STATE OF CONNECTICUT** )
                         ) ss: WINDSOR LOCKS          JUNE 16, 2005
**COUNTY OF HARTFORD**   )

Then and by virtue thereof and by the direction of the Plaintiff's attorney, I made due and legal service upon the within named defendant **Hamilton Sundstrand Corporation** by leaving a true and attested copy of the within original summons and complaint with and in the hands of Associate General Counsel, Jeffrey T. Chanin of Hamilton Sundstrand Corporation who is duly authorized to accept service for the within named defendant in the State of Connecticut.

 The within is the original summons and complaint with my doings hereon endorsed.

                              **ATTEST:**

                              **GRANT S. CARRAGHER**
                              **CT/STATE/MARSHAL**

*I*nvoice#176

GRANT CARRAGHER
CONNECTICUT STATE MARSHAL
230 North Street
P.O. Box 255
Windsor Locks, CT   06096
(860)292-1230

JUNE 20, 2005

TO: NOLAN LAW GROUP
    PAULA L. JETT
    20 NORTH CLARK 30TH FLOOR
    CHICAGO, IL. 60602

(Please Put invoice number on check)

RE:  ASTRINA

     Vs.

HAMILTON SUNDSTRAND CORPORATION

Service Rendered: SUMMONS

Fee $ 101.20 PAID CK# 29791

Civil Action Cover Sheet                                                (Rev. 6/19/03) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MS. NIA ASTRINA,

v.                                    } No.    2005L006485
                                               CALENDAR/ROOM F
HAMILTON SUNDSTRAND CORPORATION,               TIME 00:00
                                               Product Liability

### CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all
civil actions. The information contained herein is for administrative
purposes only and cannot be introduced into evidence. Please check the
box in front of the appropriate general category and then check the
subcategory thereunder, if applicable, which best characterizes your
action.

Jury Demand  ☑ Yes  ☐ No

**(FILE STAMP)**

❑  **PERSONAL INJURY/WRONGFUL DEATH**

   ❑  027  Motor Vehicle
   ❑  040  Medical Malpractice
   ❑  047  Asbestos
   ❑  048  Dram Shop
   ☑  049  Product Liability
   ❑  051  Construction Injuries
        (including Structural Work Act, Road
        Construction Injuries Act and negligence)
   ❑  052  Railroad/FELA
   ❑  053  Pediatric Lead Exposure
   ❑  061  Other Personal Injury/Wrongful Death
   ❑  063  Intentional Tort
   ❑  064  Miscellaneous Statutory Action
        *(Please Specify Below**)*
   ❑  065  Premises Liability
   ❑  078  Fen-phen/Redux Litigation
   ❑  199  Silicone Implant

❑  **062  PROPERTY DAMAGE**

❑  **066  LEGAL MALPRACTICE**

❑  **TAX & MISCELLANEOUS REMEDIES**

   ❑  007  Confession of Judgment
   ❑  008  Replevin
   ❑  009  Tax
   ❑  015  Condemnation
   ❑  017  Detinue
   ❑  029  Unemployment Compensation
   ❑  036  Administrative Review Action
   ❑  085  Petition to Register Foreign Judgment
   ❑  099  All Other Extraordinary Remedies

❑  **COMMERCIAL LITIGATION**

   ❑  002  Breach of Contract
   ❑  070  Professional Malpractice
        (other than legal or medical)
   ❑  071  Fraud
   ❑  072  Consumer Fraud
   ❑  073  Breach of Warranty
   ❑  074  Statutory Action
        *(Please Specify Below**)*
   ❑  075  Other Commercial Litigation
        *(Please Specify Below**)*
   ❑  076  Retaliatory Discharge

❑  **077  LIBEL/SLANDER**

❑  **OTHER ACTIONS**

   ❑  079  Petition for Qualified Orders
   ❑  084  Petition to Issue Subpoena
   ❑  100  Petition for Discovery

** _____

By: _____
     (Attorney)                    (Pro Se)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2005 JUN 13 PM 11:57

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MS. NIA ASTRINA, Special        )
Administrator of the Estate     )
of MR. AGUS SALIM, deceased,    )
                                )
            Plaintiff,          )
                                )        2005L006485
      -vs-                      )    Case No. CALENDAR/ROOM F
                                )        TIME 00:00
HAMILTON SUNDSTRAND CORPORATION,)        Product Liability
a corporation, formerly known as)
SUNDSTRAND CORPORATION,         )
                                )
            Defendant.          )

### COMPLAINT AT LAW

Now comes the plaintiff, MS. NIA ASTRINA, Special
Administrator of the Estate of MR. AGUS SALIM, deceased, by and
through her attorneys, NOLAN LAW GROUP, and complaining against
defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly
known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

#### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2. Plaintiff, MS. NIA ASTRINA, born on October 21, 1986,
plaintiff, MR. ROBBY DWI LUKITA, born on November 20, 1987,
plaintiff, MR. REZA FEBRY, born on February 20, 1992, and

plaintiff, MR. NANDA NOVAL, born on September 18, 1994, are the surviving children of plaintiff's decedent, MR. AGUS SALIM.

3.   This cause of action is brought by plaintiff, MS. NIA ASTRINA, as Special Administrator of the Estate of MR. AGUS SALIM, deceased, for the sole benefit of these surviving children of decedent.

4.   On September 26, 1997, plaintiff's decedent, MR. AGUS SALIM, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5.   Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6.   At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

   (a)  Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

   (b)  Said GPWS was designed, manufactured, assembled, sold, and distributed without

2

proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)    Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.    As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

8.    At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

9.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

10.    Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order of this Court.  This plaintiff brings this cause of action for the

3

the benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of decedent.

11.   This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.   Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. AGUS SALIM.

4

7.  Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

9. At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

5

10. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

11. Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of MR. AGUS SALIM, deceased.

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
NOLAN LAW GROUP
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased,       ) ) ) ) | |
|            Plaintiff,     ) ) | |
| -vs-           ) ) | Case No. 05 L 6485 |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION,     ) ) ) ) | |
|            Defendant.     ) | |

**FIRST AMENDED COMPLAINT AT LAW**

Now comes the plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, by and through her attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

**COUNT I**

**WRONGFUL DEATH - STRICT LIABILITY**

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, MS. NIA ASTRINA, born on October 21, 1986, plaintiff, MR. ROBBY DWI LUKITA, born on November 20, 1987, plaintiff, MR. REZA FEBRY, born on February 20, 1992, and

plaintiff, MR. NANDA NOVAL, born on September 18, 1994, are the surviving children of plaintiff's decedent, MR. AGUS SALIM.

3. This cause of action is brought by plaintiff, MS. NIA ASTRINA, as Special Administrator of the Estate of MR. AGUS SALIM, deceased, for the sole benefit of these surviving children of decedent.

4. On September 26, 1997, plaintiff's decedent, MR. AGUS SALIM, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

2

(b) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

8. At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

9. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

10. Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order

3

of this Court.  This plaintiff brings this cause of action for the
sole benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA,
MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of
decedent.

11.    This action is being brought pursuant to 740 ILCS
180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death
Act.*

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator
of the Estate of MR. AGUS SALIM, deceased, through undersigned
counsel, prays for the entry of a judgment against defendant,
HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as
SUNDSTRAND CORPORATION, in an amount in excess of the minimal
jurisdictional limits of the Law Division of the Circuit Court of
Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.    Plaintiff hereby adopts and realleges paragraphs 1
through 5, inclusive, of Count I as and for paragraphs 1 through 5,
inclusive, as Count II of this Complaint at Law as though fully set
forth herein.

6.    It then and there became and was the duty of defendant
Sundstrand to exercise ordinary care in the design, manufacture,
assembly, sale, and/or distribution of said GPWS so as not to cause
injury to or death of plaintiff's decedent, MR. AGUS SALIM.

4

7.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)   Negligently  and  carelessly  designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Negligently  and  carelessly  designed, manufactured, assembled, sold, and distributed said  GPWS  without  proper  and  adequate instructions  regarding  the  inspection  and testing of said GPWS and its component parts;

(c)   Negligently  and  carelessly  designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Negligently  and  carelessly  designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

9. At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

5

10.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

11. Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order of this Court.   This plaintiff brings this action for the sole benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of MR. AGUS SALIM, deceased.

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | |
|---|---|
| MRS. HJ. SISILIANA, SH., et al.,     ) | |
|               Plaintiffs,   ) | |
|                     ) | |
|        -vs-           ) | Case No. 05 L 9373 |
|                     ) | |
| HAMILTON SUNDSTRAND CORPORATION, ) | |
| a corporation, formerly known as ) | |
| SUNDSTRAND CORPORATION,      ) | |
|                     ) | |
|           Defendant.   ) | |

### NOTICE OF FILING

TO:  Mr. William F. DeYoung, Esq.
     *CHUHAK & TECSON, P.C.*
     30 South Wacker Drive
     Suite 2600
     Chicago, IL   60606

    **PLEASE TAKE NOTICE** that on the 26th day of September, 2005, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, *Proof Of Service Upon Defendant, Hamilton Sundstrand Corporation, f/k/a Sundstrand Corporation, By The State Marshall Of Windsor Locks, Connecticut*, copies of which are attached hereto and served upon you.

                             By: _____
                                  Floyd A. Wisner

(#36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street - 30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

### CERTIFICATE OF SERVICE

    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that copies of this Notice of Filing with attached Proof of Service were mailed to the attorney whose name appears above at his address by placing them in an envelope duly addressed, with postage fully prepaid thereon, and by depositing the same in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or before the hour of 5:00 PM on this 26th day of September, 2005.

                                _____
                              Paula L. Jett

| 2120 - Served | 2121 - Served | CCG N001-10M-1-07-05 ( |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW_____ DIVISION

(Name all parties)

MRS. HJ. SISILIANA, SH., et al.,

v.                                                 No. _____

HAMILTON SUNDSTRAND CORPORATION

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602

❏  District 2 - Skokie            ❏  District 3 - Rolling Meadows        ❏  District 4 - Maywood
    5600 Old Orchard Rd.            2121 Euclid                              1500 Maybrook Ave.
    Skokie, IL 60077                Rolling Meadows, IL 60008                Maywood, IL 60153

❏  District 5 - Bridgeview        ❏  District 6 - Markham               ❏  Child Support
    10220 S. 76th Ave.              16501 S. Kedzie Pkwy.                    28 North Clark St., Room 200
    Bridgeview, IL 60455            Markham, IL 60426                        Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 36211_____          WITNESS,_____ AUG 2 2008 ___

Name: NOLAN LAW GROUP

Atty. for: Plaintiff                                                 DOROT____

Address: 20 North Clark Street - 30th Floor                    Clerk of Court

City/State/Zip: Chicago, IL  60602                    Date of service: _____,

Telephone: 312.630.4000; Fax:  312.630.4011            (To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

                                              (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

State of Connecticut )

                      ss:    WINDSOR LOCKS, AUGUST 30, 2005

County of Hartford )

### AFFIDAVIT AND RETURN OF SERVICE

I Grant Carragher, being duly sworn, deposes and says: I am not a party to this proceeding, I am over 21 years of age and I am a State Marshal of Hartford County, State of Connecticut, and I am authorized to serve civil process within Hartford County, State of Connecticut.

I served this process regarding Mrs. HJ Sisiliana SH., et al vs Hamilton Sundstrand Corporation upon the within named **HAMILTON SUNDSTRAND CORPORATION** in the said Town of Windsor Locks, County of Hartford, State of Ct.

(X) Hand Service: by leaving a true and attested copy of the original Summons and Complaint with and in the hands of Jeffrey T. Chanin, Associate General Counsel, who is duly authorized to accept service for the named **HAMILTON SUNDSTRAND CORPORATION,** at One Hamilton Road, in said Town of Windsor Locks, County of Hartford, on August 30, 2005.

I further certify that at the time of such service on the defendant, I duly endorsed the date of said service and to said endorsement, I subscribed my name and my official title.

BY:

GRANT CARRAGHER
STATE MARSHAL - HARTFORD COUNTY

SUBSCRIBED AND SWORN TO BEFORE ME THIS 30TH DAY OF AUGUST, 2005.

ELAINE WEISBERG
NOTARY PUBLIC
MY COMMISSION EXPIRES 8/31/2010

GRANT CARRAGHER – STATE MARSHAL
37 MAPLE AVENUE
P. O. BOX 612
WINDSOR, CT 06095
**PHONE: (860)688-3468**

Aug. 30, 2005

Floyd A. Wisner, Esq.
Donald J. Nolan, LTD
20 North Clark Street, 30th Fl.
Chicago, Illinois 606002

For services rendered on Aug. 30, 2005                    $ 101.20

Sisiliana vs Hamilton Sundstrand Corporation

PAID IN FULL, THANK YOU



**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

MRS. HJ. SISILIANA, SH.,            )
Special Administrator of the        )
Estate of MR. BUCHARI USMAN,        )
deceased,                           )
                                    )
                Plaintiff,          )
                                    )
        -vs-                        )       Case No.
                                    )
HAMILTON SUNDSTRAND CORPORATION,    )
a corporation, formerly known as    )
SUNDSTRAND CORPORATION,             )
                                    )
                Defendant.          )

### COMPLAINT AT LAW

Now comes the plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, by and through her attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

**WRONGFUL DEATH - STRICT LIABILITY**

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, MR. AKBAR HIKMAWAN, born on November 25, 1988, and plaintiff, MR. AGUNG NUGRAHA, born on August 7, 1992, are the surviving children of plaintiff's decedent, MR. BUCHARI USMAN. Plaintiff, MRS. HJ. SISILIANA, SH., is the wife of decedent, MR.

BUCHARI USMAN, and is the mother and natural guardian of plaintiffs, MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor.

3.  This cause of action is brought by all plaintiffs for the sole benefit of these surviving children of MR. BUCHARI USMAN, deceased, plaintiffs, MR. AKBAR HIKMAWAN, a minor, by his mother, MRS. HJ. SISILIANA, SH., as guardian and next friend of MR. AKBAR HIKMAWAN, and MR. AGUNG NUGRAHA, a minor, by his mother, MRS. HJ. SISILIANA, SH., as guardian and next friend of MR. AGUNG NUGRAHA, a minor.

4.  On September 26, 1997, plaintiff's decedent, MR. BUCHARI USMAN, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6.  At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

2

(a)  Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. BUCHARI USMAN, was injured and caused to expire.

8.  At the time of the death of plaintiff's decedent, MR. BUCHARI USMAN, he left surviving plaintiffs, MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor, for whose sole benefit this action is brought.

9.  By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. BUCHARI USMAN.

3

10. Plaintiff, MRS. HJ. SISILIANA, SH., is the duly appointed special administrator of the estate of MR. BUCHARI USMAN, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor, as the surviving children of MR. BUCHARI USMAN, deceased.

11. This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5. Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

4

6. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. BUCHARI USMAN.

7. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that, as a consequence thereof, plaintiff's decedent, MR. BUCHARI USMAN, was injured and caused to expire.

5

9.   At the time of the death of plaintiff's decedent, MR. BUCHARI USMAN, he left surviving plaintiffs, MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor, for whose sole benefit this action is brought.

10.   By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. BUCHARI USMAN.

11.  Plaintiff, MRS. HJ. SISILIANA, SH., is the duly appointed special administrator of the estate of MR. BUCHARI USMAN, deceased, by order of this Court.  This plaintiff brings this action for the sole benefit of plaintiffs, MR. AKBAR HIKMAUWAN, a minor, and MR. AGUNG NUGRAHA, a minor, as the surviving children of MR. BUCHARI USMAN, deceased.

WHEREFORE, plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, through undersigned counsel, prays for the entry of a judgment, against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

(#36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark St. - 30th Floor
Chicago, IL   60602
Tel: 312.630.4000/Fax: 312.630.4011

NOLAN LAW GROUP

Floyd A. Wisner

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | |
|---|---|
| MRS. HJ. SISILIANA, SH., <br> Special Administrator of the <br> Estate of MR. BUCHARI USMAN, <br> deceased, <br><br>                    Plaintiff, <br><br>          -vs- <br><br> HAMILTON SUNDSTRAND CORPORATION, <br> a corporation, formerly known as <br> SUNDSTRAND CORPORATION, <br><br>                   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUPREME COURT RULE 222 AFFIDAVIT

Now comes plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, by and through her attorneys, NOLAN LAW GROUP, and pursuant to Supreme Court Rule 222, states and attests, under oath, that the amount of damages sought in the above captioned matter exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000).

                                NOLAN LAW GROUP

                                _____
                                Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand                          CCG N067-10M-6/09/04 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MRS. HJ. SISILIANA, SH., et al.,

v.

HAMILTON SUNDSTRAND CORPORATION

No. _____

FILED
2005 AUG 26  AM 11:52
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## JURY DEMAND

**The undersigned demands a jury trial.**

_____
(Signature)

Dated: _____, _____

Atty. No.: 36211
Name: NOLAN LAW GROUP
Atty. for: Plaintiff
Address: 20 North Clark Street - 30th Floor
City/State/Zip: Chicago, IL  60602
Telephone: 312.630.4000; Fax:  312.630.4011

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT A

(part 4 of 4 parts)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT  LAW DIVISION

YUDI RELAWANTO, Special Administrator
of the Estate of WIDHI PRAMESTI
TIRTANINGRUM, deceased, MRS. SALMIAH,
Special Administrator of the Estate of ZUBIR BIN
ABDULRAOF, deceased, LINA TARUDDIN,
Special Administrator of the Estate of JONI
TARUDDIN, deceased, HAJI T.R. MALIKUL,
Special Administrator of the Estate of MR. DARWIS,
deceased, RADEN HERI SUGIHARTO, Special
Administrator of the Estate of MRS. SESLINAZTI,
deceased, DRA. NUR HAYATI, Special Administrator
of the Estate of IMRAN MANDA, deceased,
HJ NURHASNI, Special Administrator of the Estate of
MR. MARLIS, deceased, IR. AGUS IRAWAN,
Special Administrator of the Estate of RETNO WINARNI,
deceased, MIFIE SOERADJIE, Special Administrator
of the Estate of MOELJONO OSKAN SOENJOTO,
deceased, MR. EFFENDI, Special Administrator of the
Estate of MRS. HASNAH, deceased, MRS. KHAIRUNNISAK,
Special Administrator of the Estate of ZULKIFLI MUHAMMAD,
deceased, MRS. WENNILA, Special Administrator of the Estate
of SELLAYA SIWA SANGKER, deceased, LUDWINA
BARISE DACHI, Special Administrator of the Estate of
ELIGIUS ANSELMUS FA'ATULO FAU, deceased,
ROSWITA TAMBUNAN, Special Administrator of the Estate
of ELSERIA SIAHAAN, deceased, EDI JUNAIDI, Special
Administrator of the Estate of AZHARI IDRIS,
deceased, MRS. MAKIAH, Special Administrator
of the Estate of EFRI DIANA, deceased, MRS.
NURLELY, Special Administrator of the Estate
of LOVYTA SARI, deceased, BAGINDA
NABABAN, Special Administrators of the Estates
of POLIN NABABAN and SERILENA SEBAYA,
deceased

2007L000806
CALENDAR/ROOM x
TIME 00:00
Product Liability

Plaintiffs,

-vs-                                              Case No.

HAMILTON SUNDSTRAND CORPORATION,
a corporation,

Defendant.

## COMPLAINT AT LAW

Now come the plaintiffs, Special Administrators of the Estate of Decedents, by and through their attorney, FLOYD A. WISNER, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, ("Sundstrand"), state as follows:

### COUNT I

### WRONGFUL DEATH – STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. DIMAS WALLIYYUDDIN JATIKUSOMO, born on September 21, 1996, is the surviving son of the decedent WIDHI PRAMESTI TIRTANINGRUM.

3. This cause of action is brought by plaintiff, YUDI RELAWANTO, as Special Administrator of the Estate of WIDHI PRAMESTI TIRTANINGRUM, for the sole benefit of this surviving son of this decedent.

4. RIKA ASTUTI, born on March 23, 1996, is the surviving daughter of the decedent ZUBIR BIN ABDULRAOF.

5. This cause of action is brought by plaintiff MRS. SALMIAH, as Special Administrator of the Estate of ZUBIR BIN ABDULRAOF for the sole benefit of this surviving daughter of this decedent.

6. YENI TARUDDIN, born on July 26, 1987, is the surviving daughter, and JOHAN TARUDDIN, born on December 3, 1989, is the surviving son, of the decedent JONI TARUDDIN.

7. This cause of action is brought by plaintiff LINA TARUDDIN, as Special Administrator of the Estate of JONI TARUDDIN, for the sole benefit of these surviving children of this decedent.

8. DANI SISKASARI, born on April 20, 1995, is the minor son of the decedent MR. DARWIS.

9. This cause of action is brought by plaintiff HAJI T.R. MALIKUL, as Special Administrator of the Estate of MR. DARWIS for the sole benefit of this surviving son of this decedent.

10. EDRICK SUGIHARTO PUTRA, born on March 4, 1997, is the surviving son of the decedent MRS. SESLINAZTI.

11. This cause of action is brought by plaintiff RADEN HERI SUGIHARTO, as Special Administrator of the Estate of MRS. SESLINAZTI, for the sole benefit of this surviving son of this decedent.

12. FACHNUR FIRDAUS IMRAN, born on November 7, 1991, and HERWIG ISMAIL IMRAN, born on May 26, 1993, are the surviving sons of the decedent, IR. IMRAN MANDA.

13. This cause of action is brought by plaintiff, DRA NUR HAYATI, as Special Administrator of the Estate of IR. IRMAN MANDA, deceased, for the sole benefit of these surviving sons of this decedent.

14. NURMA JUWITA, born on January 8, 1995, is the surviving daughter, and MUHAMMAD ZIKRI, born on April 24, 1996, is the surviving son, of the decedent MR. MARLIS.

15. This cause of action is brought by plaintiff HJ NURHASNI, as Special Administrator of the Estate of MR. MARLIS, for the sole benefit of these surviving children of this decedent.

16. ZAHRINA ADANI, born on April 2, 1996, is the surviving daughter of the decedent RETNO WINARNI.

17. This cause of action is brought by plaintiff IR AGUS IRAWAN, as Special Administrator of the Estate of RETNO WINARNI, for the sole benefit of this surviving daughter of this decedent.

18. NATHANIA AGATHA OSKAN SOENJOTO, born on October 14, 1997, is the surviving daughter of the decedent MOELJONO OSKAN SOENJOTO.

19. This cause of action is brought by plaintiff MIFIE SOERADJIE, as Special Administrator of the Estate of MOELJONO OSKAN SOENJOTO, for the sole benefit of this surviving daughter of this decedent.

20. MR. SELAMAT, born on March 8, 1989, is the surviving son, and ANITA TRIANI, born on October 11, 1994, is the surviving daughter, of the decedent MRS. HASNAH.

21. This cause of action is brought by plaintiff MR. EFFENDI, as Special Administrator of the Estate of MRS. HASNAH, for the sole benefit of these surviving children of this decedent.

22. MR. BOIHAQI, born on April 18, 1997, is the surviving son of the decedent ZULKIFLI MUHAMMAD.

23. This cause of action is brought by plaintiff MRS. KHAIRUNNISAK, as Special Administrator of the Estate of ZULKIFLI MUHAMMAD, for the sole benefit of this surviving son of this decedent.

24. SATHYA PRASTIKA, born on February 24, 1993, is the surviving daughter of the decedent SELLAYA SIWA SANGKER.

25. This cause of action is brought by plaintiff MRS. WENNILA, as Special Administrator of the Estate of SELLAYA SIWA SANGKER, for the sole benefit of this surviving daughter of this decedent.

26. YUBILATE SIHURA, born on August 5, 1988, and LIRCON SIHURA, born on January 14, 1990, are the surviving sons of the decedent ELIGIUS ANSELMUS FA'ATULO FAU.

27. This cause of action is brought by plaintiff LUDWINA BARISE DACHI, as Special Administrator of the Estate of ELIGIUS ANSELMUS FA'ATULO FAU, for the sole benefit of these surviving sons of this decedent.

28. JULIANA BUTAR-BUTAR, born on July 18, 1991, is the surviving daughter of the decedent ELSERIA SIAHAAN.

29. This cause of action is brought by plaintiff ROSWITA TAMBUNAN, as Special Administrator of the Estate of ELSERIA SIAHAAN, for the sole benefit of this surviving daughter of this decedent.

