IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MRS, SUMIATI, et al,

    Plaintiffs

v.                                                              No.

HAMILTON SINDSTRAND CORP., et al,

    Defendant                                                Judge

## PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEYS' FEES

    Plaintiffs Mrs. Sumiati, et al, through their attorney, Floyd A. Wisner, move the Court, pursuant to 28 U.S.C. section 1447, for an Order remanding these consolidated actions to the Circuit Court of Cook County, Illinois and awarding plaintiffs their attorneys' fees for bringing this motion. Defendant improperly removed these consolidated actions under 28 U.S.C. 1441(e)(1) when these consolidated actions were not removable under either sub-section of 1441(e)(1).

    These actions were not removable under 28 U.S.C. section 1441(e)(1)(A) because these actions could not have been brought under 28 U.S.C. section 1369, the Multiparty, Multiforum Jurisdiction Act (MMJA). The MMJA only applies to actions arising from "accidents" occurring after a date 90 days from the effective date of the MMJA on November 2, 2002. The air crash from which these consolidated actions arise occurred on September 26, 1997.

These consolidated actions also were not removable under 28 U.S.C. section 1441(e)(1)(B) as this defendant Hamilton Sundstrand is not a party to an action already pending in this federal district court which is or could have been brought under the MMJA in a U.S. district court. First, the other action upon which defendant bases its removal of these actions, *Mustika v Honeywell Int'l,* no. 08 C 2178, is only brought against Honeywell, Int'l. The defendant is these consolidated actions, Hamilton Sundstrand Corp., is an independent, unrelated corporation and it is not a defendant in the federal *Mustika* action. Second, the *Mustika* action is not, and could not have been, brought under the MMJA against any entity because, as stated above, the air crash from which that action arises occurred years before the effective date of the MMJA.

Defendant's improper removal of these actions also is untimely under section 1446 because this notice of removal was filed *years* after defendant's receipt of the initial pleadings in those actions. (The notice of removal was even filed more than 30 days after plaintiffs filed their Complaint against the independent, separate corporate defendant Honeywell in the *Mustika* action).

Plaintiffs further seek an award of their attorneys' fees under section 1447(c) for bringing this Motion.

Plaintiffs support their accompanying Memorandum In Support of Plaintiffs' Motion to Remand.

s/ Floyd A. Wisner
_____

Floyd A. Wisner
Wisner Law Firm
934 S 4th St
St Charles, IL 60174
1-630-513-9434
1-630-513-6287 (fax)

## Certificate of Service

The undersigned attorney certifies that he served a copy of Plaintiffs' Motion to Remand upon all counsel of record by ECF on June 9, 2008.

s/Floyd A. Wisner
_____