30. EDI JUNAIDI, born on January 28, 1987, and ERI RUSYDIA, born on July 8, 1988, are the surviving sons of the decedent AZHARI IDRIS.

31. This cause of action is brought by plaintiff EDI JUNAIDI, as Special Administrator of the estate of AZHARI IDRIS for the sole benefit of these surviving sons of this decedent.

32. HENDRY JULION, born on July 17, 1987, is the surviving son of the decedent EFRI DIANA.

33. This cause of action is brought by plaintiff MRS. MAKIAH, as Special Administrator of the Estate of EFRI DIANA, for the sole benefit of this surviving son of this decedent.

34. INDRI MAHARNI, born on July 18, 1996, is the surviving daughter of the decedent LOVYTA SARI.

35. This cause of action is brought by plaintiff MRS. NURLELY, as Special Administrator of the Estate of LOVYTA SARI, for the sole benefit of this surviving daughter of this decedent.

36. KENNI MARDIATI NABABAN, born on June 23, 1994, is the surviving daughter of decedents POLIN NABABAN and SERILENA SEBAYANG.

37. This cause of action is brought by plaintiff BAGINDA NABABAN, as Special Administrator of the Estates of POLIN NABABAN and SERILENA SEBAYANG, for the sole benefit of this surviving daughter of these decedents.

38. On September 26, 1997, plaintiffs' decedents were aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

39. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

40. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Said GPWS was designed, manufactured, assembled, sold and

distributed such that the system provided false or nuisance warnings which interfered with the safe operation of the flight;

(c) Said GPWS was designed, manufactured, assembled, sold and distributed such that warnings could be inhibited or prevented from sounding or being given;

(d) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and it's component parts;

(e) Said GPWS was designed, manufactured, assembled, sold, and distributed, without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(f) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

41. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

42. At the time of the death of plaintiffs' decedents, they left their surviving children herein identified, for whose sole benefit this action is brought.

43. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiffs' decedents.

44. Plaintiffs are the duly appointed special administrators of their respective decedents' estates, by order of this Court. These plaintiffs bring this cause of action for the sole benefit of the individuals identified herein as the surviving children of the decedents.

45. This action is being brought pursuant to 740 ILCS 180/0.01, et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH – NEGLIGENCE

1. – 39. Plaintiffs hereby adopt and reallege paragraphs 1 through 39, inclusive, of Count I as and for paragraphs 1 through 39, inclusive, of Count II of this Complaint at Law as though fully set forth herein.

40. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedents.

41. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system provided false or nuisance warnings which interfered with the safe operation of the flight;

(c) Negligently and carelessly designed, manufacture, assembled, sold and distributed said GPWS such that warnings could be inhibited or prevented from sounding or being given;

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(e) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(f) Negligently and carelessly sold and distributed said GPWS without first properly or adequately inspecting and testing the same.

42. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

43. At the time of the death of plaintiffs' decedents, they left surviving the above-identified children of the respective decedents, for whose sole benefit this action is brought.

44. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' respective decedents.

45. Plaintiffs are the duly appointed special administrators of their respective decedents' estates, by order of this Court. These plaintiffs bring this action for the sole benefit of the individuals identified herein as the surviving children of plaintiffs' decedents.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

_____
Floyd A. Wisner
Attorney for Plaintiffs


Floyd A. Wisner
Attorney for plaintiff
934 S. 4th St.
St. Charles, Il. 60174
Telephone: 630.513.9434
Facsimile: 630.513.6287
 11151



(#36211) 04055 TVL/cab

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| MR. TAUFIK SIREGAR, Special<br>Administrator of the Estate of MR.<br>H. ABDUL HAKIM SIREGAR, deceased; | )<br>)<br>)<br>) |
| MS. IR ERNA WIDAYANTI, Special<br>Administrator of the Estate of<br>MR. PAIMIN SUMITRO, deceased; | )<br>)<br>) |
| | )    Case No. 07 L 6356 |
| MRS. SIHTIATI KOMARA, Special<br>Administrator of the Estate of<br>MR. IR PRIYASTOTO, deceased; | )<br>)<br>) |
| MR. INDRA SYAFRIN, Special<br>Administrator of the Estate of<br>MRS. MIS EFFINI, deceased; | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )<br>) |
| HAMILTON SUNDSTRAND CORPORATION,<br>a corporation, formerly known as<br>SUNDSTRAND CORPORATION, | )<br>)<br>)<br>) |
| Defendants. | ) |

### NOTICE OF FILING

TO:    William F. DeYoung, Esq.              Mr. Floyd Wisner, Esq.
        Loretto M. Kennedy, Esq.              WISNER LAW FIRM
        CHUHAK & TECSON                 934 South 4th Street
        30 S. Wacker Drive, Suite 2600      St. Charles, Illinois 60174
        Chicago, Illinois 60606

     **PLEASE TAKE NOTICE** that on the 3rd day of July 2007, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, *Summons & Affidavit and Return of Service*, copies of which are attached hereto and served upon you.:

                                     _____
                                     One of the Attorneys for Plaintiff

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)
MR. TAUFIK SIREGAR, Special Administrator of the Estate
of MR. H. ABDUL HAKIM SIREGAR, deceased, et al.

v.

HAMILTON SUNDSTRAND CORPORATION

2007L006356
CALENDAR/ROOM A
TIME 00:00
Product Liability

No. _____

SERVE DEFENDANT:

HAMILTON SUNDSTRAND CORPORAT
One Hamilton Road
Windsor Locks, CT 06096

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

☐ District 2 – Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 – Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 – Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 – Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 – Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 36211

Name: NOLAN LAW GROUP

Atty. for: Plaintiffs

Address: 20 N. Clark Street, 30th Floor

City/State/Zip: Chicago, Illinois 60602

Telephone: 312.630.4000

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ JUN 20 2007

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

State of Connecticut)

                ss:  WINDSOR LOCKS, JUNE 27, 2007

County of Hartford    )

## AFFIDAVIT AND RETURN OF SERVICE

I GRANT CARRAGHER being duly sworn, deposes and says:  I am not a party to this proceeding, I am over 21 years of age and I am a State Marshal of Hartford County, State of Connecticut, and I am authorized to serve civil process within Hartford County, State of Connecticut.

I served the within summons and complaint regarding Mr. Taufik Siregar, et al vs Hamilton Sundstrand Corporation, in the Town of Windsor Locks, County of Hartford, State of Connecticut, on June 27, 2007

 (X) HAND SERVICE : by leaving a true and attested copy of the original Summons and Complaint, with and in the hands of Antonio B. Braz, Associate General Counsel-Litigation, who is duly authorized to accept service for the within named **HAMILTON SUNDSTRAND CORPORATION,** at 1 Hamilton Road, in the Town of Windsor Locks, County of Hartford, on June 27, 2007.

I further certify that at the time of such service on the defendant, I duly endorsed the date of said service and to said endorsement, I subscribed my name and my official title.

                BY:

                GRANT CARRAGHER
                STATE MARSHAL - HARTFORD COUNTY

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27TH DAY OF JUNE, 2007.

ELAINE WEISBERG
NOTARY PUBLIC
MY COMMISSION EXPIRES :  8/31/2010

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased; | ) ) ) ) | |
| MS. IR ERNA WIDAYANTI, Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased; | ) ) ) ) | |
| MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR PRIYASTOTO, deceased; | ) ) ) ) ) | Case No. |
| MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFINI, deceased; | ) ) ) ) | |
| Plaintiffs, | ) ) ) | 2007L006356 CALENDAR/ROOM A TIME 00:00 Product Liability |
| -vs- | ) ) ) | |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Now come plaintiffs, MR. TAUFIK SIREGAR, et al., by and through their attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

## COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct

business within the County of Cook and State of Illinois and was so doing.

2.   Plaintiff, MR. TAUFIK SIREGAR, was born on September 19, 1969, and is the son of decedent, MR. H. ABDUL HAKIM SIREGAR. MS. NUR ASYUROH SIREGAR was born on July 1, 1992, and is the minor daughter of decedent, MR. H. ABDUL HAKIM SIREGAR.

3.   This cause of action is brought by plaintiff, MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased, for the sole benefit of this surviving minor child of decedent.

4.   Plaintiff, MS. IR. ERNA WIDAYANTI, was born on December 26, 1965, and is the daughter of decedent, MR. PAIMIN SUMITRO. MS. DIAH FITRI HANDAYANI was born on July 7, 1987, and is the minor daughter of decedent, MR. PAIMIN SUMITRO.

5.   This cause of action is brought by plaintiff, MS. IR. ERNA WIDAYANTI, Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased, for the sole benefit of this surviving minor child of decedent.

6.   Plaintiff, MRS. SIHTIATI KOMARA, is the spouse of decedent, MR. IR PRIYASTOTO. MR. MUHAMMAD PERDANA PRIHADIANTO was born on November 9, 1989, and is the minor son of decedent, MR. IR. PRIYASTOTO. MS. HANDINA DWIRACHMI was born on October 2, 1995, and is the minor daughter of decedent, MR. IR. PRIYASTOTO.

2

7.    This cause of action is brought by plaintiff, MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR. PRIYASTOTO, deceased, for the sole benefit of these surviving children of decedent.

8.    Plaintiff, MR. INDRA SYAFRIN, is the spouse of decedent, MRS. MIS EFFENI.   MR. ADHITYA KUKUH PRIBADI was born on June 23, 1987, and is the minor son of decedent, MRS. MIS EFFENI.  MS. NURUL MAULINA was born on October 1, 1990, and is the minor daughter of decedent, MRS. MIS EFFENI.

9.    This cause of action is brought by plaintiff, MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFENI, deceased, for the sole benefit of these surviving minor children of decedent.

10.    On September 26, 1997, plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

11.    Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

3

12.   At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a)   Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

13.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents:  MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, were injured and caused to expire.

4

14. At the time of the deaths of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, they each left surviving children, as set forth in paragraphs 2 through 9, above, for whose sole benefit this action is brought.

15. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support, resulting from the deaths of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them.

16. Plaintiff, MR. TAUFIK SIREGAR, is the duly appointed special administrator of the estate of MR. H. ABDUL HAKIM SIREGAR, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and MS. NUR ASYUROH SIREGAR, a minor, as the surviving child of this decedent.

17. Plaintiff, MS. IR. ERNA WIDAYANTI, is the duly appointed special administrator of the estate of MR. PAIMIN SUMITRO, deceased, by order of this Court. This action is brought for the sole benefit of MS. DIAH FITRI HANDAYANI, a minor, as the surviving child of this decedent.

18. Plaintiff, MRS. SIHTIATI KOMARA, is the duly appointed special administrator of the estate of MR. IR PRIYASTOTO, deceased, by order of this Court. This action is brought for the sole benefit of MR. MUHAMMAD PERDANA PRIHADIANTO, a minor, and MS.

HANDINA DWIRACHMI, a minor as the surviving children of this decedent.

19.   Plaintiff, MR. INDRA SYAFRIN, is the duly appointed special administrator of the estate of MRS. MIS EFFENI, deceased, by order of this Court.   This action is brought for the sole benefit of NURUL MAULINA, a minor, as the surviving child of this decedent.

20.   This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiffs, MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased; MS. IR ERNA WIDAYANTI as Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased; MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR PRIYASTOTO, deceased; and MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFENI, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

6

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-11.  Plaintiffs hereby adopt and reallege paragraphs 1 through 11, inclusive, of Count I as and for paragraphs 1 through 11, inclusive, as Count II of ths Complaint at Law as though fully set forth herein.

12.  It then and there became and was the duly of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them.

13. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

7

    (d)  Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

14.  As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, were injured and caused to expire.

15. At the time of the deaths of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, they each left surviving children, as set forth in Count I, paragraphs 2 through 9, above, for whose sole benefit this action is brought.

16.  By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them.

17. Plaintiff, MR. TAUFIK SIREGAR, is the duly appointed special administrator of the estate of MR. H. ABDUL HAKIM SIREGAR, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and MS. NUR ASYUROH SIREGAR, a minor, as the surviving child of this decedent.

8

18. Plaintiff, MS. IR. ERNA WIDAYANTI, is the duly appointed special administrator of the estate of MR. PAIMIN SUMITRO, deceased, by order of this Court. This action is brought for the sole benefit of MS. DIAH FITRI HANDAYANI, a minor, as the surviving child of this decedent.

19. Plaintiff, MRS. SIHTIATI KOMARA, is the duly appointed special administrator of the estate of MR. IR PRIYASTOTO, deceased, by order of this Court. This action is brought for the sole benefit of MR. MUHAMMAD PERDANA PRIHADIANTO, a minor, and MS. HANDINA DWIRACHMI, a minor as the surviving children of this decedent.

20. Plaintiff, MR. INDRA SYAFRIN, is the duly appointed special administrator of the estate of MRS. MIS EFFENI, deceased, by order of this Court. This action is brought for the sole benefit of NURUL MAULINA, a minor, as the surviving child of this decedent.

WHEREFORE, plaintiffs, MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased; MS. IR ERNA WIDAYANTI as Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased; MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR PRIYASTOTO, deceased; and MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFENI, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a

corporation, formerly known as SUNDSTRAND CORPORATION, in an amount

in excess of the minimal jurisdictional limits of the Law Division

of the Circuit Court of Cook County, Illinois, together with costs

of this action.

Respectfully submitted,

NOLAN LAW GROUP

Thomas V. Lyons

(# 36211)
Donald J. Nolan, Esq.
Thomas V. Lyons, Esq.
NOLAN LAW GROUP
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL    60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

10

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT LAW DIVISION

HOTMAN BUTAR BUTAR, Special Administrator
of the Estate of WASINTON BUTAR BUTAR, deceased,
WILIATER SITUMORANG, Special Administrator
of the Estate of BERGMAN SITUMORANG, deceased,
MRS. TAUHIDDIAH, Special Administrator of the
Estates of MRS. NURBAIDAH, deceased, and DAHLAN
RAM, deceased, MRS BARISAH, Special Administrator
of the Estate of SOFYAN AHMAD, deceased,
HAMID SIREGAR, Special Administrator of the Estate of
DR ENDANG DWI PUTRANTI HAMID, deceased,

      Plaintiffs

      v.

HAMILTON SUNDSTRAND CORP., a corporation,

      Defendant

No.   **2008L001847
CALENDAR/ROOM H
TIME 00:00
Product Liability**

## COMPLAINT

Plaintiffs HOTMAN BUTAR BUTAR, Special Administrator of the Estate of

WASINTON BUTAR BUTAR, deceased, WILIATER SITUMORANG, Special

Administrator of the Estate of BERGMAN SITUMORANG, deceased, MRS.

TAUHIDDIAH, Special Administrator of the Estates of MRS NURBAIDAH, deceased,

and DAHLAN RAM, deceased, MRS BARISAH, Special Administrator of the Estate of

SOFYAN AHMAD, deceased, and HAMID SIREGAR, Special Administrator of the

Estate of DR ENDANG DWI PUTRANTI HAMID, deceased, through their attorneys

WISNER LAW FIRM, for their Complaint against defendant HAMILTON
SUNDSTRAND CORP., state as follows:

### COUNT I

1. The plaintiff Special Administrators are citizens and residents of
Indonesia and were properly appointed as Special Administrators by Orders of this Court.
The plaintiffs' decedents were residents of Indonesia.

2. The defendant HAMILTON SUNDSTRAND CORP. is a Delaware corporation
which does business in, and is a resident of, Cook County, Illinois.

3. On September 26, 1997, plaintiffs' decedents were passengers on board an
Airbus A300 aircraft, being operated by P.T. Garuda Indonesia Airlines as Flight GA 152
from Jakarta to Medan, Indonesia.

4. Prior to the aforesaid date, defendant HAMILTON SUNDSTRAND CORP.
designed, manufactured and assembled a Ground Proximity Warning System (GPWS),
including a Ground Proximity Warning Computer (GPWC). Defendant's GPWS was
installed, and in operating condition, on the subject aircraft during the subject flight.

5. At the time the said GPWS left the control of the defendant, the GPWS
contained conditions which rendered it defective and not reasonably safe when used in a
reasonably foreseeable manner in or more of the following ways:

       (a) the GPWS was designed, manufactured, assembled
        and sold such that the system did not provide timely
        aural and visual warnings when needed and, specifically,
        did not provide such aural and visual warnings as represented
        and warranted by defendant;

(b) the GPWS was designed, manufactured, assembled and sold so that it sounded an unreasonable number of false or nuisance warnings which interfered with the safe operation of the flight;

(c) the GPWS was designed, manufactured, assembled and sold so that aural and visual warnings could be inhibited, deactivated or cancelled;

(d) the GPWS was designed, manufactured, assembled and sold without proper and adequate instructions regarding the inspection, testing and use of said GPWS and its component parts;

(e) the GPWS was designed, manufactured, assembled and sold without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about the GPWS and its component parts;

(f) the GPWS and its component parts were sold and distributed without having first been adequately inspected and tested

6. As the direct and proximate result of one or more of the foregoing conditions, the subject aircraft was caused to, and did, violently crash into the ground near Medan, Indonesia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

7. Plaintiffs' decedents left surviving minor children heirs and next of kin for whose sole benefit this action is brought.

8. The minor children heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

9. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendant Hamilton Sundstrand Corp. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-4. As paragraphs 1-4 of Count II, plaintiffs reallege paragraphs 1-4 of Count I.

5. Defendant Hamilton Sundstrand Corp. owed a duty to plaintiffs' decedents to exercise reasonable care in the design, manufacture and assembly of the GPWS so as not to cause injury to, or the deaths of, plaintiffs' decedents.

6. Defendant negligently breached the duty of care it owed to plaintiffs' decedents through one or more of the following negligent acts or omissions:

(a) negligently designed, manufactured and assembled the GPWS so that the system did not provide timely aural and visual warnings when needed and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) negligently designed, manufactured and assembled the GPWS so that the system sounded an unreasonable number of false or nuisance warnings which interfered with the safe operation of the flight;

(c) negligently designed, manufactured and assembled the GPWS so that aural and visual warnings could be inhibited, deactivated or cancelled;

(d) negligently designed, manufactured and assembled the GPWS without proper and adequate instructions regarding the inspection, testing and use of the GPWS and its component parts;

(e) negligently designed, manufactured and assembled the GPWS without proper and adequate warnings as to the unsafe and dangerous conditions then and there existing on or about the GPWS and its component parts;

(e) negligently designed, manufactured and assembled the GPWS without properly and adequately inspecting and testing the GPWS and its component parts.

7. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant, in breach of its duty owed, the subject aircraft was caused to, and did, violently crash into the ground near Medan, Indonesia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

8-10. As paragraphs 8-10 of Count II, plaintiffs reallege paragraphs 7-9 of Count I.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendant Hamilton Sundstrand Corp. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

Floyd A. Wisner
Attorney for Plaintiffs

Floyd A. Wisner
Wisner Law Firm
934 S 4th St
St Charles, IL 60174
1-630-513-9434
1-630-513-6287 (fax)
11151

# EXHIBIT B

## (Part 1 of 3 parts)

**ORDER**                                         CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Simiati

v.                                    No. 04 L 13895

Hamilton Sudstral Corporation

1 of **3**

**ORDER**

This matter coming to be heard for status and on multiple motions, due notice having been given and the court being fully advised, It IS Hereby Ordered:

1) ⒜ Non Party Plaintiff Honeywell International's Motion to Quash Subpoena, ⒝ Defendant Hamilton Sudstral's Motion to Reconsider the March 13, 2008 ruling denying the Motion to Dismiss based on statute of Repose or in the alternative for a Rule 303 finding ⒞ the Nolan plaintiff's Motion for Protective order and ⒟ the Winner plaintiff Motion to Compel Deposition of Corporate Representative are all assigned the following briefing schedule

A) Respondent shall file its response brief on or before June 12, 2008

Atty. No.: 70693

Name: Chilik + Teeson

Atty. for: D HSC

Address: 3L S. Waclu

City/State/Zip: Chy Il 60606

Telephone: 312 855 5444

**ENTERED:**

Dated: _____

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumati

v.                                              No. 04 L 13895

Hamilton Sulstrl Propert

2 of 3

### ORDER

B. Movant shall file it's Reply brief on before June 26, 2008.

C. These motions are set for hearing on July 2, 2008 at 5:00 pm

2. The within plaintiff's Motion to Voluntarily Dismiss the case of Butar Butar et all formerly case No. 08 L 1847 is granted over defendant's objection and defendant's request for briefing on this motion is denied.

3. Defendant's Motion to Dismiss Butar Butar No 08 L 184 is mooted in light of the ruling referenced in No. 2 above.

4. Plaintiff Haji T. R. Malikul and plaintiff Diana pohan Nio's Motion for Substitution of Plaintiff Special Administrator is granted over defendant's objection and defendant's request for briefing is denied. Defendant shall have compulsory process over the original plaintiff and the substituted plaintiff, special administrator.

Atty. No.: 70693

Name: Chuhn + Teer                    **ENTERED:**

Atty. for: P. HSC

Address: 36 S Wacker

City/State/Zip: Ch Il 60606          **Dated:** _____,

Telephone: 312 855-5444

**Judge**                             **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER                                CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.                              No. 04 L 13895

Hamilton Sundstrand Corporation

3 of 3

**ORDER**

5.  Defendant Motion for Extension of Time to Respond to plaintiffs discovery and Defendant Motion for Extension to Answer Additional Written Discovery issued on April 15, 2008 is granted and Defendant is given an additional 30 days

6.  Defendants Motion to Compel Payment of Expenses (court has not) for recent depositions in Singapore is taken under advisement

7.  Defendant's Motion to Compel Production of Documents and Resumption of Deposition of Plaintiff Haroti Gusinanda Siti Juliana Balkurnthe is Denied.

Atty. No.: 70693
Name: Chile + Teeson
Atty. for: D HSC
Address: 36 S Wacker
City/State/Zip: C89 L 60606
Telephone: 312 855 5444

ENTERED:

Dated: _____

Judge

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
MAY 22 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                                   CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.                          No. 04 L 13895 cons.

Hamilton Sundstrand

### ORDER

This cause coming to be heard a
and defendants Emergency Motion to Reset Status
status, the Court being fully advised
in the premises

IT IS HEREBY ORDERED:

Status is set for May 22, 2008 at 9:30 am
in Room 2605 for status and pending motions.

Atty. No.: 70693

Name: Chuhak + Tecson

Atty. for: Defendant

Address: 30 S Wacker Dr

City/State/Zip: Chicago, Il 60606

Telephone: 312/444-9300

ENTERED:

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239

MAY 1 3 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

Judge                                          Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                        CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati, et al., Plaintiffs

v.                                          No. 04 L 13895

SUNDSTRAND CORPORATION

### ORDER

This Cause coming on to be heard on Defendant's emergency motion to compel eight depositions noticed to be taken in Singapore in the week of 4/28/08, counsel for the parties being appeared and argued, and the Court being fully advised in the premises, now, therefore, noticed IT IS HEREBY ORDERED that eight plaintiffs' depositions Sumiati shall proceed as noticed, and any issues or objections that plaintiffs may have to any question at the depositions shall be handled in accordance with the normal standards governing such matters, as stated by the Court on the record.

Atty. No.: 60493

Name: Mark A. Str, Ashok & Tucson        **ENTERED:**

Atty. for: Defendant

Address: 70 S. Wacker, Ste. 2600

City/State/Zip: Chicago, IL 60606        Dated: _____

Telephone: (312) 855-1445                _____
                                          Judge                  Judge's No.

ENTERED
JUDGE THOMAS R. CHIOLA 1652
APR 14 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order

CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.                                    No. _____

Hamilton Sundstrand
Corporate

### ORDER 1 of 2

This matter coming to be heard on
Defendant's Motion to Compel and to
Set the Deposition Location due notice
having been given and the court being
fully advised, It Is Hereby ordered:

1. The Wisner plaintiffs located on the island
of Sumatra shall be presented for deposition in
Singapore or Kuala Lumpur or some other location
which is mutually agreeable to both plaintiff and
defendant.

2. The Motion is entered and continued generally
as to the remaining depositions.

3. The Nolan plaintiff and the defendant shall
each issue one consolidated set of discovery that combines
the previously issued outstanding sets of discovery that were filed
in individual cases. These sets of discovery shall be
answered in accordance with the April 30, 2008

Atty. No.: 70693                        ENTERED: deadline for previously
Name: Chuhak + Tecsu                             issued disc/ery in the
                                                 March 13, 2008 deadline
Atty. for: Δ HSC

Address: 30 S Wacker                     Dated: _____, _____

City/State/Zip: Chi Il

Telephone: 312 855-5444                  Judge _____ Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                          CCG N002-300M-2/24/05 (        )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.                                    No. 04 L 013895

Hamilton Sundstrand Corporation

### ORDER 2/2

4 Any plaintiffs who have indicated
they cannot travel to the United
States as a result of being
unable to secure a visa, shall
provide a second sworn affidavit
reflecting the same by April 30, 2008.

Atty. No.: 70693

Name: Shula + Tecson

Atty. for: D. Hamilton Sundstrand

Address: 30 (e. Monroe

City/State/Zip: Chi Il 60604

Telephone: 312 855 5444

ENTERED:

Dated:

Judge

ENTERED
JUDGE IRWIN J. SOLGANICK-0239

MAR 20 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                    CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.                                    No. 04 L 013895

Hamilton Sundstrand Corporation

### ORDER

This matter coming to be heard on the Nolan Plaintiffs Motion to Adopt Prior Documents and Testimony, Defendant's Motion to Compel Depositions of Certain Wisner Plaintiffs, Defendants Motion for Protective Order, Defendant's Motion for Protective order Regarding August 2, 2007 Discovery, Defendant Motion for Protective Order regarding Jany 18, 2008 Discovery, Defendant Hamilton Sundstrand's Motion to Compel Discovery Responses from the Wisner Plaintiffs,
It Is Hereby ordered

1) The Nolan Plaintiffs Motion to Adopt Prior Documents and Testimony is denied

2) Defendant Hamilton Sundstrand Motion to Compel the Depositions of Certain Wisner Plaintiffs in Chicago is Denied

3) The Remaining 4 Motions listed above are hereby entered and continued and this Court's Ruling is Reserved.

4) Defendant shall have 20 days after Mr. Wisner provides the Petitions for Appointment on the newly filed Butar Plaintiffs in which to file its Responsive pleading

Atty. No.: 70693                         ENTERED:

Name: Clausen & Tecson

Atty. for: Hamilton Sundstrand            Dated:

Address: 30 S. Wacker

City/State/Zip: Chicago IL 60606

Telephone: 855-5444

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                          CCG N002-300M-2/24/05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumati

v.                                          No. 04 L 013895

Hamilton Sundstrand Corporation

### ORDER 2/2

5) All parties have 45 days until April 30, 2008 in which to file responses to currently pending outstanding written discovery.

6) Any additional written non expert discovery shall be filed by June 30, 2008.

7) Mr Wisner shall provide signed sworn affidavits for any additional plaintiff that Mr Wisner retains are unable to fly to Chicago for their deposition on or before April 30, 2008.

8) All non-expert oral discovery on both liability and damages issues including all 213 (f)(1) and (2) depositions shall be completed by October 31, 2008.

9) The previously set status and hearing date of April 8, 2008 is moved to May 1, 2008 at 9:00 am

10) ~~On the court's own motion the~~ Defendants Motion to Dismiss based on Statute of Repose was argued and was hereby denied.

Atty. No.: 70693                            ENTERED:

Name: D HSC

Atty. for: Church + Teeson               Dated: _____

Address: 30 S Wacker

City/State/Zip: Chgo Il 60606

Telephone: 855-5444                       Judge

ENTERED
JUDGE IRWIN J. SOLGANIOK-0239
MAR 1 3 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

W/H/S #13

**Order** | CCG N002-300M-2/24/05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Hotman Butar Butar

v.

Hamilton Sundstrand
Corporation

No. 08 L 1847
Consolidated with
04 L 01389

### ORDER

This matter coming to be heard on
Defendants Motion to Consolidate Related
Cases and Transfer to Judge Solganick
due notice having been given and the
Court being fully advised, IT IS
HEREBY ORDERED

The matter of Hotman Butar Butar
Case No. 08 L 1847 is hereby Consolidated
for all purposes including trial before
Judge Solganick into the matter of
Sumiati v Hamilton Sundstrand Case No.
04 L 1389.

On the Motion of Judge Maddux (relevant to other minors
Mr David Gubbins appointment in the Sumiati Case (Case No. 04 L 013895) is hereby
extended to this case

Atty. No.: 70693

Name: Chuck + Teesen

Atty. for: △ Hamilton Sundstrand

Address: 30 S Wacker

City/State/Zip: Chicago 60606

Telephone: 312 855 5444

**ENTERED:**

Dated: _____

```
ENTERED
JUDGE SHARON JOHNSON COLEMAN-1694
FEB 27 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge | Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                              CCG N002-300M-2/24/05 (            )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati, et al

v.                                        }      No. 04 L 013895

Hamilton Sundstrand Corporation

### ORDER

This matter coming to be heard on 1) The Weiner Plaintiffs Motion for hearing on Defendants Renewed Motion for a Protective order, 2) Weiner plaintiffs Motion for hearing on Defendant's Motion for Protective order for discovery issued 8-2-07 3) Defendant's Motion for Protective order regarding plaintiffs discovery and 4) Defendant's Motion to Compel discovery response, due notice having been given and the court being fully advised, It IS Hereby ordered:

1) The Weiner plaintiffs Motion for hearing instanter is denied until Febuary 21, 2008.

2) Defendant Hamilton Sundstrand shall have 14 days until Febuary 21, 2008 in which to file its Replies for the Motions for Protective order addressed in #1 and #2 above.

3) Plaintiff Weiner shall have 14 days, until Febuary 21, 2008 in which to file their Response to Defendant's Motion for Protective order regarding Plaintiff Weiners discovery (#3) and Defendant's Motion to Compel (#4)

4) Defendants shall have seven days until Febuary 28, 2008 in which to file its replies in support of Defendant's Motion for Protective order (#3 above) and Defendant's Motion to Compel (#4 above)

5) These matters are set for hearing on March 11, 2008 at 11:00 am

Atty. No.: 706 93

Name: Chulu + Teeson

Atty. for: Δ Hamilton Sundstrand

Address: 30 S. Wacle

City/State/Zip: Chg Il 60606

Telephone: 312 855-5444

ENTERED:

Dated: _____

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239
FEB 07 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

_____        _____
Judge                   Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                    CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Suriabi

v.                                    }  No. _04 L 13895_

Hamilton Sundstrand Corporation

### ORDER

This matter coming to be heard on Defendant's Motion for hearing instanter, Plaintiff. Motion to Require Defendant to take deposition of Center Plaintiff in Indonesia or by Videoconference, and Defendant's Motion to Compel Signed Sworn Answer to Interogatories from the Asiner plaintiff, It IS Hereby by ordered:

1. Defendant Motion for hearing instanter is granted.

2. Plaintiff's Motion to Require Defendant to take deposition in Indonesia or by videoconferencing is granted. Defendant shall be able to choose whether it wishes to do the deposition in Indonesia or by videoconference. The cost of proceeding with these deposition by videoconfering or in Indonesia shall be borne by the Asiner plaintiff's or Law Firm. For video dep these costs shall include only the above thereof of local court reporter. For no reported deposition. Thus the one shall initiate arbii hot

3. Defendant's Motion to Compel Sworn answers is granted & and Mr. Wiser shall provide sworn answers within 28 deep.

4. The February 6, 2008 Status is stricken.

5. The matter is set for further status on March 11, 2008 at 9ºº am.

Atty. No.: _70693_

Name: _Chuck + Teison_

Atty. for: _△ HSC_

Address: _311 S. Wacker_

City/State/Zip: _CY IL 60606_

Telephone: _311 855-5444_

ENTERED:

Dated: _____

ENTERED
JUDGE IRWIN J. SOLGANICK-0239

JAN 25 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, ILLINOIS
DEPUTY CLERK

Judge _____     Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumati et al

v.

No. 04 L 13895

Hamilton Sundstrand Corp

### ORDER

This matter coming before the Court for status, the Court being fully advised, it is hereby ordered that;

1) An Defendant to file any further response to ~~Ind or answer to~~ ~~take the~~ conduct the depositions of certain Wisser plaintiffs via videoconference by 1/25/08, provided Dreciser actions abidents by 1/18/08.

2) ~~that~~ Certain Wisser Plaintiffs to file reply by 2/1/08.

3) Hearing on the Motion ~~set for~~ Wednesday 2/6/08 at 9:00 a.m. in room 2605,

4) Next status date to be set following the hearing on 2/6/08

Atty. No.: 36211

Name: Nolan Law Group - TVL

Atty. for: Certain Plaintiff

Address: 20 N. Clark St. - 30th Fl.

City/State/Zip: Chg., Il 60602

Telephone: (312) 630-4000

ENTERED:

Dated:

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239

JAN 17 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Judge                    Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                                    CCG N00 300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati
_____

                    v.                              } No. _04 L 13895_

Hamilton Sundstrand Corporation
_____

### ORDER

This matter coming to be heard on Defendant
Hamilton Sundstrand' Motion to Compel Depositions
of Certain Wiser Plaintiffs due notice having
been given and the court being fully
advised:
        It Is Hereby ordered defendant's
Motion is withdrawn based on Mr Wisers
representations. The current status date
of January 18, 2008, will stand.
                                    at 9ᵃᵐ Am

Atty. No.: _70693_

Name: _Chudeu + Tecson_

Atty. for: _Δ Hamilton Sundstrand_

Address: _30 S Wacker_

City/State/Zip: _Chy Il 60606_

Telephone: _312 855-5444_

ENTERED:

Dated: _____

Judge                    Judge's No.

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
JAN - 8 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                           CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Dumont_

v.                          } No. _04 L 13895_

_Hamilton Sundstrand Corport_

### ORDER

_This matter coming to be heard on Plaintiff's Hamilton Sundstrand, Motion to Compel Deposition of Certain Wisner Plaintiffs, due notice having been given and the court being fully advised It Is Hereby ordered_

1) _Plaintiff has until December 21, 2007 to file its Response._
2) _Defendant has until December 28, 2007 to file its Reply._
3) _This matter is set for hearing on January 8, 2007 at 9:00 AM_

Atty. No.: _70693_

Name: _D Mhula + Tecsa_

Atty. for: _Hamilton Sundstr_

Address: _30 S Wacker_

City/State/Zip: _Chg Il 60606_

Telephone: _(312) 855 5444_

ENTERED:

Dated: _____

**ENTERED**
JUDGE IRWIN J. SOLGANICK • 0239
DEC 14 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                CCG N002-300M-2/24/05 (                )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Mr. Sumith

v.                                                  No. 04 L13895

Hampton Industrial Corporat

## ORDER

This matter coming to be heard on
Defendant's Motion to Compel Depositions of
Certain Witness, plaintiff, due notice
having been given and the court
being fully, and plaintiff Wisner
not being present, It Is Hereby
ordered:

This motion is extend and
continued, to Frog December 14, 2007
at 9:30 Am

Atty. No.: _70693_

Name: _Chuck + Tecson_

Atty. for: _D HSC_

Address: _30 S Wacker_

City/State/Zip: _Ch 01 60606_

Telephone: _312 855 5444_

ENTERED:

Dated: _____

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
DEC 11 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                          Judge's No

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                          CCG No. 2-300M-2/24/05 (    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Sumiati_

v.

_Hamilton Judicial Corporation_

} No. 04 L 013895
and all
consolidated
cases

### ORDER

This matter coming to be heard
for status, due notice having
been given and the court being
fully advised, IT IS Hereby
ordered, This matter is set
for further status on January 18th,
2008 at 9:00 AM

Atty. No.: 70693

Name: _Kliech + Tecson_

Atty. for: _D H & C_

Address: _30 S. Wacker_

City/State/Zip: _Chicago IL 60606_

Telephone: _312, 855-5444_

ENTERED:

Dated: _____

Judge _____          Judge's No.

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
NOV 30 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                            CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Comish_

v.                                    } No. _04 L 013895_

_Hamilton Sundstrand_

## ORDER

This matter coming to be heard on
Hamilton Sundstrand Corporation's Motion to Compel Production
of Documents and Resumption of Deposition of Plaintiff Harold _____ of _____ due notice
having been given and the court being fully
advised It Is Hereby ordered

1. The _____ Plaintiffs shall have until
March 19, 2008 to file their response

2. Defendant shall have until April 4 2008
to file its reply

3. This matter is set for hearing on
April 8th 2008 at 9:00 AM.

Atty. No.: _40693_
Name: _Charles F Trevon_
Atty. for: _D HSC_
Address: _30 S Wacker_
City/State/Zip: _Chy Il 60606_
Telephone: _312 855 5444_

ENTERED:

Dated:

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239
FEB 20 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY IL
DEPUTY CLERK

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    CCG N002-300M-2/24/05 (                )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jumiah

v.

Hamilton Sundstrand

No. 04 L 01389

## ORDER

This matter coming to be heard on the
courts attention due notice having been given
and the court being fully advised
It Is Hereby

1) Defendants Motion to Prevent Reference before the
Court to out of court discussion regarding settlement
having been presented and notice having
been waived by plaintiff's counsel and
argument having been heard, defendants
Motion is Granted.

2) This matter is set for further
status on November 30, 2008 at
9:00 A.m.

Atty. No.: 70693

Name: Pawlak Tecson

Atty. for: D Hamilton Sundstrand

Address: 30 S Wacker

City/State/Zip: Chi Il 60606

Telephone: 312 855 5444

ENTERED:

Dated:

ENTERED
JUDGE IRWIN J. SOLGANICK • 0239
OCT 31 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY IL
DEPUTY CLERK

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumati

v.                                    } No. _04 L 013895_

Hamilton Sundstrand
Corporate

### ORDER

This matter coming to be heard for
Status, due notice having been given and the
court being fully advised IT IS Hereby
ordered:
   This matter is set for further status
on october 31, 2007 at 10:00 Am

Atty. No.: _70693_

Name: _Chulab + Telson_

Atty. for: _D Hamilton Sundstrand_

Address: _36 S. Wacker_

City/State/Zip: _Chy Il 60606_

Telephone: _312 855 5444_

ENTERED:

Dated: _____

ENTERED
JUDGE IRWIN J. SOLGANICK · 0239
OCT 30 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                        CCG N0.   300M-2/24/05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Surmeate_

v.                                         }   No.  _04 L 013895_

_Hamilton Sundstrand Corpor_                        _and all consolidated actions_

## ORDER

_This matter coming to be heard for status and on Defendant's Motion for Expedited ruling on 191(b) affidavit + Adjustment of Briefing Schedule on Statute of Repose due notice having been given, + the court being fully advised, It Is Hereby ordered:_

_1) Defendant's Motion for Expedited ruling on 191(b) affidavit + Adjustment of Briefing Schedule on Statute of Repose is continued generally._

_2) This matter is continued for status on October 30, 2007 at 9:00 am._

Atty. No.: _70693_

Name: _Clausen + Teeson_

Atty. for: △ _HSC_

Address: _30 S Wacker_

City/State/Zip: _Chgo IL 60606_

Telephone: _(312) 855-5444_

ENTERED:

Dated: _____

```
ENTERED
JUDGE IRWIN J. SOLGANICK-0239
SEP 18 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge _____   Judge's No. ____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

F

Order                                           CCG N002-300M-2/24/05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiater

v.                              } No. 04 L13895

Hamilton Qualfud

### ORDER

This matter coming to be heard on Defendant
Hamilton Qualstand's emergency Motion to Supervise
depositions, due notice having been given and
the court being fully advised, It IS Hereby
ordered:

1) Defendant shall be allowed eight hours of
actual testimony for each of plaintiff discovery
witnesses;

2) Plaintiff's attorney shall inquire of their witnesses
to determine whether any such documents exist and
responsive to prior discovery requests exist and
shall produce any such documents within 14
days.

3) with the exception of the 5 retain plaintiffs currently
in charge for deposition this week all non-tendered
documents will be barred.

4) All further rulings are as evidenced in
the transcript from today's hearing

Atty. No.: 70693

Name: Charles + Tecson

Atty. for: D Hamilton Sundus

Address: 30 S Wacker

City/State/Zip: Ch 81 60604

Telephone: 855-5444

ENTERED:

Dated: _____

```
ENTERED
JUDGE IRWIN J. SOLGANICK-0239
SEP 11 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge                                 Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                           CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumata

v.                                      No. _04 L 13895_

Hamilton Sundstrand Corporation

### ORDER

This matter coming to be heard for status due notice having been given and the court being fully advised, It Is Hereby ordered

1) D shall file its response pleading to the main complaint filed by the Nolan law group (3rd gar) by Friday July 27, 2007.
2) The following briefing schedule shall be entered on the above Motion as well as the previously filed Motion to Dismiss being on stopunts of Repose directed to the last filed complaint by the Winner law firm
   a) P shall file their response by August 22, 2007
   b) D shall file their reply by September 11, 2007
   c) Courtesy copies shall be provided to this court as the respective pleadings are filed
   d) This matter is set for hearing and further status on September 18, 2007 at 9:00 am

Atty. No.: _70693_
Name: _Chula + Tecson_
Atty. for: _D Hamilton Sundstrand_
Address: _30 S. Wacker St 2600_
City/State/Zip: _C4 Il 60606_
Telephone: _312 855-5444_

**ENTERED:**

Dated: _____

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239
JUL 25 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY IL
DEPUTY CLERK

Judge _____   Judge's No. ____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                           CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Claire Slater

v.

Hamilton Sundstrand Corporation

No. 04 L 13895
consolidated with
04 L 2545

### ORDER

This matter coming to be heard on Defendant Hamilton Sundstrand Corporation's Motion to Consolidate related case and Transfer to Judge Solganick, due notice having been given & the court being fully advised, It IS Hereby ordered

1) The case of Slater v Hamilton Sundstrand Case No 04 L 2545 is consolidated with all matters currently pending under 04 L 13895 before Judge Solganick for all purposes including trial

Atty. No.: 70693

Name: Chule + Teeson

Atty. for: D Hamilton Sundstrand

Address: 30 S Wacker

City/State/Zip: Chy IL 60606

Telephone: 312 855 5444

ENTERED:

**JUDGE DONALD J. SURIANO**

Dated: JUN 2 6 2007

**Circuit Court - 1717**

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.

Hamilton Sundstrand Corp.

No. 04 L 13895

### ORDER

This matter coming to be heard on Defendant's Motion to Compel and for Status, Due notice having been given and the court being fully advised It IS Hereby ordered

1) Defendant's Motion to Compel Sworn Interrogatory Answers from the Nolan plaintiffs is granted.

2) This matter is set for further status on July 25, 2007 at 9:45 am.

Atty. No.: 70693

Name: Philip Teason

Atty. for: Δ HSC

Address: 30 S Wacker

City/State/Zip: Chgo Il 60606

Telephone: 855-5444

ENTERED:

Dated:

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239
MAY 29 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiah

v.

Hamilton Sundstrand Corporation

No. 04 L 13895

## ORDER

This matter coming to be heard for status due notice having been given and the court being fully advised; It Is Hereby ordered:

1) Defendant shall file its Motion to Compel sworn answers to discovery by days in which to file its

2) Plaintiff shall have ___ response on or before May 17, 2007

3) Defendant shall file its reply by May 24.

4) This matter is set for hearing on May 29, 2007 at 9:00 am.

5) This matter is continued for further status on short date

Atty. No.: 70693

Name: Chuhak + Tecson

Atty. for: Δ Hamilton Sundstrand

Address: 30 S. Wacker

City/State/Zip: Chi Il 60696

Telephone: 312 855 5444

ENTERED:

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239
MAY 10 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI, Special Administrator of )
the Estate of MR. SURIPNO, deceased, et al. )
　　　　　　　　　　　　　　　　　　　　　) No. 04 L 13895
　　　　　　　　　Plaintiffs, ) Cons. w/
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　v. ) 05 L 121
　　　　　　　　　　　　　　　　　　　　　) 05 L 2003
SUNDSTRANT CORPORATION, a corporation, ) 05 L 3774
now known as HAMILTON SUNDSTRAND ) 05 L 6485
CORPORATION, ) 05 L 9373
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants. )

AGREED ORDER

NOW COMES the parties, due notice having been given and the court being fully

advised;

**IT IS HEREBY ORDERED:**

1.　　　The previously set status date of May 9, 2007 at 9:00 a.m. is stricken.

2.　　　This matter is reset for status on May 10, 2007 at 9:00 a.m. in Room 2605.

ENTERED:

JUDGE IRWIN J. SOLGANICK

William F. DeYoung
Loretto M. Kennedy
CHUHAK & TECSON, P.C.
30 South Wacker, Suite 2600
Chicago, IL 60606
(312) 444-9300
Firm ID. 70693

ENTERED
JUDGE IRWIN J. SOLGANICK-0239

MAY - 3 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

692843.1.14158.26934

**ORDER**                                    CCG N∪02-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_[handwritten party name]_

v.

_[handwritten party name]_

_Corporation_

No. _[handwritten]_ 04 L 13895

### ORDER

_This matter coming to be heard for status, due notice having been given and the court being fully advised, it is hereby ordered:_

_1) Plaintiff Atty, T.R. Malekurt's Motion for entry of an order correcting the court's order of Jan 23, 2007 Nunc pro tunc to state that plaintiff Atty T.R. Malekurt be and hereby is appointed Special Administrator of the Estate of Mr Imus is granted._

_2) This matter is set for status on May 7th at 10:00 am_

Atty. No.: 70693
Name: _[handwritten]_
Atty. for: _[handwritten]_
Address: _[handwritten]_
City/State/Zip: _[handwritten]_ Chicago, IL 60606
Telephone: _[handwritten]_ 312-555-5111

ENTERED:

Dated: _____

Judge

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239

MAR 16 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Yudi Relawanto

v.

No. ~~07 L 806~~ ~~04 L 13095~~

Hamilton Sundstrand
Corporation

### ORDER

This matter coming to be heard on Hamilton Sundstrand Corporation Motion to Extend Time, due notice having been given and their being no objection, It Is Hereby ordered Defendants' are granted thirty days after receipt of the plaintiffs' petition for appointment of special administrator to answer or otherwise plead to Plaintiffs Complaint.

Atty. No.: 70693

Name: D Chubud + Teesn

Atty. for: Δ Hamilton Sundstrand

Address: 30 S Wade

City/State/Zip: Cry 9L 60606

Telephone: 312 855 5444

ENTERED

JUDGE IRWIN J. SOLGANICK · 0239

FEB 28 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

ENTERED:

Dated: _____

Judge                         Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Sumiati et al_

v.                              No. _04 L 13895_

_Hamilton Sundstrand Corporation_

### ORDER

_This matter coming to be heard for status due notice having been given and the court being fully advised, IT IS HEREBY ORDERED_
_1. This matter is continued for status on March 16, 2007 at 9 AM_

Atty. No.: _70693_

Name: _Chulock + Tecson_

Atty. for: _Δ Hamilton Sundstrand Corp._

Address: _30 S Wacker St 2600_

City/State/Zip: _Chi Il 60606_

Telephone: _312 855-5444_

ENTERED:

Dated: _____

Judge          Judge's No.

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
FEB 20 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Yude Relavanto

v.

Hamilton Sundst Corporati

} No. 07 L 806

### ORDER

This matter comg to be heard on Defent Hamilton Sundstrand Corporation Motion to Consolidate due notice having been give but all parties not being present, It is hereby ordered.

1. The matter of Yude Relavanto et al vs Hamilton Sundstrand Corporation 07 L 806 is hereby consolidated for all purposes including trial, before Judge Solganick into the matter of Sumiati 04 L 13895.

2. On the courts own Motion, and over the objection of Hamilton sundstrands counsel and counsel for certain plaintys not being represented Mr. Dave Gubbins is appointed guardian ad litem for the plaintiffs in this case.

Atty. No.: 70693
Name: Chule + Tecson
Atty. for: Δ Hamilton Sundstrand
Address: 30 S. Waclen
City/State/Zip: Cly il 60606
Telephone: (312) 855-5444

ENTERED:

**ENTERED**
JUDGE WILLIAM D. MADDUX • 1559
FEB 0 6 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

Judge _____          Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Samiab_

v.

_Hamilton Industrial Corporation_

No. _04 L 13895_

### ORDER

Now comes the parties for status due notice having been given and the court being fully advised, IT IS Hereby ordered:

1. This matter is set for further Status on February 20, 2007 at 9:00 AM.

2. Defendants Motion to Bar is entered + continued generally.

3. Other Directives are entered as indicated by the transcript of the proceeding from this status.

Atty. No.: _76693_

Name: _Robert Treeson_

Atty. for: _Authony Scotland_

Address: _Chicago IL 966006_

City/State/Zip: _(312) 855-5444_

Telephone: _____

ENTERED: _____

Dated: _____

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
FEB - 2 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Judge _____         Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

- To Laura
- File

Simiadi et al

v.                                No. 04-L-3-895 et al

13895

Hamilton Sundrain Corp.

### ORDER

This matter coming to be heard for Statu and Case Management, due Notice having been given, and the Court being fully advised on the premises, it is hereby ordered:

1) Atty. Wisner's Motion to have Depo. proceed in Indonesia is E&C to 2/2/07 9:00

2) Atty. Wisner to file response to Defendants' Motion to Bar Certain Dr's evidence by 1/15/07, response due 1/29/07, Motion E&C to 2/2/07 @ 9:00 a.

3) Any objection to Siciliano meeting with Dave Gubine shall be made with Judge Maddux.

4) Nolan Law Group request for Court Ordered meet Confer pursuant to Sup Ct Rule 201(k) regarding liability discovery is denied.

5) The Court will not Order the dep. of Siciliano to be completed at any time.

6) This matter is continued to 2/2/07 @ 9:00 a.m. for further case management.

Atty. No.: 36241

Name: Tom Lyons - Nolan Law Group

Atty. for: Pl.

Address: 20 N. Clark St.

City/State/Zip: Chgo, IL 60602

Telephone: (312) 630-4000

ENTERED

**ENTERED**
JUDGE IRWIN J. SOLGANICK · 02390
JAN - 8 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated:

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI, Special Administrator of      )
the Estate of MR. SURIPNO, deceased, et al.,      )
     )
     )
             Plaintiffs,      )
     )
v.      )    No. 04 L 13895
     )    Cons. w/
SUNDSTRAND CORPORATION, a corporation,      )
now known as HAMILTON SUNDSTRAND      )    05 L 121
CORPORATION      )    05 L 2003
     )    05 L 3774
     )    05 L 6485
     )    05 L 9373
             Defendant.      )

### AGREED ORDER

NOW COMES the parties on Defendant Hamilton Sundstrand Corporation's Motion, due notice having been given and the court being fully advised, IT IS HERBY ORDERED: Defendant Hamilton Sundstrand Corporation's Motions to Bar and Limit Testimony and Evidence on Certain Issues is entered and continued to the previously set status hearing on January 8, 2007 at 9:00 am and the previously set hearing date of December 5, 2006 is stricken.

ENTERED:

_____
Judge Solganick

Date: _____

William F. DeYoung
Loretto M. Kennedy
CHUHAK & TECSON, P.C.
30 South Wacker, Suite 2600
Chicago, IL 60606
(312) 444-9300





663300\1\14158\26934

**ORDER**                                        CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.

Hamilton Sundstrand
Corpers

No. 04 L 13895

Cons/w/
05 L 121
05 L 2003
05 L 3774
05 L 6485
05 L 937

### ORDER

This matter coming to be heard for status
due notice having been given and the
court being fully advised, It Is Hereby
ordered

1) Defendant Hamilton Sundstrand' Motion to Bar and
Limit Testimony & Evidence w/r respect to December 5,
2006 at 9:00 a.m. This motion is against the Winer plaintiff

2) Plaintiff Winer's motion to compel the taking of
deposition in Indonesia is entered & continued for hearing
on Jan'y 8, 2008 at 9:00 a.m.

3) Defendant has until December 13, 2006 to respond
to the above motion by plaintiff

4) Plaintiff Winer now has until December 20th, 2006
to file his reply

5) This matter is also set for further
status Jan'y 8, 2007 at 9:00

Atty. No.: 70693

Name: Clerke + Teeson

Atty. for: ∆ HSC

Address: 30 S. LaSalle

City/State/Zip: Chy Il 60606

Telephone: 312 855 5444

**ENTERED:**

Dated:

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
NOV 29 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

_____
Judge                                Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Sumiati_

v.

_Hamilton Sundstrand Corporation_

No.
04 L 031095
Consolidated with
05 L 121
05 L 2003
05 L 3774
05 L 6485
05 L 29373

## ORDER

This matter coming to be heard for status, due notice having been given and the court being fully advised, It IS Hereby ordered;

1.) Defendant's Motion to Compel against the Nolan plaintiff is withdrawn at this time with leave to refile at a later date if required.

2.) Defendant shall file its Motion against the Wiesier plaintiffs prior to November 29th 2006.

3.) This matter is continued for further status on November 29, 2006 at 9ᵃᵐ a.m.

4.) One Wiesier plaintiff's motion to require repositions be taken in Indonesia is withdrawn without prejudice

Atty. No.: 70693
Name: Clausen + Tierson
Atty. for: Δ HSC
Address: 30 S Wack
City/State/Zip: Chy Il 60686
Telephone: 855-5444

ENTERED:

Dated:

Judge

ENTERED
JUDGE IRWIN J. SOLGANICK •0239
NOV 14 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER** CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Mrs Simeata

Hurlton v.

Suclstral Capatin

No. _OPL 13895_

### ORDER

This matter coming to be heard on Defendit Hurlton Suclstralerporations Motion to Compel discovery from Nolan Plaintiff due notice having been given, It Is Hereby Ordered this matter is entered + Continued to November 14, 2006 at 9:00 Am

Atty. No.: 71242
Name: D HSG
Atty. for: Clintral Tecson
Address: 30 S Lafitte
City/State/Zip: Cy Dt 60606
Telephone: 885 5442

ENTERED:

Dated: _____

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
NOV - 1 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge _____ Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER                                      CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati et al

v.

Hamilton Sundstrand Corp.

No. 07 L 01895

consolidated with:

05 L 121
05 L 2003
05 L 3774
05 L 6485
05 L 9377

### Agreed ORDER

This cause coming to be heard for a discovery status conference, the court being advised and the parties being in agreement,

It is hereby ordered that the matter is continued for a discovery status conference to October 11, 2006 at 9°° AM without further notice

.No.: 11151

e: Floyd Wisner

for: certain plaintiffs

ess: 934 E 4th St

State/Zip: St Charles IL 60174

hone: 630 513 2434

ENTERED:

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239

SEP 28 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

Judge _____          Judge's No. _____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SUMIATI, et al,                    )
MURSAL, JUFRI                      )
MUSTIKA, ASTRINA                   )
and SISILANA                       )
                                   )
           Plaintiffs              )
                                   )          No. 04 L 13896
      vs.                          )          (case nos. 05 L 121, 05 L 2003,
                                   )          05 L 3774, 05 L 6405 and
HAMILTON SUNDSTRAND                )          05 L 9373 consolidated into
CORPORATION                        )          04 L 13896)
                                   )
           Defendants.             )
                                   )

### ORDER

THIS CAUSE coming to be heard on the Court's own Motion and being fully advised in the premises;

IT IS HEREBY ORDERED and decreed:

That Guardian ad Litem, David J. Gubbins (hereinafter referred to as Gubbins) appointment as Guardian ad Litem, pursuant to this Court's Order of April 28, 2006, remains in full force and effect and until further Order of this Court.

It is further ordered that Gubbins' duties and responsibilities, as defined by this Court's Orders of April 28, 2006 and June 16, 2006 shall remain the same until further Order of this Court.

Date: _____          ENTERED:

```
ENTERED
JUDGE WILLIAM D. MADDUX-1559
SEP 1 1 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

_____
Judge William D. Maddux
Presiding Judge, Law Division

09-12-2006 11:37AM FROM-NEVILLE & MAHONEY 13122363613 T-901 P.005/006 F-201



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SUMIATI, et al, )<br>MURSAL, JUFRI )<br>MUSTIKA, ASTRINA )<br>and SISILANA )<br> )<br>Plaintiffs )<br> )<br>vs. )<br> )<br>HAMILTON SUNDSTRAND )<br>CORPORATION )<br> )<br>Defendants. )<br> )<br> )<br> ) | No. 04 L 13896<br>(case nos. 05 L 121, 05 L 2003,<br>05 L 3774, 05 L 6405 and<br>05 L 9373 consolidated into<br>04 L 13896)<br><br><u>Page one of Two Pages</u> |

<u>ORDER</u>

THIS CAUSE coming to be heard on the Court's own Motion and being fully advised in the premises;

IT IS HEREBY ORDERED and decreed:

That this Court's previous appointment of David J. Gubbins (hereinafter referred to as Gubbins), as Friend of the Court shall remain in full force and effect until further Order of this Court;

It is further ordered that Friend of the Court, Gubbins' future duties and responsibilities will be directed by Order of this Court; Gubbins present duties do not include engagement in discovery at this time;

09-12-2006  11:37AM   FROM-NEVILLE & MAHONEY          13122363613          T-901   P.006/006   F-201

It is further ordered that Gubbins is to continue to maintain the Court ordered Chase Bank accounts, numbered # 71543411 and # 2335503955, and is to remain as sole custodian of these accounts.

Date: _____        ENTERED:

ENTERED
JUDGE WILLIAM D. MADDUX-1559

SEP 11 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge William D. Maddux
Presiding Judge, Law Division

**ORDER**                                          CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Samiati, et al

v.

Hamilton Sundstrand

No. 04 L 13895
Consolidated with
05 L 121
05 L 2003
05 L 3774
05 L 6485
05 L 9373

### ORDER

This cause coming to be heard for status and case management, due notice having been given and the Court being advised in the premises,

It is hereby ordered that the Court's Order of Jan 4, 2006 staying discovery is lifted;

All discovery on damages shall be completed by November 14, 2006

This cause is set for further status on November 14, 2006 at 9:00 AM without further notice

Atty. No.: 11151
Name: Floyd Wisner
Atty. for: certain plaintiffs
Address: 934 S 4 St
City/State/Zip: St Charles IL 60174
Telephone: 630 513 7434

ENTERED:

Dated:

Judge

Judge's No.

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239

AUG 2 2 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Suriati

v.

Hamilton Sundstrand Corporation

No.

04 L 13895
(consol w/) 05 L 121
05 L 141
05 L 2003
05 L 3774
05 L 6485
05 L 9373

### ORDER

This matter coming to be heard for status on the matter of LIC v The Boeing Co. et al 04 L498, due notice having been given and the court being fully advised, It Is Hereby ordered that the Stay entered by Judge Maddux per his order of February 16, 2006, is hereby lifted. This matter is hereby transferred back to Judge Solganick for further handling and entry of a case management order and lifting of the order entered by Judge Solganick on January 4, 2006.

Atty. No.: 70693

Name: Aleel + Treson

Atty. for: ▷ Hamilton Sundstrand

Address: 30 S. Wacker

City/State/Zip: Chg IL 60603

Telephone: 312 855 5444

ENTERED:

Dated:

_____
Judge

_____
Judge's No.

```
ENTERED
JUDGE WILLIAM D. MADDUX - 1559
AUG 10 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater

v.                                    No.   04   L   2545

Hamilton

### ORDER

This matter coming to be heard for status on the matter Cie v The Boeing Co. et al 04 L 498 due notice having been given and the court being fully advised; It is Hereby ordered that the stay entered by Judge Maddux per his order of February 16, 2006 is Hereby lifted. This matter is hereby transferred back to Judge Siviero for further handling.

Atty. No.: 70693

Name: Chuhr & Tecson

Atty. for: Δ Hamilton Burdette

Address: 30 S. Wacker

City/State/Zip: Cly Il 60606

Telephone: 312 855-5444

**ENTERED**
JUDGE WILLIAM D. MADDUX-1559
AUG 1 0 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

ENTERED

Dated: _____

_____          W. D. Wuffrey
Judge                              Judge's No.

**ORDER** CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Lie et al*

*Plaintiff*

v.

No. 04 L 498

04 L 13895
(and case
consolidated
there under)

*Being et al*

*Defs*

**ORDER**

This cause coming to be heard on the Courts states all parties in interest being represented by Counsel and the Court being fully advised in the premises It is hereby ordered and decreed that hearing on objection to costs of O'Sullivan + Suliviri shall be set for 16 Aug 2006 at 2:00 PM before Judge William Maddux

Atty. No.: 10199

Name: DAVID GUBBINS

Atty. for: Friend of Court / S.A.

Address: 221 N. LaSalle

Ste. 3100

City/State/Zip: Chgo Il 60601

Telephone: 773 742 2236

**ENTERED:**

Dated: _____

_____
Judge

Judge's No. _____

ENTERED
JUDGE WILLIAM D. MADDUX-1559

AUG 10 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

## ORDER

CCG N002-300M-2/28/05(43480658)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Linda Marie Lee
et al, Plaintiff

v.

Boeing Co et al
Defs

No. 04 L 498
& 04 L 13895
(and consolidated cases thereon)

### ORDER

This cause to be heard on Friend of Court motion to advise the Court all parties in interest being represented by counsel and the Court hearing arguement for all counsel regarding Plaintiff's meeting Judge Maddux and Friend of Court and the Court being fully advised in the premises. It is hereby ordered that ten days notice is to be given to all parties regarding Plaintiff's meeting Judge Maddux or any other Jurist and/or panel F.O.C. and all parties may be present at any such meeting

Atty. No.:

Name: David Sull

Atty. for: Fried of Court / GAL

Address: 221 W. LaSalle

City/State/Zip: Chgo Il 60601

Telephone: 773 742 2236

ENTERED:

Dated:

**ENTERED**
JUDGE WILLIAM D. MADDUX-1550

AUG 1 0 2008

DOROTHY BROWN

Judge

Judge's No.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | | |
|---|---|---|---|
| Linda Marlin Lie, et al., | ) | | |
| | ) | | |
| Plaintiffs | ) | No. | 04 L 498 |
| | ) | | 04 L 13895 |
| v. | ) | | (and consolidated cases thereunder) |
| | ) | | |
| Boeing Co., et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

### ORDER

This cause to be heard on Friend of the Court's Motion to Advise the Court, all parties in interest being represented by Counsel and the Court hearing argument for all Counsel regarding Plaintiffs meeting Judge Maddux and Friend of Court and the Court being fully advised in the premises;

It is hereby ordered that ten days notice is to be given to all parties regarding Plaintiffs meeting Judge Maddux or any other jurist and/or Friend of Court and all parties may be present at any such meeting.

/ Judge Maddux

DATED: August 10, 2006

644940.1.14158.26934

09-19-2008 12:11PM FROM-NEVILLE & MAHONEY 13122969213 T-202 P.003/006 F-713

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

JOYCE COYLE, et al

    Plaintiff

    v.                Case No. 98 L 11151

SUNDSTRAND CORP.,

    Defendant

## AGREED ORDER

This cause coming to be heard upon the motion of Floyd A. Wisner for the release of attorneys' fees, and the Court being advised that Floyd A. Wisner and Donald J. Nolan being in agreement,

IT IS HEREBY ORDERED THAT

The attorneys' fees in the total amount of $51,333 now being held in the Chuhak & Tecson Client Trust Account, pursuant to previous Court Order in this case, shall be immediately paid to Floyd A. Wisner.

_____

Judge William Maddux

ENTERED
JUDGE WILLIAM D. MADDUX-1859

JUN 16 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT B

## (Part 2 of 3 parts)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Linda Marlin Lie, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.:   04 L 000498 |
| | ) | |
| The Boeing Company, a corporation, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter coming before the court for status on the issue related to representation of various plaintiffs in these consolidated matters, and the court having been fully advised in the premises by David Gubbins, previously appointed Friend of The Court; as well as by counsel for plaintiffs herein;

It Is Hereby Ordered:

1.    All Plaintiffs who were subject to the Order of this Court of March 13, 2006 instituting the survey of Plaintiffs for purposes of determining representation have responded, and have made their choice as to legal representation.

2.    The court has previously entered orders for each such plaintiff memorializing that plaintiff's selection of counsel.

3.    The procedure as to representation ordered by the court and implemented by Friend of the Court, David Gubbins, places Donald Nolan Ltd., d/b/a Nolan Law Group and Floyd Wisner, d/b/a Wisner Law Firm in compliance with Illinois Supreme Court Rule 13.

4.    In further implementation of the court's order of March 13, 2006, and in conformity with the selection and designation of counsel by each of the Plaintiffs in these consolidated cases, the court orders as follows:

1

a)    The appearance of Floyd Wisner, d/b/a The Wisner Law Group, is withdrawn for each of the following Plaintiffs. The previously filed appearance of Donald Nolan, Ltd., d/b/a Nolan Law Group, shall remain as attorney for each of the following Plaintiffs:

MRS. BELINDA ADELIN, Special Administrator of the Estate of MR. AGUSTONO DJUNAIDI, deceased, and as Guardian and Next Friend of MS. MABELA NOBEL, a minor, and MS. MARCELLA NOBEL, a minor;

MR. BUDI ASHSIDDIQ MANGGALA, Special Administrator of the Estate of MR. ALDYS ASBIRAN, deceased, and MS. WULANDARI RIZKY THAWAFANY, a minor, and MS. ANDHINY UMRA VERONA, a minor, by their Guardian and Next Friend, MRS. SITI ERNA SRININGSIH;

MS. ADE RINANDA LUBIS, Special Administrator of the Estate of MR. BACHRI SYAHNAN LUBIS, deceased, and MS. FEBRINAFARISYAH LUBIS, a minor, and MS. VIKA DAYANI LUBIS, a minor, by their Guardian and Next Friend, MRS. ADELINA FARIDA DAULAY;

MR. RAJA HERU PERMADI, Special Administrator of the Estate of MR. RAJA DJUMHANA JOHAN, deceased, and MS. RAJA SABRINA ADIATI, a minor, by her Guardian and Next Friend, MRS. ILDAYATI NUR;

MRS. NORIATA BORU LUMBAN TERUAN, Special Administrator of the Estate of MR. DONALD MANAMPIN HUTASOIT, deceased, and as Guardian and Next Friend of MR. LEONER FREDY HUTASOIT, a minor, and MR. LUHUT HUTASOIT, a minor;

MRS. TRIANA SARI, Special Administrator of the Estate of MR. R. HEDDY HADIWINATA, deceased, and as Guardian and Next Friend of MS. ANISAH NURDITASAR, a minor, and MR. MOHAMMAD ARDITYA HADIWINATA, a minor;

MRS. SALMAH AISYAH, Special Administrator of the Estate of MR. ILHAMSYAH OWIE, deceased, and as Guardian and Next Friend of MS. LEDY SOFIA LEONI, a minor, MR. AL KAUTSAR PRAWIRA SAILANOV, a minor, and MS. PUTRI RAUDHATUL ASTARI, a minor;

MR. RICARDO SIMAMORA, Special Administrator of the Estate of MRS. MARTHA MANIK SH., deceased, and as Guardian and Next Friend of MS. SOVIA FEBRINA TAMAULINA SIMAMORA, a minor, MS. GRACE NOTARICA SIMAMORA, a minor, and MS. VANIE DATHANI SIMAMORA, a minor;

MRS. SALIAH, Special Administrator of the Estate of MR. NIMROT HAPOSAN PANJAITAN, deceased, and as Guardian and Next Friend of MS. VERA SARI PANJAITAN, a minor, and MR. DEDI ARISANDI PANJAITAN, a minor;

MRS. KHAIRANI, Special Administrator of the Estate of MR. SUTRISNO, deceased, and as Guardian and Next Friend of MS. DONA RISCHA PRATIWI, a minor, REIDHA ADE JULIANA, a minor, and TRIBOWO SETIAWAN, a minor;

MS. EKA YUNITA, Special Administrator of the Estate of MR. M. SALIM, deceased, and ADE SYAVERA CITRA QORIAH, a minor, by her Guardian and Next Friend, MRS. NURMALA SINAGA;

MRS. ROSMIATI, Special Administrator of the Estate of MR. SABARUDDIN, deceased, and as Guardian and Next Friend of MS. SARI EKAWAIT, a minor, MS. SARI DWIYANTI, a minor, and MS. TRI AYU PUSPITA SARI, a minor;

MRS. ERIKA SITANGGANG, Special Administrator of the Estate of MR. BONAHARA LUMBAN TOBING, deceased, and as Guardian and Next Friend of MS. KRISTIN LUMBAN TOBING, a minor MR. BERRY SML TOBING, a minor, and MS. CHINTYA LUMAN TOBING, a minor;

MRS. INDRAWATI, Special Administrator of the Estate of MR. WARIDI, deceased, and as Guardian and Next Friend of NIA PERMATASARI, a minor;

MRS. NURFACHIYAH NINGSIH, Special Administrator of the Estate of MR. TAHTA YUWALDI, deceased, and as Guardian and Next Friend of ALIEF NOCHTAVIO, a minor, and ACHMED APPRINIKOV, a minor;

MS. PANGESTY ANGGRAENY, Special Administrator of the Estate of MR. SUTOMO, deceased;

MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, and as Guardian and next Friend of AKBAR HIKMAWAN, a minor, and AGUNG NUGRAHA, a minor.

b)      The appearance of Floyd Wisner shall be substituted for that of Nolan Law Group for each of the following Plaintiffs herein:

MS. ELLA MADANELA DWI MUSTIKA, Special Administrator of the Estate of MR. ACHMAD CHOTIB SYAMSUR, deceased, and MS. DITTA MANDELLA DWI R., a minor, by her Guardian and Next Friend, MRS. SUSSY DWI GUSTINI;

MRS. EFNI SYAHRIL, Special Administrator of the Estate of MR. AMIRRUDDIN, deceased, and as Guardian and Next Friend of MS. LATIFA ASHILA ARDANI, a minor;

MR. ADI DHARMAWAN ARDJASOEBRATA, Special Administrator of the Estate of MR. APON RENDI ARDJASOEBRATA, deceased, and of the Estate of MRS. ELLY YULIANI, deceased, and as Guardian and Next Friend of ARDI RIAWAN ARDJA SOEBRATA, a minor;

MRS. ZAHARA AINI BINTI ALI HAMZAH, Special Administrator of the Estate of MR. AMINUDDIN MUHAMMAD, deceased, and as Guardian and Next Friend of MS. LYDIA ANANDA, a minor, and MS. YUNISA PERMATA HATIMI, a minor;

MR. GUNAWAN PRIBADI, Special Administrator of the Estate of MR. BURHANUDDIN, deceased, and BUDI GUANDA, a minor, and TIARA PURNAMA SARI, a minor, by their Guardian and Next Friend, MRS. YUSNANINGSIH;

MRS. YENTI, Special Administrator of the Estate of MR. BAMBANG SISTIYANTO, YSM., deceased, and as Guardian and Next Friend of MS. SESA NOVA PUJAKESUMA, a minor;

MR. IRVAN, Special Administrator of the Estate of MRS. JULLY CHANDRA, deceased, and as Guardian and Next Friend of MR. STEVEN
TANOTO, a minor, and MS. STEPHANIE TANOTO, a minor;
MRS. NURLAELASARI, Special Administrator of the Estate of MR. DIDI ZAKARIA, deceased, and as Guardian and Next Friend of MR. LAZUARDY RAMADHAN ZAKARIA, a minor, and MR. GIOVANNI ANGGRADA ZAKARIA, a minor;

MRS. MARIANA PANGGABEAN, Special Administrator of the Estate of MR. FIRDAUS PANJAITAN, deceased, and as Guardian and Next Friend of MR. DAWNSON MARIUS PANJAITAN, a minor, and MR. DANNY DARIUS PANJAITAN, a minor;

MRS. NENI DWI ASTUTI HUTAGALUNG, Special Administrator of the Estate of MR. MANALUP PARDAMEAN HUTAGALUNG, deceased, and              as Guardian and Next Friend of MR. BONGGAL JORDAN HUTAGALUNG, a minor, MR. GIRGIR SAMUEL HUTAGALUNG, a minor, and MS. RUTH HUTAGALUNG, a minor;

MRS. HOLIDAH WATI LUBIS, Special Administrator of the Estate of MR. ISMED NASUTION, deceased, and as Guardian and Next Friend of MS. KARINA AMELIA NASUTION, a minor;

MR. NURVINA ARFA, Special Administrator of the Estate of MR. KHALIFUL JOHAR, deceased, and MR. MOHAMMAD RAZIEV TANEKA, a minor, and MR. MOHAMMAD QADRI AL KHARANA, a minor, by their Guardian and Next Friend, MRS. SUASRIANA;

MRS.UTRI RAHAYU TEJANINGSIH LIKHOMSATUN, Special Administrator of the Estate of MR. MUSLICH, deceased, and as Guardian and Next Friend of MR. ADIN WAHYU PRATAMA, a minor, and MS. ARMI WINDA PRATIWI, a minor;

MR. PAINGOT MARPAUNG, Special Administrator of the Estate of MRS. MARTHA LUCYA, deceased, and as Guardian and Next Friend of MR. CHRISTIAN PAULUS, a minor, MS. REVINA ESTER TRIANI    MARPAUNG, a minor, and MS. PUSPITA WITRIA MERIKRISTINA, a minor;

MRS. SUARMI, Special Administrator of the Estate of MR. NOKARTO, deceased, and as Guardian and Next Friend of    MR. MUHAMMAD ICHSAN, a minor;

MR. ARJUNA ROUSDHIE, Special Administrator of the Estate of MRS. NURLINA SARI NASUTION, deceased, and as Guardian and Next Friend of FARIDAH AMALIA MANDAGA, a minor;

MRS. YANTI FARIDAH NASUTION, Special Administrator of the Estate of MR. CHAIDIR NASUTION, deceased, and as Guardian and Next Friend of MS. RIDHA PRADHA NASUTION, a minor;

MRS. SRI ROHANI, Special Administrator of the Estate of MR. PURWOKO BIN SUWARNO, deceased, and as Guardian and Next Friend of MS. RYSKA PURNAMASARI, a minor, and MS. SAFIRA APRIANTI BALQIS, a minor;

MS. MARISSA SYLVIA REGINA, Special Administrator of the Estate of MR. RISMAN ANWAR, deceased, and MS. VICKY YULVIAN RINALDI, a minor, by her Guardian and Next Friend, MRS. EVI ADRIANI RISMAN;

6

MR. AMANSYAH SITEPU, Special Administrator of the Estate of MR. RASNASSAIBU SITEPU, deceased;

MRS. SRI ELVI HERIYATI, Special Administrator of the Estate of MR. SUBAKTI, deceased, and as Guardian and Next Friend of TIARA LUKITA DEWI, a minor, and THOMI FALAHAN, a minor;

MS. RORO PUTRI LYSTIA, Special Administrator of the Estate of MRS. RORO SUBANDRIANA, deceased, and MS. RORO DINDA LISTYA, a minor, and MS. RORO DHANIAR ENTYS AYUNINGTIAS, a minor, by their Guardian and Next Friend, MS RORO PUTRI LYSTIA;

YULIE AYU UTARI, Special Administrator of the Estate of MR. SUTARA, deceased, and ASTRID SISKA PRATIWI, a minor, by her Guardian and Next Friend, MRS. HARNINING TIASTUTI;

MRS. SYARIFAH LUBIS, Special Administrator of the Estate of MR. PARULIAN SIMANJUNTAK, deceased, and as Guardian and Next Friend of MS. KHOSALIA DEVI SIMANJUNTAK, a minor;

HJ. SITI JULIANA DALIMUNTHE, Special Administrator of the Estate of MR. IR. ARMEN SYAHPUTRA, deceased, and as Guardian and Next Friend of MS. FITHIA KHARMIMA PUTRI, a minor, and MS. SARAH CHAIRUNNISA ARSY, a minor;

MRS. SUYANTI, Special Administrator of the Estate of MR. SOPIANTO, deceased, and as Guardian and Next Friend of MR. SEPTIAN NUGRAHA, a minor;

CRISTINE CORY ISABELA S., Special Administrator of the Estate of MR. IR. RADJIN JOP SIBERO, deceased;

MR. HANAFI S. GUCIANO, Special Administrator of the Estate of MRS. TITIN AYUASIH SUWANDI, deceased, and as Guardian and Next Friend of MR.PALEMO MAHESA GUCIANO, a minor;

MRS. JULIANA KURNIAWAN, Special Administrator of the Estate of MR. TOSIMIN, deceased, and as Guardian and Next Friend of MR. TENSHIRO, a minor, and MR. SACHIKO INABA, a minor;

MRS. ELIZA MAMINTA WIJAYA, Special Administrator of the Estate of MR. JULIAN MURA WIJAYA, deceased, and as Guardian and Next Friend of MR. KILLIAN MAMINTA WIJAYA, a minor, and MR. RUSSEL MAMINTA WIJAYA, a minor;

IQBAL, Special Administrator of the Estate of MR. IR. MUHAMMAD YAMIN, deceased, and MIRZA MUSTAQIM, a Minor, and MAUDI MAULIZA, a minor, by their Guardian and Next Friend, MRS. ROSDIANA;

MRS. TUTIK HERYANTINAH, Special Administrator of the Estate of MR. YANCE ISKANDAR, deceased, and as Guardian and Next Friend of MS. CLARESTA FEBRISTI, a minor;

MR. ARJUNAIDI MARBUN, Special Administrator of the Estate of MR. MARADEN MARBUN, deceased, and MR. AHMAD FERNANDO MARBUN, a minor, and MR. KARYA SIPANDI MARBUN, a minor, by their Guardian and Next Friend, MRS. SAHINI BANUREA;

MRS. NGTAMI, Special Administrator of the Estate of MR. SYAHRIAL POHAN, deceased, and as Guardian and Next Friend of MS. RIA JELITA POHAN, a minor;

MR. MURSAL, Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, a minor;

MRS. SUMIATI, Special Administrator, of the Estate of MR. SURIPNO, deceased; DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased; RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor; TRI

SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor;

DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased; SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased; and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor;

ANDI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, and as Next Friend of ANDHIKA JUFRI, a minor, and ANZIA JUFRI, a minor;

MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, MR. ROBBY DWI LUKITA, a minor, MR. REZA FEBRY, a minor, and MR. NANDA NOVAL, a minor, by their Guardian and Next Friend, MRS. TENGKU ROSTI HAYATI;

BARBARA SLATER, Administrator of the Estate of CLIVE SLATER, deceased, ALLANA SLATER and CLARE SLATER.

5.    In further implementation of this court's prior orders and consistent with the plaintiffs' choices as to attorney, each of Wisner and Nolan, their employees, co-counsel, agents and representatives is to turn over to David Gubbins *all* file materials relating in any manner to any plaintiff for whom in the case of Nolan, the appearance of Wisner has been substituted, or, in the case of Wisner, his appearance has been withdrawn. All file materials is intended to be interpreted broadly, including but not limited to all client correspondence, correspondence with investigators or representatives concerning client contacts, damage information, and correspondence with defense counsel. Counsel for defendants are ordered to cooperate in implementing the completion of representation transition of counsel and are to provide to David Gubbins any correspondence or information not privileged, in their files, as to any plaintiff for whom Wisner or Nolan is now counsel pursuant to this order.

6.    Information or investigation in any attorney's file related solely to the issue of liability is not within the scope of paragraph 4 and is not required to be turned over.

7.      The Turnover of materials ordered by paragraph 4 shall be completed on
or before June 14, 2006 and each of Wisner and Nolan shall provide an
affidavit to David Gubbins, consistent with the requirements of Illinois
Supreme Court Rule 214, that their turnover and production is complete.

8.      Wisner and Nolan will have a continuing obligation to cooperate with
each other in implementing the terms of this order and assisting in the
prosecution of claims.

9.      All existing claims of Wisner or Nolan for attorney's fees, costs, damages
or monies of any kind as against the above-named plaintiffs, each other or
other counsel or agents representing any plaintiff are not intended to be
affected by this order.

10.     Other than as set forth above, all professional responsibilities, duties and
responsibilities of Floyd A. Wisner and Donald Nolan as to plaintiffs for
whom they no longer have an appearance shall terminate as of the date of
this order.

11.     This matter is set for status before the court at _2:00_ a.m./p.m. on
_6/27_____, 2006, in which time the court will determine if
discovery may proceed. Discovery is to remain stayed until further order
of court.

Ordered:


_____
                Judge




**ORDER**

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater

v.

No. 04 L 2545

Hamilton Sundstrand
et al

### ORDER

This matter coming to be heard on
the trial call for status, due notice
having been given and the court
being fully advised, IT IS Hereby
ordered:

This matter is removed from
the trial call per the stay
previously entered by this court
by order of Judge Maddux on
February 16, 2006.

Atty. No.: 70693
Name: Clued + Town
Atty. for: △ HSC
Address: 30 S Wacker #2600
City/State/Zip: Cly, Il 60606
Telephone: 312 855-5444

ENTERED:

Judge Thomas L. Hogan
MAY 0 2 2006
Circuit Court - 1739

Dated: _____, _____

_____     _____
Judge                Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

*States*

           v.

*Sunstrand, et al.*

No. 04 L 2545

## ORDER

This cause coming before the Court :

☐ **IT IS HEREBY ORDERED** this case is removed from the Black Line Pool of Cases and returned to Judge _____ on Motion Calendar _____.
The case is set for status on _____ at _____ a.m./p.m. **(4619)**
in Courtroom _____. The case is removed from the Pool for a period of six **(8335)**
months or until released pursuant to Law Division General Administrative Order 03-1
Section 1.5(c)(ii).

☐ **IT IS HEREBY ORDERED** this case is resequenced to the bottom of the Black Line Pool of Cases . **(8333)**

☐ **IT IS HEREBY ORDERED** this case is resequenced within the Black Line Pool
of cases to # _____. **(8333)**

☐ **IT IS HEREBY ORDERED** this case is set for trial on _____
at 9:30 a.m. in Courtroom 2005.  ( *FOR USE IF NO STATUS DATE IS GIVEN* ) **(4305)**

**IT IS HEREBY ORDERED** this case is set for trial on _____
at 9:30 a.m. in Courtroom 2005.  ( *FOR USE IF A STATUS DATE IS GIVEN* )

☒ **IT IS HEREBY ORDERED** this case is set for status on 5/2/06 **(4315)**
at 9:00 a.m. in Courtroom 2005.  10:30 am

☐ **IT IS HEREBY ORDERED** this case is set for prove-up on _____
at 9:30 a.m. in Courtroom 2005. **(4247)**

(An order of default having been entered by Judge_____ on _____

against the defendant(s)_____

for having failed to appear or answer)    ( *Notice to be given to the defaulted party* )

Other _____

_____

_____

Atty. No: 33226
Name: ____
Atty. For: N.G.
Address: ____
City: ____
Telephone: ____

Judge Thomas L. Hogan

MAY 0 1 2006

Circuit Court - 1739

ENTER:_____

JUDGE _____

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

**ORDER**

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Barbara Slater

v.

Hamilton Sundstrand Corporation

No. 04 L 2545

### ORDER

This matter coming to be heard on the blackline call and on Hamilton Sundstrand Corporation's Motion to remove from the blackline call per Judge Maddux's order of February 16, 2006 due notice having been given and the court being fully advised, It IS Hereby ordered

1) This matter is removed from the blackline call.

2) This matter is set for status on May 1, 2006 at 9:30 in Room 2005.

Atty. No.: 70693

Name: Chuhak + Tecson

Atty. for: △ HSC

Address: 30 S Wacker

City/State/Zip: Chgo Il 60606

Telephone: 312 - 855 - 5444

ENTERED: **Judge Thomas L. Hogan**

Dated: MAR 2 8 2006

Circuit Court - 1739

Judge                        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LINDA MARLIN LIE, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 04 L 498 |
| | ) | |
| THE BOEING COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This cause arising from a dispute between Floyd Wisner and Nolan Law Group and coming to be heard on this Court's own Motion, **IT IS HEREBY ORDERED:**

The following cases:

*Lie v. Boeing*, 04 L 498

*Coyle v. Sundstrand*, 98 L 11157

*Slater v. Hamilton*, 04 L 2545

*Sumiati v. Sundstrand*, 04 L 13895, 05 L 121, 05 L 141, 05 L 2003, 05 L 3774, 05 L 6485, 05 L 9373

are transferred instanter to Judge William D. Maddux for the limited purpose of resolving three issues: 1) the plaintiffs' choice in representation; 2) the amounts of compensation Floyd Wisner and/or Nolan Law Group is owed in connection with the above-transferred cases; and 3) the review and entry of all future settlement orders pending resolution of issues #1 and #2.

All other issues pertaining to the above-transferred cases are stayed and all future hearing dates not currently in front of Judge Maddux are stricken.

**IT IS FURTHER ORDERED:**

David J. Gubbins, by order and appointment of Judge Maddux on February 1, 2006, Nun Pro Tunc, is appointed Friend of the Court.

Gubbins, at the direction and under the supervision of this Court, is to assist this Court in determining which of the plaintiffs in the above-transferred cases wish to be represented by Nolan Law Group and which plaintiffs wish to be represented by Wisner Law Firm.

Gubbins, at the direction and under the supervision of this Court, will establish two bank accounts. The first account will be strictly used for the deposit of all settlement proceeds of the plaintiffs in the above-transferred cases. The second bank account will be strictly used for the deposit of Nolan Law Group's and/or Wisner Law Firm's Court approved attorneys' fees and expenses in the above-transferred cases.

Gubbins, at the direction and under the supervision of this Court, will transfer all monies presently in Chase Bank account number 2335503948 to the first court-ordered bank account established for the settlement proceeds of all plaintiffs.

Gubbins, at the direction and under the supervision of this Court, will transfer all monies presently in Chase Bank account number 2335503995 to the second court-ordered bank account established for attorneys' fees and expenses.

No withdrawals or disbursement of any monies from either of the two court-ordered bank accounts will be permitted without a Court Order, presented to the bank by Gubbins.

Gubbins, at the direction and under the supervision of this Court, will review any "Agreed Order" presented by Nolan Law Group or Floyd Wisner for review and recommendation prior to the presentation of said "Agreed Order" to this Court.

The Nolan Law Group and Wisner Law Firm will provide Gubbins with the names, addresses, e-mail addresses, telephone numbers, all attorney-client representation agreements,

and all letters of discharge for all plaintiffs in the above-transferred cases on or before February 21, 2006. Additionally, this case is set for status on February 23, 2006 at 4 P.M before Judge Maddux.

Gubbins has the permission of this Court to hire legal consultants and experts for the fulfillment of his duties as Friend of the Court.

Gubbins will bill for his services monthly at an hourly rate of $325 and will bill monthly all costs and expenses incurred. Said attorneys fees and costs will be paid in equal shares by Nolan Law Group and Wisner Law Firm. Any objection with regards to said fees and costs will be heard by Judge Maddux.

Entered:

_____

Judge William D. Maddux

_____
Date

**ENTERED**
JUDGE WILLIAM D. MADDUX • 1559

FEB 1 6 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**ORDER**                                    CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater

v.                                    No. 04 L 2545

Hamilton Sundstrand
Corporation

### ORDER

This matter coming to be heard
before the court on various matters
due notice having been given and the
court being fully advised
    It is Hereby ordered this
matter is extended continued for 90
days until May 15, 2006 at 10:45

Atty. No.: 70693

Name: Coule & Teeson

Atty. for: Δ Hamilton Sundstrand

Address: 30 S Wacker

City/State/Zip: Chy Il 60606

Telephone: 312 895 5444

**JUDGE DONALD J. SURIANO**

ENTERED:    FEB 1 5 2006

Dated: Circuit Court - 1717 ,

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER                                    CCG ...002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati, et al.

v.                                          No. 04 L 13895
                                            (with consolidated
Hamilton Sundstrand Corp.                         matters)

## ORDER

This matter coming before the Court for status on various matters, due notice having been given, and the Court being fully advised:

It is hereby ordered:

1) ~~Consistent~~ Pursuant to the order of the Presiding Judge of the Circuit Court of Cook County Law Division, this matter is stayed ~~for all purposes~~ pending further order of the Presiding Judge of the Law Division.

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
FEB - 1 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: 29143        Shefsky & Froelich
Name: ~~Petitioner~~ Floyd Wisner
Atty. for: Petitioner Floyd Wisner
Address: 111 E. Wacker Dr. # 2800
City/State/Zip: Chicago, IL 60601
Telephone: (312) 527-4000

ENTERED:

Dated: _____

Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JOYCE E. COYLE, Personal Representative )
of the Estate of FRITZ G. BADEN, )
deceased, and Personal Representative )
of the Estate of DJOEMINAH BADEN, )
deceased, )
                                                )
                      Plaintiff, )
                                                )
              -vs- )      Case No. 98 L
                                                )      11157
                                                  )
SUNDSTRAND CORPORATION, )
a corporation, )
                                                )
                      Defendant. )

**<u>AGREED ORDER</u>**

      THIS CAUSE coming to be hearing on the parties Joint Motion to Dismiss and Sever, due notice having been given and the Court being fully advised;

      **IT IS HEREBY ORDERED:**

      *1.*      The case entitled *JOYCE E. COYLE, as Personal Representative of the Estate of FRITZ G. BADEN, deceased, and as Personal Representative of the Estate of DJOEMINAH BADEN, deceased v. Sundstrand Corporation,* Case No. 98 L 011157, is hereby dismissed with prejudice pursuant to settlement; with the court retaining jurisdiction of the $51,332.33 in disputed attorney fees and that Chuhak & Tecson shall retain $51,332.33 in its client trust account to be held until further order of this court on the pending motion of Floyd Wisner to adjudicate attorney's lien as to said amount.

      2.      The case entitled *BARBARA SLATER, as Special Administrator of the*

*Estate of Clive Slater, deceased v. Sundstrand Corporation,* is hereby severed from the case entitled *JOYCE E. COYLE, as Personal Representative of the Estate of FRITZ G. BADEN, deceased, and as Personal Representative of the Estate of DJOEMINAH BADEN, deceased v. Sundstrand Corporation* due to the settlement of the *Coyle* case; and

      3.     The *Slater* case shall continue as Case No. 04 L 002545 for all purposes.

      4.     The court shall retain jurisdiction of the $51,332.33 in disputed attorney fees and that Chuhak & Tecson shall retain $51,332.33 in its client trust account to be held until further order of this court on the pending motion of Floyd Wisner to adjudicate attorney's lien as to said amount.

      5.     This order is without prejudice to Floyd A. Wisner's or the Wisner Law Firm's right to assert any claim for fees and/or costs or any defense to any further claim for fees and/or costs by the Nolan Law Group on any related case.

      6.     This order is without prejudice to Donald J. Nolan's or the Nolan Law Firm's right to assert any claim for fees and/or costs or any defense to any further claim for fees and/or costs by the Wisner Law Firm on any related case.

Enter:   **JUDGE DONALD J. SURIANO**2006

FEB - 6 2006

Judge     **Circuit Court - 1717**    Judge's No.

(#36211)
Donald J. Nolan, Esq.
*NOLAN LAW GROUP*
**Attorneys for Plaintiffs**
20 North Clark Street
30th Floor
Chicago, IL 60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JOYCE E. COYLE, Personal Representative )
of the Estate of FRITZ G. BADEN, )
deceased, and Personal Representative )
of the Estate of DJOEMINAH BADEN, )
deceased, )
                                )
            Plaintiff, )
                                )
         -vs- )      Case No. 98 L 11157
                                )
SUNDSTRAND CORPORATION, a corporation, )
                                )
         Defendant. )

## ORDER TO APPROVE WRONGFUL DEATH SETTLEMENT

THIS MATTER coming to be heard on the Petition to Approve Wrongful Death Settlement and Distribution of Settlement Funds concerning the Estate of DJOEMINAH BADEN, deceased, due notice having been given, and the Court being fully advised in the premises, the Court finds as follows:

1.   The settlement of this wrongful death action for the confidential amount disclosed to the Court is fair and reasonable based upon all the considerations and the approval order of the Circuit Court for the State Of Oregon for the County of Clackamas, Department of Probate, Case No. P97-10-66;

2.   Plaintiffs' counsel is entitled to the contractual attorneys' fees of one-third of the settlement amount and that plaintiffs' counsel and plaintiffs' personal counsel are entitled to reimbursement of their costs in the total amount of $44,496.18, said costs having been approved by the aforesaid

Oregon Probate Court;

*less $25,666.66*

3. Upon receipt of the gross settlement funds and

deduction of attorneys' fees and costs the net amount shall be

distributed directly from Nolan Law Group's client trust account

to the distributees named in the aforesaid Oregon Probate Court's

order in the respective amounts ordered by said court.

IT IS THEREFORE ORDERED that the settlement is approved and

the personal representative is authorized and directed to execute

releases ~~upon receipt of the sum offered~~ and to distribute the

proceeds in accordance with this order.

JUDGE DONALD J. SURIANO2006

ENTER: _____

JAN 19 20

Circuit Court

Judge                    Judge's No.

It is further ordered that Chshak ; Tecson shall
retain $25,666.66 in its client trust account to be
held until further order of this Court on the pending
motion of Floyd Wisner to adjudicate attorney's lien
as to said amount, provided that any rulings by this

(#36211)
Donald J. Nolan, Esq. Court on said motion shall not have a
NOLAN LAW GROUP          preclusive effect on any other action
Attorneys for Plaintiffs pending in the Circuit Court of Cook
20 North Clark Street    County or any other Court.
30th Floor
Chicago, IL   60602   ~~Let's~~It is further ordered that Wisner's
Telephone: 312.630.4000  motion is entered and continued to
Facsimile: 312.630.4011
February 15, 2006 at 10:15am and Chapman; Spingola
is granted leave to file its appearance for Nolan

DOROTHY BROWN, CLERK OF THE COURT OF COOK COUNTY
Law Group

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JOYCE E. COYLE, Personal Representative )
of the Estate of FRITZ G. BADEN,       )
deceased, and Personal Representative  )
of the Estate of DJOEMINAH BADEN,      )
deceased,                              )
                                       )
                    Plaintiff,         )
                                       )
              -vs-                     )    Case No. 98 L 11157
                                       )
SUNDSTRAND CORPORATION, a corporation, )
                                       )
                    Defendant.         )

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

THIS MATTER coming to be heard on the Petition to Approve Wrongful Death Settlement and Distribution of Settlement Funds concerning the Estate of FRITZ G. BADEN, deceased, due notice having been given, and the Court being fully advised in the premises, the Court finds as follows:

1.   The settlement of this wrongful death action for the confidential amount disclosed to the Court is fair and reasonable based upon all the considerations and the approval order of the Circuit Court for the State Of Oregon for the County of Clackamas, Department of Probate, Case No. P97-10-65;

2.   Plaintiffs' counsel is entitled to the contractual attorneys' fees of one-third of the settlement amount and that plaintiffs' counsel and plaintiffs' personal counsel are entitled to reimbursement of their costs in the total amount of $44,496.18, said costs having been approved by the aforesaid

Oregon Probate Court;

less $25,666.67

3.    Upon receipt of the gross settlement funds and

deduction of attorneys' fees and costs the net amount shall be

distributed directly from Nolan Law Group's client trust account

to the distributees named in the aforesaid Oregon Probate Court's

order in the respective amounts ordered by said court.

IT IS THEREFORE ORDERED that the settlement is approved and

the personal representative is authorized and directed to execute

releases ~~upon receipt of the sum offered~~ and to distribute the

proceeds in accordance with this order.

ENTER: _____ JUDGE DONALD J. SURIANO 2006

JAN 18 2006

Circuit Court - 1712

_____        _____
Judge                Judge's No.

→ It is further ordered that Chulak & Tecson shall retain
$25,666.67 in its client trust account ~~of to be held~~ until further
order of this Court on the pending motion of Floyd Wisner to adjudicate
attorney's lien as to said amount, provided that any rulings by
this court on said motion shall not have a preclusive effect on
any other action pending in the Circuit Court of
Cook County or any other Court

(#36211)
Donald J. Nolan, Esq.
NOLAN LAW GROUP
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

It is further ordered that Wisner's
motion is entered and continued to
February 15, 2006 at 10:15am ; and Chapman &
Spingola is granted leave to file its appearance
for Nolan Law Group.

DOROTHY BROWN, CLERK OF THE COURT OF COOK COUNTY

ORDER　　　　　　　　　　　　　　　　　　CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Cargle

v.

Sundstrand

No. 98L15157

## ORDER

This matter comes before the Court on Plaintiffs motion to approve wrongful death settlement and distribution of settlement funds and Floyd Wisner's motion, claiming entitlement to 50% of Nolan Law groups fee earned in this case, the Court being advised

It is ordered these matters are continued to January 18, 2006 at 9:45 am Rm 2201

Judge Michael J. Hogan

JAN 13 2006

Circuit Court - 247

Atty. No.: 36211

Name: Nolan Law group

Atty. for: π

Address: 20 N. Clark St

City/State/Zip: Chgo

Telephone: 312 630 4000

ENTERED:

Dated: _____, ____

_____
Judge　　　　　　　　　　Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Barbara Sliter et al

v.                              No. _04 L 00245_

Hamilton Sundstrand Corporate

### ORDER

This matter coming to be heard on Plaintiffs Motion to compel Nolan Law Group to withdraw as counsel, Defendant's Motion to Extend time for filing its Reply in support of its Motion to Dismiss the Second Amended Complaint & Defendant's Motion to remove the case from the Blackline. It IS HEREBY ORDERED

(1) Plaintiff Motion is entered and continued to February 1, 2006 at 10²²

(2) Defendant's Motion to Extend is continued to February 1, 2006 at 10²²

(3) Defendant's Motion to Remove from the Blackline is Maddux it entered and continued to Judge Wisner having been noted that plaintiff's counsel has no objection to the same Shefsky # &

(4) Attorney Ransom oral motion to file to file Froelich's appearance on behalf of Floyd Wisner is granted, instanter.

Atty. No.: _70693_
Name: _Chuled + Tecson_
Atty. for: _△ HSC_
Address: _30 S Wacler St 2600_
City/State/Zip: _Chg Il 60606_
Telephone: _(312) 555-5444_

ENTERED:

_Judge Michael J. Hogan_
_JAN - 9 2006_
_Circuit Court - 247_

Judge                        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N. 2-300M-1/05-13-4 ORG COPY

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SUMMIT   et al

v.

HAMILTON SUTHERLAND

No. _____ 04 C 1396
(Consolidated with)
05 L 191
05 L 3025
04 L 2774
04 L 0425
04 L 4373

### ORDER

THIS MATTER COMING ON TO BE HEARD ON THIS
COURT'S ORDER, ALL PARTIES BEING REPRESENTING
BY COUNSEL IT IS ORDERED:

) THE MOTION REGARDING CLIENT REPRESENTATION
IS CONTINUED UNTIL FEBRUARY 1, 2006 AT 9:30AM
LAW DISCOVERY IS STAYED SUBJECT TO FURTHER
) ORDER OF COURT.

) Douglas Ramsey + Jeffrey ✓ Froding ARE GRANTED
leave to appear for UINTA.

Atty. No.: _____
Name: _____ COOPER
Atty. for: _____ UINTA LAW GROUP
Address: _____ 285 GRANT
City/State/Zip: _____ 60613
Telephone: _____ 311 80 5438

ENTERED:

Dated: _____

JUDGE IRWIN J. SOLGANICK
JAN - 4 2006
CIRCUIT COURT - 239

Judge _____  Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TOTAL P.02

**ORDER**                                                     CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Barbara Slater

v.                                    No. 04 L 05258

Hamilton Sundstrand Corp.

### ORDER

This cause coming to be heard on the Plaintiff's
Motion to Compel Nolan Law Group to Withdraw as Counsel,
the Court being advised in the premises,

It is hereby ordered that
Nolan Law Group shall file its brief on
reply on or before December 27, 2005,
Plaintiff shall file her reply brief on or
before January 6, 2006

This matter is set for hearing on January 9, 2006
at 2:00 PM, without further notice

It is further ordered that defendants motion to
dismiss previously entered and continued is taken to January 9, 2006
at 2:00 PM, any other motions to respond
previously entered and continued to December 22, 2005 is stricken.

Atty. No.: _____

Name: *Floyd Wisner*                           **ENTERED:**

Atty. for: *Plaintiff*

Address: *930 S 4th St*                         Dated: _____

City/State/Zip: *St Charles IL 60174*

Telephone: *1-630-513-8484*                     Judge                Judge's No.

[Stamp: Judge Michael J. Hogan  DEC 21 2005  Circuit Court - 247]

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(1) MUSTIKA

v.

HAMILTON SUNDSTRAND

(2) ASTRINA

v.

HAMILTON SUNDSTRAND

(3) SISILIANA

v.

HAMILTON SUNDSTRAND

(1)  05 L 3774

(2)  05 L 6485

No. (3) 05 L 9373

**ORDER**

This Cause coming on to be heard on defendant's motion to consolidate the above actions with three other actions previously consolidated for all purposes, including trial, before Judge Solganick, due notice being given, counsel for defendant advising the Court that the motion and this order are agreed, and the Court being advised in the premises, now, therefore,

IT IS HEREBY ORDERED that all of above-captioned actions are consolidated for all purposes, including trial, before Judge Solganick, with Sumiati v. Hamilton Sundstrand, No. 04 L 13895, Mursal v. Hamilton Sundstrand, No. 05 L 121, and Jufri v. Hamilton Sundstrand, No. 05 L 2003, all previously consolidated before Judge Solganick for all purposes, including trial.

Atty. No.: 70693

Name: Mark Stang, Chuhak & Tecson

Atty. for: Defendants

Address: 30 S. Wacker Drive, Ste. 2600

City/State/Zip: Chicago, IL 60606

Telephone: (312) 444-9300

ENTERED:

Dated: _____

Judge _____

**ENTERED**
JUDGE SHARON JOHNSON COLEMAN-1694
NOV 0 4 2005
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                                   CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater

v.                                      No. 04 L 2545

Sundstrand Corporation

### Agreed ORDER

This cause coming before the Court on defendant's motion to dismiss plaintiff's second amended complaint, the Court being fully advised in the premise.

IT IS HEREBY ORDERED:

1) Plaintiff has 28 days to respond to defendant's motion, on or before 12/1/05.

2) Defendant has 14 days to reply to plaintiffs response, on or before 12/15/05.

3) This motion is set for ~~hearing~~ STATUS on December 21, 2005 AT NOON.

Atty. No.: 70693

Name: Chuhak & Tecson

Atty. for: Defendant

Address: 30 South Wacker, Suite 2600

City/State/Zip: Chicago IL 60606

Telephone: 312-1144-9300

**ENTERED:**

**Dated:** _____

Judge Michael J. Hogan
NOV - 3 2005
Circuit Court - 247

**Judge** _____ **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-75M-10/8/04   (43350124)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.

Hamilton Sundstrand
Corporation

No. 04 L 13895

### ORDER

This matter coming to be heard for
status, due notice having been given and
the court being fully advised, It is
Hereby ordered, This matter is
entered and continued for further
status on ~~Dec 5~~ January 4, 2006 at
~~Room~~ at 9:00 AM

Atty. No.: 70693

Name: Cherkat & Tecson

Atty. for: Δ Hamilton Sundstrand

Address: 30 S. Wacker

City/State/Zip: Chgo. IL 60606

Telephone: 312 855-5444

**JUDGE** IRWIN J. SOLGANICK

OCT 31 2005

**CIRCUIT COURT - 239**

ENTERED:

Dated: _____, _____

_____   _____
Judge          Judge's

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle v. Hamilton
Sundshand Corporation

Musticke v. Hamilton
v. Sundshand
Corporation

Ashina v. Hamilton
Sundshand
Corporation

No.

98 L 11157
Musticka 05L3744
Ashina 05L1405

## ORDER

This matter coming to be heard a Plaintiffs Motion to extend, due notice having been given and the court being fully advised, It IS HEREBY ORDERED

1. Defendants Motions to Dismisses based upon forum non conveniens are withdrawn

2. Plaintiffs Motion to extend is withdrawn as moot.

3. The parties are ordered to conduct a mediation in the case of Coyle within 21 days.

Atty. No.: 70693

Name: Chuhak · Tecson

Atty. for: △ Hamilton Sundshand

Address: 30 S. Wacker

City/State/Zip: Cly, IL 60606

Telephone: 312-444-9300

ENTERED:

Dated:

ENTERED
JUDGE WILLIAM D. MADDUX-1559

OCT 04 2005

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(1) Sumiati v Hamilton
                    Sundstrand

(2) Mursal v Hamilton
                    Sundstrand

v.

(3) Jufri v Hamilton
                    Sundstrand

} No. 04 L 13895
       05 L 121
       05 L 2003

## ORDER

This matter coming to be heard for status
due notice having been given and the
court being fully advised, It Is Hereby
ordered:
    This matter is entered and
continued for further status on
October 31, 2005 at 9:00 am.

Atty. No.: 70693

Name: Chuhak & Tecson P.C

Atty. for: Defendant

Address: 30 S. Wacker St 2600

City/State/Zip: Chgo Il 60606

Telephone: 312 855-5444

ENTERED:

JUDGE IRWIN J. SOLGANICK

Dated: _____

SEP 26 2005

CIRCUIT COURT - 239

Judge          Judge's

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**                                              CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater

v.                                  No. 07 L 2545

Sundstrand Corp.

### ORDER

This cause coming to be heard upon plaintiff's motion for leave to file second amended complaint, due notice having been given and the Court having read the briefs and heard the oral arguments of counsel,

It is hereby ordered that plaintiff's motion is granted and plaintiffs are given leave to file their second amended complaint instanter.

It is further ordered that defendant is to answer or otherwise plead to plaintiffs second amended complaint on or before October 19, 2005;

It is further ordered that this matter is set for a status hearing on September 23, 2005 at 10:30 AM

Atty. No.: 36211

Name: Floyd Wisner

Atty. for: Plttfs

Address: 20 N Clark St

City/State/Zip: Chicago IL 60602

Telephone: 312 630 4006

**ENTERED:**

**Dated:**

Judge Michael J. Hogan

SEP 1 4 2005

Circuit Court - 247

**Judge**                          **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(1) Sumiati v. Hamilton Sunstrand

(2) Marsal v. Hamilton Sunstrand

v.

(3) Junki v Hamilton Sunstrand

(1) 04 L 13895
(2) 05 L 21
(3) 05 L 2003

No. _____

### ORDER

This cause coming on to be heard on the motion of Defendant to consolidate the above Actions and for Assignment to a Judge for all matters, including trial, due notice having been given, and the court being advised in the Premises:

It is hereby Ordered that the above Actions Are consolidated for all Purposes, including Trial And Assigned to Judge Solganick

Atty. No.: 70693

Name: William DeYoung

Atty. for: Defendant

Address: 30 S Wacker

City/State/Zip: Chicago

Telephone: (312) 444-9300

ENTERED:

```
ENTERED
JUDGE WILLIAM D. MADDUX-1559
AUG 30 2005
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge _____      Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

Rev. 4/04

*Sumiati*

**Plaintiffs**

)
)
)
)

-v-

*Hamilton Sundstrand*

**Defendants**

)
)
)
)
)

NO: 04-L-013855

Motion Call "E"   Line#: 14

## CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

(8230) _____ 1. **Category #1 (18-mo. discovery)**    (8232) _____ **1A. Category #2 (28 Mo. Discovery)**

(4296) _____ 2. **Written** discovery & 213(f)(1) and (2) **disclosures** to be completed by _____;

(4218) _____ 3. **Oral** discovery & 213(f)(1) and (2) depositions to be completed by _____;

(4218) _____ 4. Treating physicians depositions to be completed by _____;

(4288) _____ 5. Subpoenas for treating physicians deps to be issued by _____;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____;

(4218) _____ 7. _____ shall be presented for deposition by _____;

(4206) _____ 8. **(Plaintiff)(Defendant)(Add. Party)** shall **answer** 213 (f)(3) Interrogatories by _____;

(4218) _____ 9. **Plaintiff's 213(f)(3) witnesses to be deposed** by _____;

(4218) _____ 10. **Defendant's 213(f)(3) witnesses to be deposed** by _____;

(4218) _____ 11. **Add. party's 213(f)(3) witnesses to be deposed** by _____;

(4619) ___X___ 12. The matter is continued for subsequent Case Management Conference on 9/2
at ___11___ AM/PM in Room 2210 for:

(A)_____ Proper Service   (B)_____ Appearance of Defendants   (C)_____ Case Value
(D)_____ Pleadings Status (E)_____ Discovery Status            (F)_____ Pre-Trial/Settlement
(G)_____ Mediation Status (H)_____ Other _____
____Motion on 8/25 Stricken____

(4005) _____ 13. Case is dismissed for want of prosecution.    (4040) _____ The case is voluntarily
dismissed under 735 ILCS 5/2-1009.

NAME: *O Brady Nolan Law*
ADDRESS: *26 N Clark*
PHONE: *312-621-700*
ATTY ID#: *34911*
ATTY FOR PARTY: *π*

ENTER:

AUG 2 8 2008

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS.  FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

ORDER                                          CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater et al

v.

Hamilton Sundstrand Corp.

No. 04 L 2545
Consol. with
98 L 11157

### ORDER

This matter coming to be heard on plaintiffs; Motion for leave to file Second Amended Complaint, due notice having been given and the court being fully advised:

It Is Hereby ordered this matter is entered and continued to September 12, 2005 at 10:45 for hearing.

Atty. No.: 70693
Name: Chule : Terson
Atty. for: D HSC
Address: 30 S. Wacler
City/State/Zip: Chy Il 60606
Telephone: 312 855 5444

ENTERED:

Dated: _____

Judge Michael J. Hogan
AUG 2 4 2005
Circuit Court

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrators of the Estate of CLIVE SLATER, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. 04 L 2545 Consolidated With |
| SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, | ) ) ) ) | Case No. 98 L 11157 |
| Defendant. | ) ) | |

## AGREED ORDER

**THIS MATTER** coming on to be heard before this Court, due and timely notice having been given, and the Court having jurisdiction of the parties and subject matter hereof;

**IT IS HEREBY ORDERED AS FOLLOWS:**

The hearing on Plaintiffs' Revised Motion to File Second Amended Complaint is hereby rescheduled and continued to August 24, 2005, at 11:40 AM, without further notice to the parties.

_____, 2005

**ENTER:**

Attorney No. 36211
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

Judge Michael J. Hogan

AUG 1 0 2005

_____
**Judge**          **Judge's No.**

Circuit Court - 247

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-LAW DIVISION**

Rev. 4/04

_Simlati_

_____,
**Plaintiffs**

-v-

_Hamilton Sundstrand_
_____,
**Defendants**

NO: _04-L-013895_

Motion Call "E"    Line#: _11_

## CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

(8230) _____ 1. **Category #1 (18-mo. discovery)**     (8232)_____ **1A. Category #2 (28 Mo. Discovery)**

(4296) _____ 2. **Written** discovery & 213(f)(1) and (2) **disclosures** to be completed by_____

(4218) _____ 3. **Oral** discovery & 213(f)(1) and (2) depositions to be completed by _____;

(4218) _____ 4. Treating physicians depositions to be completed by _____;

(4288) _____ 5. Subpoenas for treating physicians deps to be issued by _____;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____;

(4218) _____ 7. _____ shall be presented for deposition by _____;

(4206) _____ 8. (Plaintiff)(Defendant)(Add. Party) shall **answer** 213 (f)(3) Interrogatories by_____;

(4218) _____ 9. **Plaintiff's** 213(f)(3) witnesses to be **deposed** by _____;

(4218) _____ 10. **Defendant's** 213(f)(3) witnesses to be **deposed** by _____;

(4218) _____ 11. **Add. party's** 213(f)(3) witnesses to be **deposed** by _____;

(4619) __X__ 12. The matter is continued for subsequent Case Management Conference on _8/26/05_
at __11__ (AM/PM) in Room 2210 for:

(A)_____ Proper Service    (B)_____ Appearance of Defendants    (C)_____ Case Value
(D)_____ Pleadings Status (E)_____ Discovery Status    (F)_____ Pre-Trial/Settlement
(G)_____ Mediation Status (H)_____ Other _____
_____
_____

(4005) _____ 13. Case is dismissed for want of prosecution.    (4040) _____ The case is voluntarily
dismissed under 735 ILCS 5/2-1009.

NAME: _O Brady Nolan Law Group_
ADDRESS: _20 N. Clark St._
PHONE: _312 630 9000_
ATTY ID#: _312 630 9000_
ATTY FOR PARTY: _Pltff_

ENTER: _____

JUL 2 2 2005

Circuit Court -267

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

Order _____

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____

v.                              No. _____

_____

### ORDER

This cause coming to be heard for status on plaintiff's
renewed motion for leave to file a second amended complaint,
due notice having been given and the Court being advised in
the premises

It is hereby ordered that this matter is set for
hearing on August 10, 2005 at 2:00 PM without further
notice

Judge Michael J. Hogan
JUL 18 2005
Circuit Court - 247

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

ENTERED:

_____

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Order** _____ (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JOYCE E. COYLE, et al.
Plaintiffs

v.

No. 98 L 11157
Cons. with 04 L 2545

SUNDSTRAND CORPORATION
and Mr. Mursal v. Sundstrand,
and Mrs. Sumiati v. Sundstrand,

No. 05 L 121
No. 04 L 13895

AGREED ORDER for status

This cause coming on to be heard on defendant's motion to consolidate Sumiati v. Sundstrand, No. 04 L 13895, into Coyle v. Sundstrand, No. 98 L 11157 (Cons with 04 L 2545 - Slater); defendant's motion to reassign cases, Mursal v. Sundstrand, No. 05 L 121, and others, to a single judge, and plaintiff's motion to sever the previous consolidation of Coyle (98 L 11157) and Slater (04 L 254 Counsel for defendant being present, and the Court being advised that the parties have agreed to continue hearings; now, therefore,

IT IS HEREBY ORDERED that hearing on the above-referenced motions is continued by agreement to 8/24/05 at 2:30 p.m., without further notice.

Atty. No.: 70693
Name: Mark A. Stang, Clohck & Tecson
Atty. for: Defendant
Address: 30 S. Wacker, #2600
City/State/Zip: Chicago, IL 60606
Telephone: 312-444-9300

JUDGE WILLIAM MADDUX

ENTERED:
JUL 13 2005

Judge     CIRCUIT COURT - 1560     Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

_cyle et al_
_Sundstrand_      V.      No. _98 L 11 8 1_

## ORDER

This cause coming before the Court :

[X]   IT IS HEREBY ORDERED  this case is removed from the Black Line Pool of Cases
and returned to Judge _____Hogan_____ on Motion Calendar _____
The case is set for status on ___July 18___ at __10⁰⁰__ a.m./p.m.   (4619)
in Courtroom __2201__. The case is removed from the Pool for a period of six   (8335)
months or until released pursuant to Law Division General Administrative Order 03-1
Section 1.5(c)(ii).

[ ]   IT IS HEREBY ORDERED this case is resequenced to the end of the Black Line   (8333)
Pool of Cases .

[ ]   IT IS HEREBY ORDERED this case is resequenced within the Black Line Pool   (8333)
of cases to # _____

[ ]   IT IS HEREBY ORDERED this case is set for trial on _____   (4305)
at 9:30 a.m.  in Courtroom 2005.

[ ]   IT IS HEREBY ORDERED this case is set for status on _____   (4315)
at 9:30 a.m.  in Courtroom 2005.

[ ]   IT IS HEREBY ORDERED this case is set for prove-up on _____   (4247)
at 9:30 a.m.  in Courtroom 2005.

(An order of default having been entered by Judge_____ on _____

against the defendant(s)_____

for having failed to appear or answer)

Other _____

_____

_____

Atty. No: _____
Name: _____
Atty. For: _____
Address: _____
City: _____
Telephone: _____

ENTER:_____

JUDGE

Judge William Maddux
JUN
Circuit Court - 1559

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Order                                                          (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater

v.

Sundstrand Corp.

No. 04L 002548
Cons with
98L 11187

### ORDER

This matter coming on to be heard on the Motion of defendant Sundstrand Corp to Strike Plaintiff Slater Amended for leave to file a Second Amended Complaint, five __ having been granted file __ bear __ on __ IT IS HEREBY ORDER

(1) Defendant Sundstrand Motion to Strike is denied, defendant granted 21 days until 6/27/05 to file their response to Plaintiff Amended Motion to file Second Amended Complaint, party shall have 14 days thereafter to reply by 7/18/05. Set for Status on 7/18/05 at 9:45 Am
J Hogan 2201 6/6 , 05

Atty. No.: 29670
Name: AC Durkin (NLG)
Atty. for: Plaintiff
Address: __ Clark 3000
City/State/Zip: __ Ill 60602
Telephone: __

ENTERED:

_____
Judge

Judge Michael J. Hogan
Judges
JUN - 6 2005
Circuit Court - 247

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRC~~~   COURT OF COOK COUNTY, ILL~~~OIS
COUN~~~ DEPARTMENT-LAW DIVISION
                                                    Rev. 4/04

_Sumathi_                              )
**Plaintiffs**                         )
                                       )
                                       )
   -v-                                 )    NO: __04 L 12.5~~~__
                                       )
_Hamilton Sundstrand_                  )    Motion Call "E"   Line#: __6__
**Defendants**                         )

### CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

**(8230)** _____ 1. **Category #1** (18-mo. discovery)   **(8232)** _____ 1A. **Category #2** (28 Mo. Discovery)

**(4296)** _____ 2. **Written** discovery & 213(f)(1) and (2) **disclosures** to be completed by_____;

**(4218)** _____ 3. **Oral** discovery & 213(f)(1) and (2) depositions to be completed by _____;

**(4218)** _____ 4. Treating physicians depositions to be completed by _____;

**(4288)** _____ 5. Subpoenas for treating physicians deps to be issued by _____;

**(4296)** _____ 6. _____ shall complete outstanding written discovery by _____;

**(4218)** _____ 7. _____ shall be presented for deposition by _____;

**(4206)** _____ 8. (Plaintiff)(Defendant)(Add. Party) shall **answer** 213 (f)(3) Interrogatories by_____;

**(4218)** _____ 9. **Plaintiff's** 213(f)(3) witnesses to be **deposed** by _____;

**(4218)** _____ 10. **Defendant's** 213(f)(3) witnesses to be **deposed** by _____;

**(4218)** _____ 11. **Add. party's** 213(f)(3) witnesses to be **deposed** by _____;

**(4619)** _X_ 12. The matter is continued for subsequent Case Management Conference on _July 22, 2005_
at ___11___ (AM/PM) in Room 2210 for:

(A)_____Proper Service   (B)_____Appearance of Defendants   (C)_____Case Value
(D)_____Pleadings Status  (E)_____Discovery Status           (F)_____Pre-Trial/Settlement
(G)_____Mediation Status  (H)_____Other _____
_____

**(4005)** _____ 13. Case is dismissed for want of prosecution.   **(4040)** _____ The case is voluntarily
                                                    dismissed under 735 ILCS 5/2-1009.

NAME: _Chuhal + Tejwan_
ADDRESS: _30 ~~~_          E N T E R:
PHONE: _~~~_
ATTY ID#: _70693_              MAY 2 0 2005
ATTY FOR PARTY: __△__

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

(Rev. 1/17/01) CCG 0002

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Coyle, etc*

*v.*

*Sunstrand, etc*

*Muesch, etc*

*v.*

*Sunstrand, etc*

*S. Slater, etc*

*v.*

*Sunstrand, etc*

*Sumiati, etc.*

*v.*

*Sunstrand, etc*

No. *88L 11157 consol. w/ 04 L 2545 + 05 L 121 + 04 L 13875*

## ORDER

This cause coming to be heard for Status On the motion To Consolidate and the motion to Sever and the Assignment to a Single Judge for Readiness And the parties representing that the Court ordered mediation will proceed on June 24;

It is hereby Ordered that these motions and the Assignment are continued to July 13, 2005 at 3:00 pm for report after the mediation and further Status.

Atty. No.: 70603

Name: Thursdd Treson (GWR)

Atty. for: △

Address: _____

City/State/Zip: _____

Telephone: 444-9300

**JUDGE WILLIAM MADDUX**

**MAY 18 2005**

**CIRCUIT COURT · 1550**

ENTER:

_____    _____
Judge                        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Cezyle

v.

Hamilton Sundstrand
Corporation

No. 98 L 11157
Consol. with 04 L 25 X 5

## ORDER

This matter coming to be heard on Defendant Hamilton Sundstrand Corporation's Motion to Strike Plaintiff's Motion for leave to Amend, due notice having been given, This matter is extend and continued for hearing on June 6, 2005 at 11:00 in Room 2201.

Atty. No.: 70693
Name: Chili + Teesan
Atty. for: △ HSC
Address: 36 S. Wade
City/State/Zip: Q 91 60603
Telephone: 855-5444

Judge Michael J. Hogan

MAY 13 2005

Circuit Court - 247

ENTERED:

_____
Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

Rev. 4/0

_Suranti_ )
**Plaintiffs** )
)
-v- )
)
NO: _04L 13895_
_Hamilton Sundstrand_ )
**Defendants** )
Motion Call "E"　Line# _6_

## CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

(8230) _____ 1. **Category #1 (18-mo. discovery)**　(8232) _____ 1A. **Category #2 (28 Mo. Discovery**

(4296) _____ 2. <u>Written</u> discovery & **213(f)(1) and (2) disclosures** to be completed by _____

(4218) _____ 3. <u>Oral</u> discovery & **213(f)(1) and (2)** depositions to be completed by _____

(4218) _____ 4. Treating physicians depositions to be completed by _____

(4288) _____ 5. Subpoenas for treating physicians deps to be issued by _____

(4296) _____ 6. _____ shall complete outstanding written discovery by _____

(4218) _____ 7. _____ shall be presented for deposition by _____

(4206) _____ 8. **(Plaintiff)(Defendant)(Add. Party)** shall <u>answer</u> **213 (f)(3)** Interrogatories by_____

(4218) _____ 9. **Plaintiff's 213(f)(3)** witnesses to be <u>deposed</u> by _____

(4218) _____ 10. **Defendant's 213(f)(3)** witnesses to be <u>deposed</u> by _____

(4218) _____ 11. **Add. party's 213(f)(3)** witnesses to be <u>deposed</u> by _____

(4619) _X_ 12. The matter is continued for subsequent Case Management Conference on _May 20_ _2005_
　　at _11_ AM/PM in Room 2210 for:

　　(A)_____ Proper Service　(B)_____ Appearance of Defendants　(C)_____ Case Value
　　(D)_____ Pleadings Status (E)_____ Discovery Status　(F)_____ Pre-Trial/Settlement
　　(G)_____ Mediation Status (H)_____ Other _____

_____

(4005) _____ 13. Case is dismissed for want of prosecution.　(4040) _____ The case is voluntarily
　　　　　dismissed under 735 ILCS 5/2-1009.

NAME: _C Brady Nolan law Group_
ADDRESS: _____
PHONE: _____
ATTY ID#: _____
ATTY FOR PARTY: _π_

Judge Kathy M. Flanagan
**E N T E R :**
APR 1 4 2005
Circuit Court-2057

<u>NOTICE:</u>

☆ <u>**COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**</u>

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH <u>PARTY</u> BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

**Order** (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

consolidated with

Coyle — Slater

v.

Sundstrand — Sundstrand

No. [illegible]

## ORDER

[illegible] status on [illegible] plaintiff's motion for [illegible] defendant's motion for [illegible] It is hereby ordered that defendant [illegible] April 11, 2005, plaintiff [illegible] April 21, 2005, defendant [illegible] April 27, 2005 [illegible] motion [illegible] hearing on April 27, 2005 at 2:00 P.M. without further notice. [illegible] further ordered that defendant's motion for [illegible] defendant [illegible] is [illegible] and continued for decision on defendant's motion for ruling to April 27 2005 at 2:00 P.M. without further notice.

Atty. No.: [illegible]

Name: [illegible]

Atty. for: [illegible]

Address: [illegible] N Clark St

City/State/Zip: Chicago IL 6060[illegible]

Telephone: [illegible]

ENTERED:

Judge Michael J. Hogan
APR - 7 2005
Circuit Court - 247

Judge ______ Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order

(Rev. 9/13/04) CCG 0002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle, etc.

Sunstrand, etc.

Slater v. Sumisti

Sunstrand, etc.    Sunstrand, etc.

No. 04 L 1115 Cons
w/ 04 L 2545
&
05 L 121 &
04 L 13895

### ORDER

This cause coming on to be heard on the Def's motion to consolidate new cases with the Coyle case and on the Pl's motion to sever the Slater case from the Coyle case, It is hereby Ordered that these motions are continued for 45 days to May 18 @ 2:30pm in light of this courts Order that the parties Return to mediation on the Coyle case with that 45 days. Parties to be ready to consult with the mediator by phone during the mediation.

This cause coming on to be heard on the Def's motion to Assign/Reassign new cases, for Relatedness, with all existing cases. It is hereby Ordered that the ~~court will~~ ~~work out an~~ ~~issue for such assignment through trial and advise the parties~~ ~~of such at the May 18 hearing.~~

Atty. No.: 40043
Name: NFP Churhik & Tecson
Atty. for: Defendant
Address: Chicago
City/State/Zip: IL
Telephone: 312 ... 9300

**JUDGE WILLIAM MADDUX**

ENTERED:    MAR 22 2005

**CIRCUIT COURT · 1559**

Judge                     Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT B

## (Part 3 of 3 parts)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-LAW DIVISION**

Rev. 4/04

Claire A Slater

**Plaintiffs**                                                    )
                                                                 )
                                                                 )
-v-                                                              )     NO: _C4   L   002545_
                                                                 )
Sundstrand Corporation                                           )     Motion Call "E"    Line#: _10 B_
**Defendants**                                                   )

## CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

(8230) _____ 1. **Category #1 (18-mo. discovery)**     (8232)_____ **1A. Category #2 (28 Mo. Discovery)**

(4296) _____ 2. **Written** discovery & 213(f)(1) and (2) **disclosures** to be completed by_____:

(4218) _____ 3. **Oral** discovery & 213(f)(1) and (2) depositions to be completed by _____:

(4218) _____ 4. Treating physicians depositions to be completed by _____:

(4288) _____ 5. Subpoenas for treating physicians deps to be issued by _____:

(4296) _____ 6. _____shall complete outstanding written discovery by _____:

(4218) _____ 7. _____ shall be presented for deposition by _____:

(4206) _____ 8. (Plaintiff)(Defendant)(Add. Party) shall **answer** 213 (f)(3) Interrogatories by_____:

(4218) _____ 9. **Plaintiff's 213(f)(3)** witnesses to be **deposed** by _____:

(4218) _____ 10. **Defendant's 213(f)(3)** witnesses to be **deposed** by _____:

(4218) _____ 11. **Add. party's 213(f)(3)** witnesses to be **deposed** by _____:

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on _____
                at _____AM/PM in Room 2210 for:

   (A)_____Proper Service    (B)_____Appearance of Defendants   (C)_____Case Value
   (D)_____Pleadings Status (E)_____Discovery Status            (F)_____Pre-Trial/Settlement
   (G)_____Mediation Status (H)_____Other _Motion to strike Appointment of_
_Claire + Liana Slater is entered and continued to April 19, 2005_
_at 10:00 Am_

(4005) _____ 13. Case is dismissed for want of prosecution.     (4040) _____The case is voluntarily
                                                                 dismissed under 735 ILCS 5/2-1009.

NAME: _Chuhak + Tecson_
ADDRESS: _____
PHONE: _____
ATTY-ID#: _76697_
ATTY FOR PARTY: _Hamilton Sundt_

Judge Kathy M. Flanagan
**ENTER:**
MAR 15 2005
Circuit Court -267

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

Order                                                (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Joyce Coyle

v.                              98 L 01157

Hamilton Sundstrand Corporation     No. Cons with 04 L 2545

### ORDER

This matter coming to be heard on various Motions of Plaintiff and Defendant due notice having been given and the court being fully advised, It Is Hereby ordered:

1) Plaintiff's Motion to Compel Hamilton Sundstrand Dis withdrawn

2) Plaintiff's Motion for ~~a to the~~ Rule to Show Cause against Honeywell is withdrawn

3) Plaintiff withdraws Count II and IV (the Survival Act Counts) of The ~~Second Amended~~ Complaint

4) Plaintiff's Motion for Leave to Amend to file a Second Amended Complaint is entered and continued April 7, 2005 at 9:45.

Atty. No.: 70893

Name: Chute & Teeson

Atty. for: Δ Hamilton Sundstrand Corporation

Address: 30 S. Wacker

City/State/Zip: Chicago IL 60606

Telephone: 312 - 444 - 9300

ENTERED:

Judge Michael J. Hogan
MAR - 8 2005
Circuit Court - 247

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

Rev. 4/04

Mrs Sumiati
**Plaintiffs**

-v-

Hamilton Sundstrand Corporate
**Defendants**

NO: 04 L 13895

Motion Call "E"   Line#: 11(6)

## CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

(8230) _____ 1. **Category #1 (18-mo. discovery)**   (8232) _____ 1A. **Category #2 (28 Mo. Discovery)**

(4296) _____ 2. **Written** discovery & 213(f)(1) and (2) **disclosures** to be completed by_____;

(4218) _____ 3. **Oral** discovery & 213(f)(1) and (2) depositions to be completed by _____;

(4218) _____ 4. Treating physicians depositions to be completed by _____;

(4288) _____ 5. Subpoenas for treating physicians deps to be issued by _____;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____;

(4218) _____ 7. _____ shall be presented for deposition by _____;

(4206) _____ 8. (Plaintiff)(Defendant)(Add. Party) shall **answer** 213 (f)(3) Interrogatories by_____;

(4218) _____ 9. **Plaintiff's 213(f)(3) witnesses to be deposed** by _____;

(4218) _____ 10. **Defendant's 213(f)(3) witnesses to be deposed** by _____;

(4218) _____ 11. **Add. party's 213(f)(3) witnesses to be deposed** by April 14, 200_;

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on ~~April 14 2005~~
      at 9:30 AM/PM in Room 2210 for:

   (A)_____Proper Service   (B)_____Appearance of Defendants   (C)_____Case Value
   (D)_____Pleadings Status  (E)_____Discovery Status            (F)_____Pre-Trial/Settlement
   (G)_____Mediation Status  (H)_____Other
   _____
   _____

(4005) _____ 13. Case is dismissed for want of prosecution.   (4040) _____ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

NAME: Chilak + Tecson
ADDRESS: 30 S. Wacker
PHONE: ____ St 60604
ATTY ID#: 70693
ATTY FOR PARTY: D HSC

ENTER:

MAR 0 4 2005

Circuit Court - 207

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH _PARTY_ BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

**Order**

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# 6

Joyce Coyle

v.

No. _98 L 1157_

Hamilton Sundstrand
Corporation

### ORDER

This matter coming to be heard on
defendant's Motion to set case management
and notice having been given and the
court being fully advised it is
Hereby ordered this matter is entered
and continued to March 8, 2005 at
330.

Atty. No.: _75693_
Name: _Chula + Tecson_
Atty. for: _D Hamilton Sundstrand Corporation_
Address: _30 S. Wacker_
City/State/Zip: _Cg. Il 60606_
Telephone: _312 855-5444_

ENTERED:

_____
Judge

Judge Michael J. Hogan
FEB 2 5 2005
Circuit Court - 247

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sumiati

v.                                    No. _____ 04 L 13895

Hamilton Sundstrand Corporation

### ORDER

This matter coming to be heard on Defendant's
Motion to Consolidate and Plaintiff's Motion to Sever;
due notice having been given and the Court
being fully advised, It Is Hereby ordered:
Δ's Motion to Consolidate and Plaintiff's Motion
to Sever are entered and continued to March
21, 2005 at 4:00 pm without further notice

Atty. No.: 70693

Name: Clark + Tecson

Atty. for: Δ HSC

Address: 30 S Wacker

City/State/Zip: Chy IL 60606

Telephone: 312 - 444 - 9300

JUDGE WILLIAM MADDUX

ENTERED: FEB 22 2005

CIRCUIT COURT • 1559

Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-LAW DIVISION**                    Rev. 4/04

_____ )
_____ )
   **Plaintiffs**         )
                          )
   **-v-**                )      NO: _____
                          )
_____ )
   **Defendants**         )      Motion Call "E"    Line#: _____

## CASE MANAGEMENT ORDER
### (Please check off all pertinent paragraphs and circle proper party name)

**(8230)** _____ 1. **Category #1 (18-mo. discovery)**    **(8232)** _____ **1A. Category #2 (28 Mo. Discovery)**

**(4296)** _____ 2. **Written** discovery & 213(f)(1) and (2) **disclosures** to be completed by _____;

**(4218)** _____ 3. **Oral** discovery & 213(f)(1) and (2) depositions to be completed by _____;

**(4218)** _____ 4. Treating physicians depositions to be completed by _____;

**(4288)** _____ 5. Subpoenas for treating physicians deps to be issued by _____;

**(4296)** _____ 6. _____ shall complete outstanding written discovery by _____;

**(4218)** _____ 7. _____ shall be presented for deposition by _____;

**(4206)** _____ 8. (Plaintiff)(Defendant)(Add. Party) shall **answer** 213 (f)(3) Interrogatories by_____;

**(4218)** _____ 9. **Plaintiff's 213(f)(3)** witnesses to be **deposed** by _____;

**(4218)** _____10. **Defendant's 213(f)(3)** witnesses to be **deposed** by _____;

**(4218)** _____11. **Add. party's 213(f)(3)** witnesses to be **deposed** by _____;

**(4619)** _____12. The matter is continued for subsequent Case Management Conference on _____
       at _____ AM/PM in Room 2210 for:

   (A)_____ Proper Service   (B)_____ Appearance of Defendants   (C)_____ Case Value
   (D)_____ Pleadings Status  (E)_____ Discovery Status   (F)_____ Pre-Trial/Settlement
   (G)_____ Mediation Status  (H)_✓__ Other _A_ _ASC_ _Motion_ _to_ _Strike_ _is_
   _entered_ _and_ _continued_ _to_ _March_ _15,_ _2005_ _at_ _9:30_ _AM_

**(4005)** _____13. Case is dismissed for want of prosecution.    **(4040)** _____ The case is voluntarily
                                                                 dismissed under 735 ILCS 5/2-1009.

**NAME:** _936N3 Chevrolet Terra_
**ADDRESS:** _630 S. Lasalle St_
**PHONE:** _312 855 5474_
**ATTY ID#:** _7069733_
**ATTY FOR PARTY:** _ASC_

Judge Kelly M. Flanagan

FEB 15 2005

Circuit Court -267

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR**
SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL
CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY**
N LINES 2 THROUGH 11 COMPLETED.

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN**
TEN (10) DAYS OF THE INITIAL CMC.

Order

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle

v.

Sundstrand

No.

98 L 11157

04 L 2543

### ORDER

This cause coming to be heard upon the motion of plaintiff to compel as against defendant, due notice having been and the Court being advised in the premises, and upon the motion of plaintiff for a rule to show cause as against Honeywell Corp., due notice having been given and the Court being advised in the premises,

IT is hereby ordered that

1. Counsel for plaintiff and counsel for Honeywell are to have a Rule 201(k) conference within 7 days hereof, or by February 10, 2005;

2. Defendant and Honeywell are to file responses to plaintiff's motions by February 25, 2005;

3. Plaintiff may file a reply by March 4, 2005;

4. A hearing is set on both of plaintiff's motions for March 6, 2005, at 3:30 PM without further notice

Atty. No.: 36211

Name: Floyd Wisner

Atty. for: Plaintiff

Address: 20 N Clark St

City/State/Zip: Chicago IL 60600

Telephone: 312-630-4000

ENTERED:

Judge Michael J. Hogan

FEB - 3 2005

Circuit Court - 2

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle

v.

Hamilton Sundstrand

No. _____ 08 L 1157 _____

### ORDER

This matter coming to be heard on
Motion for leave to file a counter petition to
remand and for costs, notice having
been given and the court being

) *[illegible struck-through text]*

2) This matter is set for status on
plaintiff motion for leave to
amend and ruling on
Defendant Motion to Dismiss
_____ the Court's on March
_____, 2005 at 3:30 pm

Atty. No.: 70693

Name: Coyle + Tresser

Atty. for: D Hamilton Sundstrand

Address: 30 S Wacker

City/State/Zip: Ch Il 60606

Telephone: 312-658-5494

ENTERED:

Judge _____ Judge's No.

Judge Michael J. Hogan
FEB - 3 2005
Circuit Court - 2117

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE ~~~~~~~~~~~~~~~~~~~~~~
COU... DEPARTMENT-LAW DIVISION

_Smit_

**Plaintiffs**

-v-

_Smit Nand Cosporation_

**Defendants**

NO: _04 L 13575_

Motion Call "E"   Line#: _10-17_

### CASE MANAGEMENT ORDER
**(Please check off all pertinent paragraphs and circle proper party name)**

(8230) ____ 1. Category #1 (18-mo. discovery)    (8232)__ __ 1A. Category #2 (28 Mo. Discovery)

(4296) ____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by_____

(4218) ____ 3. Oral discovery & 213(f)(1) and (2) depositions to be completed by _____

(4218) ____ 4. Treating physicians depositions to be completed by _____

(4288) ____ 5. Subpoenas for treating physicians deps to be issued by _____

(4296) ____ 6. _____ shall complete outstanding written discovery by _____

(4218) ____ 7. _____ shall be presented for deposition by _____

(4206) ____ 8. (Plaintiff)(Defendant)(Add. Party) shall answer 213 (f)(3) Interrogatories by_____

(4218) ____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____

(4218) ____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____

(4218) ____ 11. Add. party's 213(f)(3) witnesses to be deposed by _____

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on _____
at ____ AM/PM in Room 2210 for:

(A)____ Proper Service   (B)____ Appearance of Defendants   (C)____ Case Value
(D)____ Pleadings Status (E)____ Discovery Status   (F)____ Pre-Trial/Settlement
(G)____ Mediation Status (H) ✓ Other _____

(4005) ____ 13. Case is dismissed for want of prosecution.   (4040) ____ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

NAME: _____   ENTER:
ADDRESS: _____
PHONE: _____
ATTY ID#: _____   JAN 2 2005
ATTY FOR PARTY: _____

**NOTICE:**

☆ **COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES!!**

☆ **FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.**

☆ **ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.**

☆ **A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF THE INITIAL CMC.**

Order

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_[handwritten caption]_

v.

No. _98 L 011157 Consolidated with 04 L 2545_

### ORDER

_[handwritten order text]_

This matter coming to be heard for status on Δ Motion to Dismiss the Survival Act Counts (Count II and IV) of Plaintiff complaint and/or π Motion for leave to amend, due notice having been given, and the court being fully advised, It is Hereby ordered

1) Plaintiff shall provide all documents relevant to the probate proceeding referenced in its pending motion to amend with 7 days or or before, Jan 30, 2005

2) Defend shall have 21 days thereafter until February 21, 2005 in which to file its response.

3) Plaintiff shall have 7 days until Feb 28, 2005 in which to file its reply, at 2:00 pm

4) This matter is set for Mar 8, 2005 for hearing on plaintiff's motion for leave to amend and ruling on Defendant's Motion to Dismiss Count II and IV regarding the Survival Act

Atty. No.: _70693_

Name: _Chris Turner_

Atty. for: _Δ HBC_

Address: _70 S. Wack_

City/State/Zip: _Chg Il 60606_

Telephone: _263 3600_

ENTERED:

_Judge Michael J. Hogan_
JAN 2 4 2005
Circuit Court - Judge's No. 247

Judge

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                              (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle

v.

Sundstrand Corporation

No. 04 L 63895

### ORDER

This matter coming to be heard on Defendant Hamilton Sundstrand Corporation's Motion to Consolidate due notice having been given and the court being fully advised, It IS Hereby ordered: This matter is entered and continued to February 22, 2005 at 4:00 p.m. before Judge Maddux in Room 2005.

Atty. No.: 70693

Name: Chuhak + Tecson

Atty. for: △ Hamilton Sundstrand Corporation

Address: 30 S Wacker

City/State/Zip: Cl H 60606

Telephone: 312 444-9300

JUDGE WILLIAM MADDUX

JAN 24 2005

ENTERED: CIRCUIT COURT · 1559

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle

v.

Sundstrand

No. _____

### ORDER

This cause coming to be heard on plaintiff's petition for Rule to Show Cause, due notice having been given and the parties being no present.

It is hereby ordered that plaintiff petition is continued until Feb. 3, 2005 at 5:00 without further notice

Judge Michael J. Hogan

JAN 1 3 2005

Circuit Court - 247

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

_____, _____

**ENTERED:**

_____

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Order**          (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle

v.

Sundstrand

No. _Sf L 11152_

Agreed **ORDER**

*This cause coming to be heard on plaintiffs motion to compel, due notice having been given and the court being advised in the premises and the parties being in present,*

*It is ordered that plaintiff's motion is continued to Feb 3, 2005, at 9:00 without further notice*

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

**ENTERED:**

_____

**Judge**         **Judge's No.**

Judge Michael J. Hogan
JAN 1 3 2005
Circuit Court - 247

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order

(Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Boyle et al

v.

Hamilton Sundstrand

No.  04 L 3545
rensolad 4 98 L 115

## ORDER

This matter coming to be heard on Defendant Hamilton Sundstrand Corporation Motion to Dismiss Counts I and III (wrongful death) and Motion to Dismiss Counts II and IV (Survival Act), due notice having been given and the court being fully advised the Court orders as follows:

1) The Motion to Dismiss Count I and III is granted for the reasons stated in open court

2) The Motion to Dismiss Count II and IV is reason entered and continued for the reason stated in open court for status

3) This matter is continued for status on February 24, 2005 at 10:30 at which the plaintiff right to amend will be entertained.

Atty. No.: 76693

Name: Khuli + Teeson

Atty. for: △ HSC

Address: 30 S Wacker

City/State/Zip: Chy Il 60603

Telephone: 312 855-5444.

ENTERED:

Judge Michael J. Hogan

JAN 1 0 2005

Circuit Court - 247

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Order** (Rev. 9/13/04) CCG 0002

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

[illegible]

v.

[illegible]

No. 04 L 11157

**ORDER**

This cause coming on to be heard on Plaintiff's Motion to [illegible] extend [illegible] [illegible] and [illegible] due notice given, the court [illegible],

It is hereby ordered that the Plaintiff's Motion to ~~[illegible]~~ extend [illegible] [illegible] and Order is entered and continued to January 13, 2005, at 9:45 A.M.

Atty. No.: 51201

Name: [illegible]

Atty. for: π

Address: [illegible]

City/State/Zip: [illegible] 60602

Telephone: [illegible] 630 4000

ENTERED:

Judge Michael J. Hogan
DEC 16 2004
Circuit Court - 2047

Judge Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Order** (Rev. 9/13/04) CCG 0002

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

[illegible]

v.

[illegible] Corporation

No. 98 L 11157

**ORDER**

This cause coming on to be heard on the plaintiff's motion [illegible] cause again at the [illegible], [illegible], due notice given, the Court advised in the premises;

It is hereby Ordered that the plaintiff's motion [illegible] to [illegible] January 13, 2005 at 9:15 A.M.

Atty. No.: [illegible]

Name: [illegible]

Atty. for: [illegible]

Address: 20 N Clark

City/State/Zip: Chicago IL [illegible]

Telephone: [illegible]

ENTERED:

Judge Michael J. Hogan

DEC 16 2004

Circuit Court - 247

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI and DIANA POHAN NJO,     )
                                      )
              Plaintiffs,             )
                                      )
              -vs-                    )      Case No.   04L 013895
                                      )                 CALENDAR E
SUNDSTRAND CORPORATION, a             )                 PRODUCT LIABILITY
corporation, now known as HAMILTON    )
SUNDSTRAND CORPORATION,               )
                                      )
              Defendant.              )

## ORDER

THIS MATTER coming on to be heard on plaintiffs' Petition for
Appointment of Special Administrator, the Court being fully advised
in the premises, and having jurisdiction of the parties and subject
matter hereof;

IT IS HEREBY ORDERED that plaintiff, MRS. SUMIATI, be and is
hereby appointed special administrator of the estate of MR.
SURIPNO, deceased, and plaintiff, DIANA POHAN NJO, be and is hereby
appointed special administrator of the estate of ANDY RUDYANTO,
deceased, pursuant to 740 ILCS 180/2.1.

**JUDGE WILLIAM MADDUX**

DEC 1 4 2004

CIRCUIT COURT-1559   2004

NOLAN LAW GROUP
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

ENTER:

_____      _____
Judge                        Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

F

**Order**                                                    **(Rev. 9/13/04) CCG 0002**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Coyle, et al,*

v.

*Sundstrand*

No. 98 L 11157

### ORDER

This cause coming on to be heard on motions of defendant to dismiss the survival counts and wrongful death counts of plaintiffs' complaint, due notice given, the court advised, the issues fully briefed.

It is Hereby Ordered that hearing on both motions are set for oral argument on 12/15/04 at 10:45

Atty. No.: 51201
Name: JAGGER / NEWMLAW
Atty. for: π
Address: 20 N Clark
City/State/Zip: Chgo Il 60602
Telephone: t 203 1000

**ENTERED:**

_____
**Judge**                    Judge Michael J. Hogan

Judge's No.

Circuit Court

2 3 2004

1247

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ORDER**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Coyle v. { Slater
Full Name of plaintiff

v.    v

Sundstrand Corp.    Sundstrand Corp
Full Name of defendant

CSE 98 L 1157
No.
Consolidated with
04 L 254 ( Line #3 )

### ORDER

This cause coming on to be heard for entry of a briefing
schedule on the motion of Dfdt to/for dismiss
Counts III + IV in 04 L 254

IT IS HEREBY ORDERED AS FOLLOWS;
Plaintiff will file response by _N/A_

Defendant will file sur-reply by _11/8/04_

This matter is set for STATUS at noon on _11/23/04_
in room 2601;
The movant will provide the Court ON THE STATUS DAY
with a complete set of courtesy copies of all documents,
including the motion, response, reply, complete deposition
transcripts, complaint (if dismissal is being sought), all exhibits
referred to in any pleadings, copies of all out of state and
Federal cases cited in briefs, et cetera, in conformity with the
Law Division Motion Call Rules
Other: 6.3 - 6.5 The Coyle v Sundstrand
case ( 98 L 1157 ) is set for status on 11/23/04 at 12

Atty. No.
Name: Floyd Wisner    33 N Clark St Chicago, IL 60603
312 630 4000
Atty. for: Plaintiff

Judge Michael J. Hogan
OCT 25 2004
Circuit Court

ENTER:

Court-Annexed Mediation Referral Order   (Form 2)                                    (3/17/04) CCL 0130 A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

#24

_Coyle_

                                    **Plaintiff(s)**          No. 98 L 11157

                        v.                                    04 L 2545

_Sundstrand_

                                    **Defendant(s)**     Judge                    Judge's No.

## COURT-ANNEXED MEDIATION REFERRAL ORDER

(To be completed and filed with the Court, with a courtesy copy delivered to the Court-Annexed Civil Mediation Supervisor, pursuant to Illinois Supreme Court Rule 99 as a mechanism for reporting to the Supreme Court on the mediation program.)

THIS CAUSE coming before the Court pursuant to Cook County Circuit Court Rule 20 for Major Case Court-Annexed Civil Mediation, the Court finds that this cause is eligible for mediation, and IT IS ORDERED;

A.   The following mediator is appointed to serve in this matter:

_____

_____

4420   ☐   By stipulation of all parties;
4421   ☐   By appointment of the Court:  OR
4422   ☒   The parties shall designate a mediator within twenty one (21) days. If the parties are unable to agree upon a mediator, counsel shall promptly so notify the Court and the Court shall appoint a mediator pursuant to Local Rule 20.03(A)(2).

B.   ☒ The parties ☐ Plaintiff ☐ or an attorney agreed upon by all parties shall obtain a date and time for mediation convenient to all.

C.   All parties shall participate in mediation, unless otherwise ordered by the Court.

1.   Trial counsel shall appear at the mediation session, as well as each party or its representative with full authority to enter into a complete compromise and settlement. If insurance is involved, an adjuster with authority to negotiate and recommend settlements may attend. All parties are urged to include interested individuals in the mediation, who might facilitate settlement in the mediation. Lien holders, governmental officials, and others whose approval is necessary or whose interests may be negotiated and compromised in order to reach a full and complete settlement shall attend the mediation session.

2.   The Court may impose sanctions against any party who fails to attend mediation or who violates the terms of this Order.

3.   Not less than ten (10) days prior to the mediation session, each party shall present the mediator with a brief written summary of the case containing a list of all pending and resolved claims and all issues to be addressed in mediation, unless the mediator has requested a different procedure. Any party who wishes all or part of its summary contents to remain confidential shall inform the mediator, in writing, at the time the summary is tendered and shall clearly mark which portions are confidential. The summary shall include the following information:

(i)    The names of all mediation participants;
(ii)   The facts of the occurrence;
(iii)  Opinions on liability;
(iv)  All damage and injury information; and
(v)   Any offers or demands of settlement.

                                                                (OVER)

**Court-Annexed Mediation Order (Form 2)**                    (3/15/04) CCL 0130

4.  All discussions, representations and statements made at the mediation session shall be privileged, consistent with a Confidentiality Agreement, to be signed on behalf of each party prior to commencement of the first mediation session. The Confidentiality Agreement shall be made a part of the case court records.

5.  Each court-appointed mediator shall mediate one (1) case without compensation, pursuant to Cook County Circuit Court Rule 20.08(D). Thereafter, a court-appointed mediator shall be compensated by the parties at the rate of $250.00 per hour unless otherwise agreed to by the mediation and the parties in writing. Each party shall bear mediation costs proportionately.

6.  The mediator has no power to compel or enforce settlement agreements and shall not give legal advice. The parties shall reduce any settlement agreements to writing at the conclusion of the mediation session, which shall be signed by all parties and/or their attorneys.

**D.**  This matter is set for status on ____*October 13*____, ____*13*____ at ____*10*____ a./p.m.
**4423**  for choosing a mediator. The parties need not appear on the above date if the parties have filed a stipulation agreeing to a mediator prior to the status hearing, with courtesy copies having been delivered to the referring Judge and to the Court-Annexed Mediation Supervisor at the Mandatory Arbitration Center at 222 N. LaSalle St., Chicago, Illinois 60601.

**E.**  Mediation shall be completed within seven (7) weeks of the first mediation session unless extended by order of the Court or by stipulation of the parties. If an agreement is reached, it shall be reduced to writing and signed by each of the parties. Following execution of the written settlement agreement by all parties, the parties shall file with the Court, Form 4 (Memorandum of Agreement/No Agreement) and Form 6 (Mediator Report). If the parties have reached no agreement and the mediator concludes that further mediation would not be likely to result in agreement, the mediator shall complete and sign Form 4 (Memorandum of Agreement/No Agreement) and Form 6 (Mediator Report), provide a copy of same to each party, and file the same with the Court.

**F.**  (SELECT ONE)

☒  the parties shall continue discovery while conducting mediation.

☒  Discovery related to ____*these cases*____ shall be stayed until the Post-Mediation Status Hearing set forth below *ruling on the Motion to Dismiss currently pending before Judge Hogan on October 25, 2004*

**G.**  This cause is set for Post-Mediation status on _____, _____, before Judge
**4424**
**or**  _____ or any Judge sitting in his/her stead in Courtroom _____
**4619**  in the Richard J. Daley Center, Chicago, Illinois 60602.

**H.**  The previously set status date of _____, _____ is hereby stricken.
**4304**

**I.**  MISCELLANEOUS ORDERS: _____

```
┌─────────────────────────────┐
│  Judge William Maddux        │
│  ┌───────────────────────┐   │
│  │     SEP 2 2 2004       │   │
│  └───────────────────────┘   │
│     Circuit Court - 1559     │
└─────────────────────────────┘
```

ENTERED:

Dated: _____

_____                    _____
Judge                                        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY. ILLINOIS**

ORDER

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

#24

Joyce E Coyle

v.

Sundstrand Corporation.

No. 98 L 11157
04 L 2545

### ORDER

This matter coming to be heard before the Court on Defendant Hamilton Sundstrand Corporation's Motion to Remove case from Blackline System, due notice having been given and the court being fully advised, It is Hereby ordered: This matter is set for case management before Judge Hogan on October 25th, 2004 at 10:30.

Atty. No. : 70693

Name : Chule Tessa

Atty. for : △ HSC

Address : 20 S Wacker

City/State/Zip : Cgo IL 60603

Telephone : 855·5444

ENTER :

Judge William Maddux

SEP 2 2 2004

Circuit Court - 1559

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-250M 7/26/02 (2248066?)

ORDER

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Slater and J
Coyle

v.

Sundstrand Corporation

No. 04 L 00592 and
98 L - 11157

**ORDER**

This cause, coming to be heard on the status, due notice having been given and the Court being fully advised in the Premises;

IT IS HEREBY ORDERED:

(1) Defendant has 7 days, or, until September 10, 2004, to file its motion to dismiss the wrongful death count;

(2) Plaintiff has 28 days thereafter, or, until October 8, 2004 to file a response to said motion.

(3) Defendant has 14 days thereafter, or, until October 22, 2004 to file a reply in support of said motion.

(4) Defendant's Motions to Dismiss the Survival Act and Wrongful Death counts are set for a clerk status on October 25, 2004 at 12:00 p.m. without further notice.

Atty. No. : 70693

Name : Chiluk Tecson

Atty. for :

Address : 33 N. Dearborn Dr. # 2600

City/State/Zip : Chicago, IL 60654

Telephone : 312 - 427 - 7700

**JUDGE MICHAEL J. HOGAN**

SEP 03 2004

**Circuit Court-247**

ENTER :

_____
Judge

_____
Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Master Calendar Motion Courtrooms Case Management Order                                    (6/10/04) CCL 0601

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SLATER
_____, Plaintiff(s)        } Case No. 04 L XYS

v.

SUNSTRAND
_____, Defendant(s)        } Motion Call "___F___" Line #: _____

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
### (Please check off all pertinent paragraphs and circle proper party name.)

(8230) _____ 1. Category #1 (18 Month Discovery)        (8232)_____ 1a. Category #2 (28 Month Discovery)

(4296) _____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _____;

(4218) _____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____;

(4218) _____ 4. Treating physicians depositions to be completed by _____;

(4288) _____ 5. Subpoenas for treating physicians depositions to be issued by _____;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____;

(4218) _____ 7. _____ shall be presented for deposition by _____;

(4206) _____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____;

(4218) _____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____;

(4218) _____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____;

(4218) _____ 11. Additional party's 213(f)(3) witnesses to be deposed by _____;

(4619) __X__ 12. The matter is continued for subsequent Case Management Conference on ~~status on the motions~~ 9/3/04
at _____ AM/PM in Room _2601_ for:

(A) ___ Proper Service        (B) ___ Appearance of Defendants        (C) ___ Case Value

(D) ___ Pleading Status        (E) ___ Discovery Status        (F) ___ Pre-Trial/Settlement

(G) _X_ Other: _Defendant is given leave to withdraw_
_for answer to the wrongful death counts and interpose_
_a motion to dismiss which will be up for status 9/3 as well._

(4005) _____ 13. Case is dismissed for want of prosecution.(4040) _____ The case is voluntarily dismissed under
735 ILCS 5/2-1009.

## NOTICE:
* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order
  will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must
  have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel
  within 10 (ten) days of the initial Case Management Date.

Atty. No.: 708?

Name: LAWREY/NOLAN

Atty. for: P

Address: 20 N. Clark

City/State/Zip: Chi

Telephone: 312 630 4000

Judge Michael J. Hogan
AUG 18 2004
Circuit Court - 247
Judge's Stamp

ENTERED:

_____          _____
Judge                                          Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, | ) ) ) | |
| Plaintiff, | ) ) | No. 98 L 11157 |
| v. | ) ) | Consolidated with No. 04 L 002545 |
| SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## AGREED ORDER

This cause coming to be hearing on Defendant's Motion to Dismiss, due notice having been given and the Court being fully advised;

**IT IS HEREBY ORDERED:**

1.    Plaintiff is given twenty-eight days, until July 22, 2004, to file a response;

2.    Defendant is given twenty-one days, until August 12, 2004, to file a reply;

3.    ~~Hearing~~ Status on Defendant's Motion to Dismiss is set for August 18, at Noon

4.    cmc set for August 18, 2004 at noon

.....................................................
Judge                         Judge's No.

.....................................................
Date

William F. DeYoung
Loretto M. Kennedy
CHUHAK & TECSON, P.C.
30 South Wacker, Suite 2600
Chicago, IL 60606
(312) 444-9300
Firm I.D:  70693

Judge Michael J. Hogan

JUN 2 4 2004

Circuit Court - 247

491848.1 6/24/2004

**ORDER**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Slater, etc.

v.

Sunstrand, etc.

No. 04 L 002545

(Now Consolidatio
Into:
Coyle, etc.  98 L 1157
v
Sunstand, etc.

**ORDER**

This cause coming on to be heard on Defendants motion to consolidate; due notice having been given, And the Court being fully Apprised In the premises;

It Is Hereby Ordered that the motion is Granted; the Slater v. Sunstrand, etc. (04 L 002545) case is consolidated with the Coyle v. Sunstrand, etc. (98 L 1157) case for Discovery and Trial. Both cases to carry case No. 98 L 1157 and to Remain with Judge Hogan where Coyle sits today.

Atty. No. : **70693**

Name (WFD) Mahde & Tyson

Atty. for : Defendant

Address : 30 S. Wacker

City/State/Zip : Chicago

Telephone : 444-9300

~~JUDGE WILLIAM MADDUX~~

ENTER :    JUN 04 2004

**CIRCUIT COURT - 1559**

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN

# EXHIBIT C

## IN THE UNITED STATES DISTICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ELLA MADANELLA DWI MUSTIKA,
Special Administrator of the Estate of
Achmad Chotib Syamsur, deceased,
NIA ASTRINA, Special Administrator of
the Estate of Agus Salim, deceased, EFNI
SYAHRIL, Special Administrator of the
Estate of Amirruddin, deceased, DIANA
POHAN NJO, Special Administrator of the
Estate of Andy Rudyanto, deceased, ZAHARA
AINI BINTI ALI HAMZAH, Special Administrator
of the Estate of Aminuddin Muhammad, deceased,
GUNAWAN PRIBADI, Special Administrator
of the Estate of Burhanuddin, deceased, YENTI,
Special Administrator of the Estate of Bambang
Sistiyanto, deceased, IRVAN, Special Administrator
of the Estate of Jully Chandra, deceased,
NURLAELASARI, Special Administrator of the
Estate of Didi Zakaria, deceased, MARIANA
PANGGABEAN, Special Administrator of the Estate
of Firdaus Panjaitan, deceased, NENI DWI ASTUTI
HUTAGALUNG, Special Administrator of the Estate
of Manalup Pardamean Hutagalung, deceased, HOLIDAH
WATI LUBIS, Special Administrator of the Estate
of Ismed Nasution, deceased, ANDI JUFRI, Special
Administrator of the Estate of Jufri Abu Bakar,
deceased, NURVINA ARFA, Special Administrator
of the Estate of Khaliful Johar, deceased, UTRI
RAHAYU TEJANSINGSIH LIKHOMSATUN,
Special Administrator of the Estate of Muslich,
deceased, ARJUNAIDI MARBUN, Special
Administrator of the Estate of Maraden Marbun,
deceased, PAINGOT MARPAUNG, Special
Administrator of the Estate of Martha Lucya,
deceased, SUARMI, Special Administrator of
the Estate of Nokarto, deceased, YANTI FARIDAH
NASUTION, Special Administrator of the Estate of
Chaidir Nasution, deceased, SRI ROHANI, Special
Administrator of the Estate of Purwoko bin Suwarno,
deceased, SRI ELVI HERIYATI, Special Administrator
of the Estate of Subakti, deceased, RORO PUTRI
LYSTIA, Special Administrator of the Estate of
Roro Subandriana, deceased, YULIE AYU UTARI,

No.

Filed:: APRIL 16, 2008
08CV2178   J. N.
JUDGE GUZMAN
MAG. JUDGE COX

Special Administrator of the Estate of Sutara, deceased,
SYARIFAH LUBIS, Special Administrator of the
Estate of Parulian Simanjuntak, deceased, BEGENING
BELOW SUMIATI, Special Administrator of the
Estate of Suripno, deceased, NGATMI, Special
Administrator of the Estate of Syahrial Pohan, deceased,
HJ, SITI JULIANA DALIMUNTHE, Special Administrator
of the Estate of Ir. Armen Syahputra, deceased, SUYANTI,
Special Administrator of the Estate of Sopianto, deceased,
HANAFI GUCIANO, Special Administrator of the Estate
of Titin Ayuasih Suwandi, deceased, JULIANA KURNIAWAN,
Special Administrator of the Estate of Tosimin, deceased,
ELIZA MAMINTA WIJAYA and RUSMIN WIJAYA,
Co-Administrators of the Estate of Julian Mura Wijaya,
deceased, IQBAL, Special Administrator of the Estate of
Ir. Muhammad Yasmin, deceased, TUTIK HERYANTINAH,
Special Administrator of the Estate of Yance Iskandar,
deceased, YUDI RELAWANTO, Special Administrator
of the Estate of Widhi Pramesti Tirtaningrum, deceased,
SALMIAH, Special Administrator of the Estate of Zubir
bin Abdulraof, deceased, LINA TARUDDIN, Special
Administrator of the Estate of Jony Taruddin, deceased,
HAJI T.R. MALIKUL, Special Administrator of the
Estate of Darwis, deceased, RADEN HERI SUGIHARTO,
Special Administrator of the Estate of Seslinazti, deceased,
DRA. NUR HAYATI, Special Administrator of the
Estate of Imran Manda Tikupadang, deceased, NURHASNI,
Special Administrator of the Estate of Marlis, deceased,
IR. AGUS IRAWAN, Special Administrator of the Estate
of Retno Winarni, deceased, MIFIE SOERADJIE,
Special Administrator of the Estate of Moeljono Oskan
Soenjoto, deceased, EFFENDI, Special Administrator of
the Estate of Hasnah, deceased, KHAIRUNISAK, Special
Administrator of the Estate of Zulkifli Muhammad,
deceased, WENILA, Special Administrator of the Estate
of Sellaya Siwasangker, deceased, LUDWINA BARISE
DAKHI, Special Administrator of the Estate of Eligius
Anselmus Fa'Atulo Fau, deceased, ROSWITA
TAMBUNAN, Special Administrator of the Estate of
Elferia Siahaan, deceased, EDI JUNAIDI, Special
Administrator of the Estate of Azhari Idris, deceased,
NURLELY, Special Administrator of the Estate of
Lovyta Sari, deceased, BAGINDA NABABAN,
Special Administrator of the Estates of Polin Nababan
and Serilena Sebayang, deceased, HOTMAN BUTAR
BUTAR, Special Administrator of the Estate of Wasinton

Butar Butar, deceased, WILIATER SITUMORANG,
Special Administrator of the Estate of Bergman Situmorang,
deceased, TAUHIDDIAH, Special Administrator of the
Estates of Nurbaidah and Dahlan Ram, deceased, BARISAH,
Special Administrator of the Estate of Sofyan Ahmad, deceased,
HAMID SIREGAR, Special Administrator of the Estate of
Dra. Endang Dwi Putranti Hamid, deceased,

                    Plaintiffs

          v.

HONEYWELL, INTERNATIONAL, a corporation,

                    Defendant

## COMPLAINT

Plaintiffs, through undersigned counsel, for their complaint against defendant

state as follows:

### COUNT I

1. Plaintiff Eliza Maminta Wijaya is a resident of Singapore. The remaining

plaintiffs are residents of Indonesia. Plaintiffs Eliza Maminta Wijaya and Rusmin Wijaya

were appointed Co-Administrators of the Estate of Julian Mura Wijaya by order of a

court in Singapore. The remaining plaintiffs were appointed Special Administrators of

their respective decedents' estates by orders of the Circuit Court of Cook County, Illinois.

All plaintiffs also have been given the authority to act by all the beneficiaries of their

respective decedents' estates on whose behalf this action is brought.

2. Defendant Honeywell, International (hereinafter "Honeywell") is, upon

information and belief, a foreign corporation which does business in this state and

district.

3. This Court has jurisdiction over this action under 28 U.S.C. 1332. This is an action for wrongful death arising from an airplane crash. The amount in issue far exceeds the jurisdictional minimum of this Court as to each plaintiff. Venue is proper in this district under 28 U.S.C. 1391(a).

4. At some time prior to July 1993, Sundstrand Data Control, a division of Sundstrand Corp.(Sundstrand), designed, manufactured, assembled, tested and sold a certain Ground Proximity Warning Computer (GPWC) or Ground Proximity Warning System (GPWS), known as a MKII GPWC or GPWS (MKII). Sundstrand sold one such MKII, serial number 2689, to Airbus Industries and this MKII thereafter was installed in an Airbus A300 aircraft.

5. Sundstrand promised and warranted that the MKII would give timely alerts of approaching terrain to flight crews and thereby avoid air crashes caused by controlled flight into terrain.

6. However, the Sundstrand MKII was defective and unreasonably dangerous at the time it left the control of Sundstrand Data Control in that, among other defects, it failed to give timely aural and visual warnings in areas of precipitous terrain; it failed to give the warnings promised and warranted by Sundstrand; it gave an unreasonable number of false or nuisance warnings which interfered with the safe operation of flights; and it provided a mechanism by which the aural and visual warnings could be inhibited, deactivated or cancelled.

7. Sundstrand negligently failed to warn users of the MKII of these defects and the unreasonably dangerous condition of this product.

8. In July 1993, Sundstrand sold its Sundstrand Data Control division to Allied Signal Co. which later came to be known as defendant Honeywell.

9. Sundstrand states that it did not retain any employees or any records concerning the business of its former division. Rather, it states that all such employees and documents became a part of Honeywell.

10. Subsequent to the sale, Sundstrand states that it has had no involvement with the design, manufacture, sale or servicing of GPWC's or GPWS', including the MKII. Honeywell has completely assumed that former part of Sundstrand's business and, specifically, Honeywell has assumed responsibility for providing customer service and advice concerning products sold by Sundstrand Data Control, including the MKII.

11. Honeywell, through its employees who formerly were employees of Sundstrand, knew of the defective and dangerous condition of the MKII, as of the date of the sale of Sundstrand Data Control to Allied Signal, n/k/a Honeywell.

12 Further, subsequent to its purchase of Sundstrand Data Control, Honeywell acquired additional knowledge of the defective and unreasonably dangerous condition of the MKII.

13. Honeywell owed a duty to users of the MKII to warn of the defective and unreasonably dangerous conditions of that product, to advise as to necessary modifications to the MKII, and to warn and instruct as to the safe and proper operation of the product.

14. In breach of its duty owed, Honeywell negligently failed to warn of the defective and unreasonably dangerous conditions of the MKII, failed to advise as to necessary modifications to the MKII, and failed to warn and instruct as to the safe and

proper operation of the product. Further, instead of correcting the dangerous condition presented by the unreasonably large number of false and nuisance warnings provided by the MKII, Honeywell negligently advised users of the MKII to inhibit, deactivate and cancel warnings, which would include valid warnings, and instructed users of the MKII how to inhibit, deactivate and cancel warnings.

15. On September 26, 1997, the MKII, serial number 2689, was installed and in working condition on an Airbus A300 aircraft being operated by P.T. Garuda Indonesia Airlines as Flight GA 152 from Jakarta to Medan, Indonesia.

16. Plaintiffs' decedents were either fare-paying passengers or flight attendants aboard this aircraft.

17. As the direct and proximate result of one or more negligent acts or omissions by defendant Honeywell, in breach of its duty owed, the subject aircraft was caused to, and did, crash violently into the ground near Medan, Indonesia and, as a consequence thereof, plaintiffs' decedents were killed.

18. Plaintiffs' decedents left surviving minor beneficiaries for whose benefit this action is brought.

19. The minor beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort and companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

20. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendant Honeywell, International for an amount in excess of the jurisdictional minimum of this Court, together with costs and such other damages as may be allowed by law.

/s/ Floyd A. Wisner

_____
Floyd A. Wisner
Attorney for Plaintiffs

Floyd A. Wisner
Wisner Law Firm
934 S 4th St
St Charles, IL 60174
630-513-9434
630-513-6287 (fax)